

JAMES M. MALONEY (JM-3352)
Plaintiff *pro se*
33 Bayview Avenue
Port Washington, New York 11050
Telephone: (516) 767-1395

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

JAMES M. MALONEY,

               Plaintiff,

      - against -

ELIOT SPITZER, in his official capacity as Attorney
General of the State of New York, and
DENIS DILLON, in his official capacity as District
Attorney of the County of Nassau, and their successors,

               Defendants.

--------------------------------------------------------------X

**CV** CIVIL COMPLAINT **03 786**

Case No.

SPATT, J.
ORENSTEIN, M.J.
Date filed: _____ , 2003

James M. Maloney, an attorney at law admitted to practice before this Honorable

Court, proceeding *pro se*, as and for his complaint against the above-named defendants in their

official capacity, hereby affirms under penalty of perjury as follows:

## PARTIES

1. At the commencement of this action and at all times hereinafter mentioned, Plaintiff

was and is a natural person, a citizen of the United States, and a resident of the State of New

York, of the County of Nassau, and of this District.

2. At the commencement of this action and at all times hereinafter mentioned,

Defendant ELIOT SPITZER was a natural person and was the Attorney General of the State of

New York, with offices within this District located at Mineola and Hauppauge, and Defendant

DENIS DILLON was a natural person and was the District Attorney of the County of Nassau

(hereinafter, the "District Attorney"), with offices within this District located at Mineola.

## JURISDICTION AND VENUE

3. This action arises under the Constitution of the United States. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and has the power to render declaratory judgment, the only relief sought herein, pursuant to the provisions of 28 U.S.C. § 2201.

4. Venue is properly placed in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b).

## GENERAL BACKGROUND

5. On or about August 24, 2000, Plaintiff possessed in his home one or more martial arts devices known as nunchaku or "chuka sticks," consisting of foot-long wooden sticks connected by a cord, the possession of which is defined as a crime by sections 265.00 *et seq.* of the Penal Law of the State of New York, as more fully appears herein.

6. On or about August 24, 2000, The People of the State of New York charged Plaintiff with one count of criminal possession of a weapon in the fourth degree, a Class A mis-demeanor defined at section 265.01 of the Penal Law of the State of New York, based on Plaintiff's possession within his home of a nunchaku that was seized by Nassau County Police while Plaintiff was absent from his home.

7. The aforementioned criminal charge for possession of a nunchaku was based solely on allegations of simple possession of said nunchaku in Plaintiff's home, and was not supported by any allegations that Plaintiff had: (a) used said nunchaku in the commission of a crime; (b) carried the nunchaku in public; or (c) engaged in any other improper or prohibited conduct in connection with said nunchaku except for such simple possession within his home, nor is any such conduct an element of the defined crime.

8. The aforementioned criminal charge for possession of a nunchaku remained pending against Plaintiff for a period of approximately 29 months, until it was eventually dismissed on

or about January 28, 2003.

9. Upon information and belief, said dismissal was not based on any explicit or implicit recognition by the District Attorney that said statutes, as applied against Plaintiff and defining as a crime the simple possession of nunchaku within one's home, are or were unconstitutional.

## PLAINTIFF'S BACKGROUND AND STANDING TO SUE

10. Plaintiff has been a student of the martial arts since approximately 1975, when he began studying Uechi-Ryu, an Okinawan style of karate, under the tutelage of Vincent Pillari in Fort Lee, New Jersey. Plaintiff has subsequently studied various styles of martial arts, including other Okinawan styles of karate, the Ving Tsun or "Wing Chun" style of kung fu, and aikido. Drawing from these and other influences, Plaintiff formulated his own martial arts style, known as Shafan Ha-Lavan, beginning in 1998. Shafan Ha-Lavan incorporates the use of the nunchaku as an integral and essential part of its training and technique.

11. Since 1975, Plaintiff has trained in a peaceful manner with the nunchaku, and has acquired numerous nunchaku, which are or were his personal property.

12. Plaintiff has never used a nunchaku to inflict harm or physical injury on another human being or on an animal, and has used nunchaku only for socially acceptable purposes within the context of martial arts, and to develop physical dexterity and coordination.

13. Plaintiff first became interested in the nunchaku, and began training with it in 1975, in part because the weapon is particularly effective in defense against an assailant armed with a knife or other sharp instrument, and in part because Plaintiff's father, John Maloney, had been fatally stabbed in 1964, when Plaintiff was five years old.

14. Since 1980, Plaintiff has served honorably as, and remains, a commissioned officer in the U.S. Naval Reserve. From 1986 to 1995, he served as a paramedic in New York City's 911 Emergency Medical Services system, and observed numerous instances of serious injury

or fatality due to wounds inflicted by assailants armed with knives and other sharp instruments.

15. Plaintiff has ties to and roots in the State of New York (including being licensed to practice law in all of the State's courts and in four federal courts sitting therein, consisting of two District Courts, the Court of Appeals for the Second Circuit, and the Court of International Trade) and cannot conveniently relocate, nor does he wish to do so.

16. Because Plaintiff was charged with a Class A misdemeanor for the simple possession of a nunchaku in his own home, and for more than two years lived under the constant threat of being imprisoned for up to one year in punishment therefor, Plaintiff must reasonably either: (1) forgo possession of any nunchaku within his own home; (2) move from the State; or (3) risk being the target of another prosecution for disobeying the same law.

17. Plaintiff accordingly has standing to seek declaratory judgment on the question of the constitutionality of those New York statutes that criminalize the simple possession of nunchaku within one's home, as those statutes have been applied to prosecute Plaintiff.

## THE NUNCHAKU AND ITS REGULATION BY VARIOUS GOVERNMENTS

18. Upon information and belief, the nunchaku was originally an agricultural implement used for threshing rice, and was developed centuries ago for use as a weapon on the island of Okinawa after invading oppressive governments attempted to disarm the people there.

19. Upon information and belief, the nunchaku had already been used as an "arm" or weapon for the common defense, by the citizens' militias of Okinawa, well before the dates of the ratification of the United States Constitution and of the first ten amendments thereto.

20. The nunchaku, unlike most other weapons, including firearms, knives, swords and all other penetrating weapons, is capable of being used in a restrained manner such that an opponent may be subdued without resorting to the use of deadly physical force.

21. The nunchaku, in comparison with most other arms, including firearms, is

relatively safe and innocuous, such that a child or other person untrained in the weapon's proper use would be unable to inflict serious injury upon him- or herself, either accidentally or intentionally.

22. Accordingly, nunchaku kept in the home, even if not secured in a locked compartment, are far less likely to be associated with serious injury or fatality than are most other weapons or even common household objects such as kitchen knives and scissors.

23. Upon information and belief, the States of Connecticut, Massachusetts and Pennsylvania all have enacted statutes defining as a crime the possession of nunchaku in certain places, such as in a vehicle (Connecticut General Statutes § 29-38), on one's person in public areas (Massachusetts General Laws, Chapter 269, § 10), or on school grounds (Pennsylvania Statutes § 13-1317.2(g)).

24. Upon information and belief, no State in the United States, other than New York, has ever defined and prosecuted as a crime the simple possession of nunchaku within one's own home.

25. New York Penal Law § 265.00 (14) (one of two subsections so numbered) defines a "chuka stick" (i.e., nunchaku) in substantial part as follows: "any device designed primarily as a weapon, consisting of two or more lengths of a rigid material joined together by a thong, rope or chain in such a manner as to allow free movement of a portion of the device while held in the hand and capable of being rotated in such a manner as to inflict serious injury upon a person by striking . . ."

26. New York Penal Law §§ 265.01 and 265.02 define the possession of a "chuka stick" (i.e., nunchaku) as a Class A misdemeanor and as a Class D felony, respectively, and make no exception from criminal liability for the simple possession of a nunchaku or "chuka stick" within one's own home. As alleged in paragraphs 6 through 8, *supra*, the District Attorney interpreted § 265.01 as reaching such simple possession in prosecuting Plaintiff.

## FIRST CAUSE OF ACTION

27. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 26 as if fully set forth herein.

28. New York Penal Law §§ 265.00 through 265.02, to the extent that said statutes criminalize the simple possession of nunchaku within one's home, unjustly restrain and deprive Plaintiff and other residents of New York from pursuing and obtaining happiness and safety.

## SECOND CAUSE OF ACTION

29. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 28 as if fully set forth herein.

30. New York Penal Law §§ 265.00 through 265.02, to the extent that said statutes criminalize the practice and display of nunchaku-based martial arts, violate the provisions of the First Amendment of the Constitution of the United States.

## THIRD CAUSE OF ACTION

31. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 30 as if fully set forth herein.

32. New York Penal Law §§ 265.00 through 265.02, to the extent that said statutes criminalize the simple possession of nunchaku within one's home, violate the provisions of the Second Amendment of the Constitution of the United States.

## FOURTH CAUSE OF ACTION

33. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 32 as if fully set forth herein.

34. New York Penal Law §§ 265.00 through 265.02, to the extent that said statutes criminalize the simple possession of nunchaku within one's home and thereby constitute a regulatory taking of private property without just compensation, violate the provisions of the Fifth Amendment of the Constitution of the United States.

## FIFTH CAUSE OF ACTION

35. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 34 as if fully set forth herein.

36. New York Penal Law §§ 265.00 through 265.02, to the extent that said statutes, together with provisions in Article 70 of the Penal Law, permit or require the imposition of unduly harsh penalties for the simple possession of nunchaku within one's home, violate the provisions of the Eighth Amendment of the Constitution of the United States.

## SIXTH CAUSE OF ACTION

37. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 36 as if fully set forth herein.

38. New York Penal Law §§ 265.00 through 265.02, to the extent that said statutes criminalize the simple possession of nunchaku within one's home and the peaceful use of such nunchaku therein, violate the provisions of the Ninth Amendment of the Constitution of the United States.

## SEVENTH CAUSE OF ACTION

39. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 38 as if fully set forth herein.

40. New York Penal Law §§ 265.00 through 265.02, to the extent that said statutes criminalize the simple possession of nunchaku within one's home, violate the provisions of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

## EIGHTH CAUSE OF ACTION

41. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 40 as if fully set forth herein.

42. New York Penal Law §§ 265.00 through 265.02, to the extent that said statutes criminalize the simple possession of nunchaku within one's home and do so without a rational

basis for furthering any legitimate state interest, violate the provisions of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

### NINTH CAUSE OF ACTION

43.  Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs 1 through 42 as if fully set forth herein.

44. New York Penal Law §§ 265.00 through 265.02, to the extent that said statutes criminalize the simple possession of nunchaku within one's home, violate the provisions of the Privileges and Immunities Clause of the Fourteenth Amendment of the Constitution of the United States.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)    assume jurisdiction over this action; and

(2)    declare that those portions of sections 265.00 through 265.02 of the New York Penal Law that define and punish as a crime the simple possession of nunchaku within one's home are unconstitutional and of no force and effect.

Plaintiff additionally prays for such other, further, and different relief as this Court may deem just and proper.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements of fact are true and correct to the best of my knowledge.

Dated:        Port Washington, New York
              February 18, 2003

JAMES M. MALONEY (JM-3352)
Plaintiff *pro se*
33 Bayview Avenue
Port Washington, New York 11050
(516) 767-1395
jmm257@nyu.edu
http://homepages.nyu.edu/ ~ jmm257

8