UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAMES M. MALONEY,

        Plaintiff,

- against -   **Rule 56.1 Statement**

ELIOT SPITZER, in his official capacity as   CV 03-786 (ADS) (MLO)
Attorney General of the State of New York, and his
successors,

        Defendants.
-------------------------------------------------------------------X

      Plaintiff, in contemplation of a Rule 56 motion for summary judgment and in keeping with Judge Spatt's Individual Rule IV(C)(i) and with Local Rule 56.1, hereby submits this statement of undisputed material facts:

      1. On or about August 24, 2000, Plaintiff possessed in his home one or more martial arts devices known as nunchaku or "chuka sticks." *See* Accusatory instrument dated 8/24/00, produced to Defendant by hand on October 16, 2003 (stamped # 0001).

      2. On or about August 24, 2000, The People of the State of New York charged Plaintiff with one count of criminal possession of a weapon in the fourth degree, a Class A misdemeanor defined at section 265.01 of the Penal Law of the State of New York, based on Plaintiff's possession within his home of a nunchaku. *See* Accusatory instrument dated 8/24/00, produced to Defendant by hand on October 16, 2003 (stamped # 0001).

      3. The aforementioned criminal charge for possession of a nunchaku was based solely on allegations of simple possession of said nunchaku in Plaintiff's home. *See* Accusatory instrument dated 8/24/00, produced to Defendant by hand on October 16, 2003 (stamped # 0001).

      4. The aforementioned criminal charge for possession of a nunchaku was not supported by any allegations that Plaintiff had: (a) used said nunchaku in the commission of a crime; (b) carried the nunchaku in public; or (c) engaged in any other improper or prohibited conduct in connection with said nunchaku except for such simple possession within his home, nor is any such conduct an element of the defined crime. *See* Accusatory instrument dated 8/24/00, produced to Defendant by hand on October 16, 2003 (stamped # 0001); section 265.01 of the Penal Law of the State of New York.

5. The aforementioned criminal charge for possession of a nunchaku remained pending against Plaintiff for a period of approximately 29 months, until it was eventually dismissed on or about January 28, 2003.  *See* Transcript of proceedings of 1/28/03.

6. In 2000 and 2002, Defendant reached settlements with two out-of-state martial arts equipment suppliers (family Defense Products of Ocala, Florida, and Bud-K Worldwide, Inc., of Moultrie, Georgia, respectively), which had supplied nunchaku to New York residents by mail order and Internet sales.  The terms of settlement included the requirements that the companies provide Defendant with a list of New York customers who had purchased "illegal" weapons from the companies and that the companies deliver written notice to their New York customers advising them to surrender their "illegal" weapons to law enforcement agencies.  *See* OAG Press Release dated 10/17/02, produced to Defendant by hand on October 16, 2003 (stamped # 0009-0010) (additional copy showing fax production by OAG supplied).

7. The nunchaku had already been used as an "arm" or weapon for the common defense, by the citizens' militias of Okinawa, well before the dates of the ratification of the United States Constitution and of the first ten amendments thereto.  *See, e.g.,* Article from *Social Praxis* 1974, produced to Defendant by hand on October 16, 2003 (stamped # 0009-0010).

Dated:       Port Washington, New York
             May 11, 2004

                                  _____
                                  JAMES M. MALONEY (JM-3352)
                                  Plaintiff *pro se*
                                  Law Office of James M. Maloney
                                  33 Bayview Avenue
                                  Port Washington, New York 11050

                                  (516)767-1395

TO:

Dorothy Oehler Nese, Esq.
Assistant Attorney General, State of New York
200 Old Country Road, Suite 460
Mineola, NY 11501

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JAMES M. MALONEY,

        Plaintiff,                                          CV 03-786  (ADS) (MLO)

  - against -

ELIOT SPITZER, in his official capacity as
Attorney General of the State of New York, and his
successors,

        Defendants.

-----------------------------------------------------------------X

## AFFIRMATION OF SERVICE

I, James M. Maloney, an attorney at law admitted to practice before this Honorable Court, hereby certify under penalty of perjury as follows:

On the 13th day of May, 2004, I served a true copy of the within

## RULE 56.1 STATEMENT

upon the attorneys for the Defendants by depositing a true copy of said document, securely wrapped in a postpaid envelope and addressed to said attorneys at the below address:

        Dorothy Oehler Nese, Esq.
        Assistant Attorney General, State of New York
        200 Old Country Road, Suite 460
        Mineola, NY 11501

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:      May 13, 2004
              Port Washington, New York

                                          JAMES M. MALONEY (JM-3352)