ORIGINAL

UNITED STATES DISTRICT COUR
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JAMES M. MALONEY,

                                    Plaintiff,

                                      CV 03 -786

                    -against-

                                      (Spatt, J.)
                                      (Wall, M.)

ELIOT SPITZER, in his official capacity as Attorney General of the
State of New York, and his successors,

                                    Defendants.
------------------------------------------------------------------------X

COUNTER-STATEMENT
PURSUANT TO F.R.C.P. RULE 56.1

        Defendant ELIOT SPITZER hereby submits the following Counter-Statement to Plaintiff's Rule 56.1 Statement:

        1.     Defendant does not dispute ¶ 1 of Plaintiff's Statement of Undisputed Material Facts, pursuant to F.R.C.P. Rule 56.1 but respectfully refers the Court to the definition of "chuka stick" set forth in Penal Law § 265.00(14). *See* Counter-Statement "J", *infra*.

        2.     Defendant disputes ¶ 2 of Plaintiff's Statement of Undisputed Material Facts, pursuant to F.R.C.P. Rule 56.1. *See* Counter-Statements "A" and "B", *infra*.

        3.     Defendant does not dispute ¶ 3 of Plaintiff's Statement of Undisputed Material Facts, pursuant to F.R.C.P. Rule 56.1.

        4.     Defendant does not dispute ¶ 4 of Plaintiff's Statement of Undisputed Material Facts, pursuant to F.R.C.P. Rule 56.1.

        5.     Defendant does not dispute ¶ 5 of Plaintiff's Statement of Undisputed

Material Facts, pursuant to F.R.C.P. Rule 56.1.

   6. Defendant does not dispute ¶ 6 of Plaintiff's Statement of Undisputed Material Facts, pursuant to F.R.C.P. Rule 56.1.

   7. Defendant does not dispute ¶ 7 of Plaintiff's Statement of Undisputed Material Facts, pursuant to F.R.C.P. Rule 56.1; however, Defendant maintains that any use of nunchuks on Okinawa in the late 1700's was unknown to the drafters of the United States Constitution and furthermore, that such use of nunchuks on Okinawa during the eighteenth century is irrelevant to any interpretation of the Second Amendment.

DEFENDANT'S COUNTER-STATEMENTS OF MATERIAL FACT

   A Plaintiff was not charged with one violation of the Penal Law; Plaintiff was charged with six violations of the Penal Law in connection with the incident giving rise to this complaint. *See* Transcript of Plea Allocution on January 28, 2003, before Hon. Thomas Feinman, District Court of the County of Nassau, First District Part: Criminal, docket # 2000NA017920.

   B. The Accusatory Instrument cited by Plaintiff in support of Statements of Material Fact in ¶¶ 1 - 4 specifically charges Plaintiff with possession of "an illegal weapon, chuka sticks", in violation of Penal Law § 265.01 subd. 1. *See* Accusatory Instrument, sworn to on August 24, 2000, bearing Blotter/CC No.: PW-007669-00, returnable at District Court of Nassau County, First District Arraignment Part, return date 8/24/2000.

   C. On January 28, 2003, Plaintiff pled guilty to one count of disorderly conduct, pursuant to Penal Law § 240.20 (7), acknowledging that on August 23, 2000 at 2:03 p.m. at 33 Bayview Avenue, Port Washington, New York, he engaged in disorderly conduct with

a .38 caliber revolver. *See* Transcript of Plea Allocution on January 28, 2003, before Hon. Thomas Feinman, District Court of the County of Nassau, First District Part: Criminal, docket # 2000NA017920.

        D.      In connection with that plea of guilty, Plaintiff consented to the destruction of the illegal weapons, including the chuka sticks, that had been confiscated during his arrest on August 23, 2000. *See* Transcript of Plea Allocution on January 28, 2003, before Hon. Thomas Feinman, District Court of the County of Nassau, First District Part: Criminal, docket # 2000NA017920.

        E.      With the conditions of consent of forfeiture and the destruction of the illegal weapons, Plaintiff pled guilty to one count of disorderly conduct, pursuant to Penal Law § 240.20 (7) and received a conditional discharge pursuant to Penal Law § 65.10, in satisfaction of all other charges then pending before the court and in addition, Plaintiff received aggregate fines of $310. *See* Transcript of Plea Allocution on January 28, 2003, before Hon. Thomas Feinman, District Court of the County of Nassau, First District Part: Criminal, docket # 2000NA017920.

        F.      Plaintiff has not alleged that these confiscated nunchuks still exist and that the nunchuks were not, in fact, destroyed, in accordance with his plea agreement. *See* Complaint.

        G.      Plaintiff has not alleged that he is planning to acquire or purchase nunchuks, or that he currently owns nunchuks. *See* Complaint.

        H.      Plaintiff has not alleged that a militia exists in the United States, to which he belongs as a member. *See* Complaint.

        I.      Plaintiff has not alleged that if such militia exists in the United States, that nunchuks have ever been weapons of choice for any such militia. *See* Complaint.

    J. "Chuka Stick" is defined as any device designed primarily as a weapon, consisting of two or more lengths of a rigid material joined together by a thong, rope or chain in such a manner as to allow free movement of a portion of the device while held in the hand and capable of being rotated in such a manner as to inflict serious injury upon a person by striking or choking. These devices are also known as nunchakus and centrifugal force sticks. *See* Penal Law § 265.00 subd. (14) (McKinney's 2004).

    K. Plaintiff did not challenge the constitutionality of this statute in the context of the disposition of the criminal charges pending against him. *See* Transcript of Plea Allocution on January 28, 2003, before Hon. Thomas Feinman, District Court of the County of Nassau, First District Part: Criminal, docket # 2000NA017920.

Dated: Mineola, New York
    June 8, 2004

              ELIOT SPITZER
              Attorney General of the State of New York

          By: *[signature]*
              Dorothy Oehler Nese (DON9327)
              Assistant Attorney General, of counsel
              200 Old Country Road, Suite 460
              Mineola, New York 11501
              (516) 248 - 3302

UNITED STATES DISTRICT COUR
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
JAMES M. MALONEY,

                                        Plaintiff,

                                                                                                 CV 03 -786

                          -against-

                                                                                                 (Spatt, J.)
                                                                                                                            (Wall, M.)

ELIOT SPITZER, in his official capacity as Attorney General of the
State of New York, and his successors,

                                         Defendants.
-------------------------------------------------------------------------------X

                                 AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                                     s.s.:
COUNTY OF NASSAU     )

        Andree Jean Baptiste, being duly sworn, deposes and says that:
        I am a Temporary Secretary employed by the New York State Attorney General's Office, Nassau County Regional Office. On the 8th day of June, 2004, I served the within Counter-Statement Pursuant to FRCP Rule 56.1, upon:

                James M. Maloney
                Attorney at Law and Plaintiff *pro se*
                33 Bayview Avenue
                Port Washington, New York 12224-0341

by depositing a true and correct copy of same thereof, properly enclosed in a post-paid wrapper, in a post-office box regularly maintained by the Government of the United States at 200 Old Country Road, Mineola, New York 11501, directed to said party at the address so designated for that purpose.

                                                                               _____
                                                                               Andree Jean Baptiste

Sworn to before me this
8th Day of June, 2004

_____
DOROTHY OEHLER NESE
Assistant Attorney General