**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------X
JAMES M. MALONEY,

                      Plaintiffs,

-against-

ANDREW CUOMO, in his official capacity as
Attorney General of the State of New York, ELIOT
SPITZER, in his official capacity as Governor of
the State of New York, and KATHLEEN A. RICE,
in her official capacity as District Attorney of the
County of Nassau, and their successors,

                      Defendants.
----------------------------------------------------X

**ORDER**
03 CV 0786 (ADS)(MLO)

**APPEARANCES:**

**JAMES M. MALONEY**
Plaintiff Pro Se
33 Bayview Avenue
Port Washington, New York 11050

**ANDREW CUOMO**
**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**
Attorneys for the State Defendants
200 Old County Road, Suite 460
Mineola, New York 11545-1403
       By:    Assistant Attorney General, Dorothy O. Nese

**LORNA B. GOODMAN**
**NASSAU COUNTY ATTORNEY'S OFFICE**
Attorney for the District Attorney
One West Street
Mineola, New York 11051
       By:    Deputy County Attorney, Liora M. Ben-Sorek
                Deputy County Attorney Tatum J. Fox

**SPATT, District J.**

In this action, James M. Maloney alleges that New York State's prohibition of the possession of "nunchaku," a hand-held weapon comprised of two short sticks of equal length joined by a rope or a chain, also referred to as "chuka sticks" or "nun-chuks," violates the United States Constitution. On January 17, 2007, the Court granted the State Defendants' motion to dismiss the amended complaint, and granted the District Attorney's motion for judgment on the pleadings. The amended complaint was dismissed against all defendants. Presently before the Court is the plaintiff's motion for reconsideration of the Memorandum of Decision and Order, dated January 17, 2007, pursuant to Local Rule 6.3

Pursuant to Local Rule 6.3, a party may request reconsideration if counsel believes that there are "matters or controlling decisions" that the Court overlooked. Local Rule 6.3; see also Hertzner v. Henderson, 292 F.3d 302, 303 (2d Cir. 2002); Yurman Design Inc. v. Shieler Trading Corp., No. 99 Civ. 9307, 2003 WL 22047849, at *1 (S.D.N.Y. Aug. 28, 2003). "A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." In re Worldcom, Inc. Sec. Litig., 308 F. Supp. 2d 214, 224 (S.D.N.Y. 2004); Colodney v. Continuum Health Partners, Inc., No.

2

03-7276, 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004); see also In Re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003).

A motion for reconsideration is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." Dellefave v. Access Temps., Inc., No. 99 Civ. 6098, 2001 WL 286771, at *1, 2001 U.S. Dist. LEXIS 3165, at *1 (S.D.N.Y. Mar. 22, 2001); see also Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995) (stating that reconsideration "should not be granted where the moving party seeks solely to re-litigate an issue already decided"); In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y.1996) (stating that a Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved").

The plaintiff argues that the Court overlooked the part of the amended complaint alleging that New York's criminalization of the in-home possession of nunchaku violate (1) "those rights recognized under the doctrine [of] substantive due process"; (2) "those rights recognized by the United States Supreme Court in Lawrence v. Texas, 123 S. Ct. 2472 (2003)"; (3) "those rights guaranteed by the Fourteenth Amendment"; and (4) "those rights the existence of which may be drawn inferentially ("penumbras and emanations") from a reading of the first eight amendments to the Constitution of the United States and/or the Declaration of Independence."

Here, the plaintiff failed to meet the high burden required for reconsideration. The right to privacy, whether as defined under the doctrine of substantive due process; as discussed in Lawrence; as guaranteed by the Fourteenth Amendment; or as drawn inferentially from the first eight amendments to the Constitution, does not provide the plaintiff with a constitutional right to possess nunchuku within his home. See Bowers v. Hardwick, 478 U.S. 186, 195, 106 S. Ct. 2841, 2846, 92 L. Ed. 2d 140 (1986) ("[O]therwise illegal conduct is not always immunized whenever it occurs in the home."), overruled on other grounds by Lawrence, 539 U.S. at 578, 123 S. Ct. at 2484; Stanley v. Georgia, 394 U.S. 557, 568 n.11, 89 S. Ct. 1243, 1250 n.11, 22 L. Ed. 2d 542 (1969) (invalidating a State's attempt to make mere private possession of obscene material a crime, but stating that the ruling "in no way infringes upon the power of the State or Federal Government to make possession of other items, such as narcotics, firearms, or stolen goods, a crime."); Scope, Inc. v. Pataki, 386 F. Supp. 2d 184, 193-94 (W.D.N.Y. 2005) (rejecting privacy challenge to the constitutionality of a New York State statute pertaining to the sale of guns and the creation of database for guns sold in the state); Fresno Rifle & Pistol Club, Inc. v. Van de Kamp, 746 F. Supp. 1415, 1419-20 (E.D.Cal. 1990) (noting that the right to privacy has "never been extended to the private citizen [a] right to possess weapons"; rejecting privacy challenge to the validity of California statutes regulating the manufacture and transfer of assault weapons); cf. Crowley Cutlery Co. v. United States, 849 F.2d 273, 278 (7th

Cir. 1988) ("Switchblade knives are dangerous, and the due process clause [of the Fifth Amendment] does not forbid the banning of dangerous products."); Nat'l Org. for Reform of Marijuana Laws (NORML) v. Bell, 488 F. Supp. 123, 132-33 (D.D.C. 1980) (rejecting the argument that the right of privacy in general and privacy in the home forbids any governmental ban on private possession and use of marijuana).

Furthermore, the plaintiff's reliance on Lawrence v. Texas, 539 U.S. 558, 123 S. Ct. 2472, 156 L. Ed. 2d 508 (2003), is misplaced. The question before the Court in Lawrence was whether the State of Texas could make it a crime for two persons of the same sex to engage in certain intimate sexual conduct. 539 U.S. at 562, 123 S. Ct. at 2475. The Court held the statute to be unconstitutional, ruling that the substantive aspect of the due process clause protected the right of individuals of the same sex to engage in private, consensual, intimate sexual relations. That case is not controlling here.

Based on the foregoing, it is hereby

**ORDERED**, that the plaintiff's motion for reconsideration of the Court's January 17, 2007 Memorandum of Decision and Order is denied.

**SO ORDERED**.

Dated: Central Islip, New York
       May 14, 2007

                                                                    /s/ Arthur D. Spatt
                                                               ARTHUR D. SPATT
                                               United States District Judge