# United States Court of Appeals
FOR THE
SECOND CIRCUIT

## JUDGMENT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of January, two thousand nine,

Before:

    Hon. Rosemary S. Pooler,
    Hon. Sonia Sotomayor,
    Hon. Robert A. Katzmann,
        *Circuit Judges,*

FILED
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 26 2009
LONG ISLAND OFFICE

FILED
JAN 28 2009
Catherine O'Hagan Wolfe, Clerk
SECOND CIRCUIT

James M. Maloney,

    *Plaintiff-Appellant,*

    -v.-    Docket No. 07-0581-cv

Andrew Cuomo, in his official capacity as Attorney General
of the State of New York, David Paterson, in his official capacity
as Governor of the State of New York, Kathleen A. Rice, in her
official capacity as District Attorney of the County of Nassau, and
their successors,[1]

    *Defendants-Appellees.*

Appeal from the United States District Court for the Eastern District of New York.

This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.

ON CONSIDERATION THEREOF, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court is AFFIRMED in accordance with the opinion of this Court. Appellant's pending motions to strike defendant Kathleen Rice's brief and material in her July 28, 2008 Rule 28(j) letter are hereby DENIED.

        FOR THE COURT:
        CATHERINE O'HAGAN WOLFE, Clerk
        by
        Judy Pisnanont
        Motions Staff Attorney

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by [signature]
DEPUTY CLERK

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Governor David Paterson is automatically substituted for former Governor Eliot Spitzer as a defendant in this case.

ISSUED AS MANDATE: FEB 24 2009

07-0581-cv
Maloney v. Cuomo

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2008

(Argued: December 15, 2008)                                    Decided: January 28, 2009)

Docket No. 07-0581-cv

JAMES M. MALONEY,

Plaintiff-Appellant,



—v.—

ANDREW CUOMO, in his official capacity as Attorney General of the State of New York, DAVID PATERSON, in his official capacity as Governor of the State of New York, KATHLEEN A. RICE, in her official capacity as District Attorney of the County of Nassau, and their successors,*

Defendants-Appellees.

B e f o r e:

POOLER, SOTOMAYOR, and KATZMANN, *Circuit Judges.*

Appeal from a judgment of the United States District Court for the Eastern District of New York (Spatt, *J.*) dated January 17, 2007, granting defendants-appellees Andrew Cuomo and David Paterson's motion to dismiss and defendant-appellee Kathleen A. Rice's motion for judgment on the pleadings, and from an order dated May 14, 2007, denying plaintiff-appellant's motion for reconsideration. Affirmed.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Governor David Paterson is automatically substituted for former Governor Eliot Spitzer as a defendant in this case.

JAMES M. MALONEY, appearing *pro se, for Plaintiff-Appellant*.

KAREN HUTSON, Deputy County Attorney (Lorna B. Goodman, County Attorney, *on the brief*) *for Defendant-Appellee* Kathleen A. Rice, Nassau County District Attorney, Mineola, N.Y.

PER CURIAM:

Plaintiff-appellant James Maloney was arrested at his home on August 24, 2000, and charged with possessing a chuka stick in violation of N.Y. Penal Law § 265.01(1). A "chuka stick" (or "nunchaku") is defined as

> any device designed primarily as a weapon, consisting of two or more lengths of a rigid material joined together by a thong, rope or chain in such a manner as to allow free movement of a portion of the device while held in the hand and capable of being rotated in such a manner as to inflict serious injury upon a person by striking or choking.

*Id.* § 265.00(14).[1] This charge was dismissed on January 28, 2003, and Appellant pleaded guilty to one count of disorderly conduct. As part of the plea, he agreed to the destruction of the nunchaku seized from his home.

Appellant filed the initial complaint in this action on February 18, 2003, and then an amended complaint on September 3, 2005, seeking a declaration that N.Y. Penal Law §§ 265.00 through 265.02 are unconstitutional insofar as they punish possession of nunchakus in one's home. The district court dismissed the amended complaint as against the New York State

---

[1] There are two sections of the New York Penal Law numbered 265.00(14).

2

Attorney General and the Governor for lack of standing, concluding that neither official is responsible for enforcing the statutes at issue. The district court granted defendant Nassau County District Attorney Kathleen Rice's motion for judgment on the pleadings in relevant part because the Second Amendment does not apply to the States and therefore imposed no limitations on New York's ability to prohibit the possession of nunchakus. Appellant moved for reconsideration on the ground that the district court had failed to consider certain other claims raised in his amended complaint; the district court denied that motion.

On appeal, Appellant challenges only the district court's dismissal of his claims against Rice.[2] He argues, *inter alia*, that New York's statutory ban on the possession of nunchakus violates (1) the Second Amendment because it infringes on his right to keep and bear arms, and (2) the Fourteenth Amendment because it lacks a rational basis. Neither of these arguments has any merit.

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Supreme Court recently held that this confers an individual right on citizens to keep and bear arms. *See District of Columbia v. Heller*, 128 S. Ct. 2783, 2799 (2008). It is settled law, however, that the Second Amendment applies only to limitations the federal government seeks to impose on this right. *See, e.g., Presser v. Illinois*, 116 U.S. 252, 265 (1886) (stating that the Second Amendment "is a limitation only upon the power of congress and the

---

[2] Appellant makes no argument in his brief concerning the district court's dismissal of his claims against the Attorney General and the Governor. We therefore deem any challenges to that aspect of the district court's judgment waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

3

national government, and not upon that of the state"); *Bach v. Pataki*, 408 F.3d 75, 84, 86 (2d Cir. 2005) (holding "that the Second Amendment's 'right to keep and bear arms' imposes a limitation on only federal, not state, legislative efforts" and noting that this outcome was compelled by *Presser*), *cert. denied*, 546 U.S. 1174 (2006). *Heller*, a case involving a challenge to the District of Columbia's general prohibition on handguns, does not invalidate this longstanding principle. *See Heller*, 128 S. Ct. at 2813 n.23 (noting that the case did not present the question of whether the Second Amendment applies to the states). And to the extent that *Heller* might be read to question the continuing validity of this principle, we "must follow *Presser*" because "[w]here, as here, a Supreme Court precedent 'has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to the Supreme Court the prerogative of overruling its own decisions.'" *Bach*, 408 F.3d at 86 (quoting *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989)) (alteration marks omitted); *see also State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997). Thus, N.Y. Penal Law §§ 265.00 through 265.02 do not violate the Second Amendment.

The Fourteenth Amendment similarly provides no relief for Appellant. "Legislative acts that do not interfere with fundamental rights or single out suspect classifications carry with them a strong presumption of constitutionality and must be upheld if 'rationally related to a legitimate state interest.'" *Beatie v. City of New York*, 123 F.3d 707, 711 (2d Cir. 1997) (quoting *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440 (1985)). We will uphold legislation if we can identify "some reasonably conceivable state of facts that could provide a rational basis for the legislative action. In other words, to escape invalidation by being declared irrational, the

4

legislation under scrutiny merely must find some footing in the realities of the subject addressed by the law." *Id.* at 712 (internal quotation marks and citations omitted).

The legislative history of section 265.00 makes plain that the ban on possession of nunchakus imposed by section 265.01(1) is supported by a rational basis. Indeed, as Appellant concedes, when the statute was under consideration, various parties submitted statements noting the highly dangerous nature of nunchakus. For example, New York's Attorney General, Louis J. Lefkowitz, asserted that nunchakus "ha[ve] apparently been widely used by muggers and street gangs and ha[ve] been the cause of many serious injuries." Mem. from Attorney Gen. Louis J. Lefkowitz to the Governor (Apr. 8, 1974). And the sponsor of the bill, Richard Ross, stated that "[w]ith a minimum amount of practice, [the nunchaku] may be effectively used as a garrote, bludgeon, thrusting or striking device. The [nunchaku] is designed primarily as a weapon and has no purpose other than to maim or, in some instances, kill." *See* N.Y. Penal Law § 265.00, practice commentary, definitions ("Chuka stick") (quoting Letter of Assemblyman Richard C. Ross to the Counsel to the Governor (1974)).

Appellant does not dispute that nunchakus can be highly dangerous weapons. Rather, his principal argument is that section 265.01(1) prevents martial artists from using nunchakus as part of a training program. But the fact that nunchakus might be used as part of a martial-arts training program cannot alter our analysis. Where, as here, a statute neither interferes with a fundamental right nor singles out a suspect classification, "we will invalidate [that statute] on substantive due process grounds only when a plaintiff can demonstrate that there is no rational relationship between the legislation and a legitimate legislative purpose." *Beatie*, 123 F.3d at 711. Appellant has not carried this burden. Consequently, in light of the legislature's view of the danger posed

5

by nunchakus, we find that the prohibition against the possession of nunchakus created by N.Y. Penal Law § 265.01(1) is supported by a rational basis.

We have considered Appellant's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**. Appellant's pending motions to strike defendant Kathleen Rice's brief and material in her July 28, 2008 Rule 28(j) letter are hereby **DENIED**.