**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------X
JAMES M. MALONEY,

                                                                            **ORDER**
                          Plaintiffs,                  03 CV 0786 (ADS)(MLO)

          -against-

ANDREW CUOMO, in his official capacity as
Attorney General of the State of New York, ELIOT
SPITZER, in his official capacity as Governor of
the State of New York, and KATHLEEN A. RICE,
in her official capacity as District Attorney of the
County of Nassau, and their successors,

                                Defendants.
----------------------------------------------------X

**APPEARANCES:**

**JAMES M. MALONEY**
Plaintiff Pro Se
33 Bayview Avenue
Port Washington, New York 11050

**ANDREW CUOMO**
**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**
Attorneys for the State Defendants
200 Old County Road, Suite 460
Mineola, New York 11545-1403
       By:    Assistant Attorney General, Dorothy O. Nese

**LORNA B. GOODMAN**
**NASSAU COUNTY ATTORNEY'S OFFICE**
Attorney for the District Attorney
One West Street
Mineola, New York 11051
       By:    Deputy County Attorney, Liora M. Ben-Sorek
                 Deputy County Attorney Tatum J. Fox

**JONATHAN LEE RICHES**
d/b/a Bernard Madoff
Movant *Pro Se*
#40948-018
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

**SPATT, District Judge.**

Jonathan Lee Riches, appearing *pro se*, brings the present motion pursuant to Fed. R. Civ. P. 24(a) and (b) seeking to intervene as a plaintiff in this action as a plaintiff to this action. By his motion, Riches states that he has an interest in the present action as he is prevented from possessing weapons in order to defend himself in prison even though he is a non-violent white collar offender in a medium security prison. (Motion to Intervene by Jonathan Lee Riches, June 30, 2009).

At the outset, the Court notes that submissions by *pro se* parties should be held "'to less stringent standards than formal pleadings drafted by lawyers. . . .'" *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)). Indeed, the Court should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, the Court is also aware that *pro se* status "'does not exempt a party from compliance with relevant rules of procedural and substantive law. . . .'" *Traguth v. Zuck*, 710 F.2d 90, 95 (2d

2

Cir.1983).

Fed. R. Civ. P. 24(a) provides for intervention as a matter of right, stating:

On timely motion, the court must permit anyone to intervene who:
(1) is given an unconditional right to intervene by a federal statute; or
(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Further, Fed. R. Civ. P. 24(b)(1) provides for permissive intervention to anyone who:

(A) is given a conditional right to intervene by a federal statute; or
(B) has a claim or defense that shares with the main action a common question of law or fact.

Finally, Fed. Rule. Civ. P. 24(c) requires the court, in exercising its discretion, to consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

The present matter is closed and the Court's January 17, 2007 dismissal was affirmed by the United States Court of Appeals for the Second Circuit. Accordingly, the Court is without authority to grant Riches' motion.

In addition, even if the Court retained jurisdiction to grant the present motion, it would decline to do so. Riches points to no federal statute that would give him either an unconditional or a conditional right to intervene and his claims fail to raise issues of fact or law that are pertinent to the main action in this case. Accordingly, Riches motion to intervene is denied.

Riches alternatively characterizes his motion as a motion for reconsideration en banc. As the present motion is Riches' first request for intervention, or any other form of relief, there is nothing for this Court to reconsider.

For the foregoing reasons, it is hereby

**ORDERED**, that Jonathan Lee Riches' motion to intervene, and motion for reconsideration en banc are denied in their entirety; and it is further

**ORDERED**, that the Clerk of the Court is directed to serve a copy of this order on Riches at the above address.

**SO ORDERED.**

Dated: Central Islip, New York
September 30, 2009

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Arthur D. Spatt*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 Arthur D. Spatt
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

4