ADMITTED TO PRACTICE IN:
NEW YORK; NEW JERSEY;
UNITED STATES SUPREME COURT;
U.S. COURTS OF APPEALS FOR THE
SECOND AND THIRD CIRCUITS;
U.S. DISTRICT COURTS FOR THE
DISTRICT OF CONNECTICUT;
DISTRICT OF NEW JERSEY;
NORTHERN DISTRICT OF ILLINOIS;
EASTERN, NORTHERN & SOUTHERN
DISTRICTS OF NEW YORK; U.S.
COURT OF INTERNATIONAL TRADE;
U.S. COURT OF FEDERAL CLAIMS.

# JAMES M. MALONEY
ATTORNEY AT LAW
PROCTOR IN ADMIRALTY

P.O. BOX 551
33 BAYVIEW AVENUE
PORT WASHINGTON, NY 11050

TEL: (516) 767-1395
FAX: (516) 767-1326

E-MAIL ADDRESS:
maritimelaw@nyu.edu

LONG ISLAND OFFICE

August 14, 2010

Honorable Arthur D. Spatt
United States District Judge
P.O. Box 9014
Central Islip, New York 11722-9014

Re: *Maloney v. Cuomo/Maloney v. Rice*
District Court Docket No. CV- 03-786
2d Cir. Docket No. 07-0581-cv
Supreme Court Docket No. 08-1592

Dear Judge Spatt:

I am the *pro se* Plaintiff in the above-captioned case, in which I have sought declaratory judgment on the question of the constitutionality of certain provisions of the New York Penal Law *only* to the extent that those statutes define as a crime the simple possession of nunchaku (a martial-arts weapon) in one's own home. I write to update the Court as to the status of the case and to move informally for leave to file a second amended complaint superseding the earlier pleadings.

After the Second Circuit's decision in *Maloney v. Cuomo*, 554 F.3d 56 (2d Cir. 2009) (per curiam), which had affirmed this Court's dismissal of the complaint, I petitioned the Supreme Court for a writ of certiorari. The Supreme Court granted the writ of certiorari (*sub nom. Maloney v. Rice*), vacated the Second Circuit's decision, and remanded the case for further consideration in light of *McDonald v. Chicago*, 561 U.S. ___ (June 28, 2010), which held that the Second Amendment is incorporated as against the states, building upon the Supreme Court's earlier decision in *District of Columbia v. Heller*, 554 U. S. ___ (2008), which in turn had held that the Second Amendment guarantees an individual right. This past Friday, August 13, the Second Circuit vacated the judgment of this Court in this case and remanded it for further proceedings consistent with those Supreme Court decisions.

This case was initiated on February 18, 2003, before the case that was subsequently decided as *District of Columbia v. Heller* had even begun and more than five years before that Supreme Court opinion issued. In *Heller*, the Supreme Court set forth the definition of an "arm" for Second Amendment purposes and discussed other criteria regarding the types of

Page 1 of 2

"arms" covered by the Second Amendment's guarantee.

Because an issue that will almost certainly be before this Court on remand is whether the nunchaku qualifies as an "arm" protected by the Second Amendment's guarantee, and, separately and additionally, because of the briefing submitted by opposing counsel before this Court, the Second Circuit, and the Supreme Court, I believe it necessary and proper at this juncture to revise the complaint to make additional allegations (and also to delete some, *see infra*). As one example among several, there is no allegation in the current amended complaint (which was filed on September 3, 2005, nearly three years before the Supreme Court handed down *Heller*) to the effect that the nunchaku is "in common use among law-abiding citizens" (which it certainly was in New York before the 1974 ban). This was an element mentioned in *Heller*.

Additionally, my second amended complaint would, among other things, delete all allegations as against the state defendants (Attorney General Cuomo and Governor Paterson), revise the caption accordingly, and delete all allegations based on my First Amendment theory, which were dismissed by this Court. As with this Court's dismissal of the state defendants, the dismissal of the First Amendment cause of action was not challenged on appeal.

I have not yet drafted my proposed second amended complaint, and in fact was at work on a motion to submit further briefing before the Second Circuit on remand (and drafting the brief to accompany *that* motion), when Friday's remand order was issued. In any event, I am prepared to file a second amended complaint by Friday, September 3, if the Court grants this request.

I note in closing that I have not sought the position of opposing counsel regarding this letter motion, in large part because I wrote to both attorneys immediately following the Supreme Court's vacate-and-remand order, and followed up by certified mail in late July, but received absolutely no response to either correspondence.[1] I am not even certain that either government attorney of record remains in her previous position as Assistant Solicitor General or Deputy County Attorney, respectively, nor who, if anyone else, is assigned to the matter. Accordingly, I am simply submitting this letter motion via ECF rather than allowing more time and opportunity to be lost.

Respectfully,

James M. Maloney

cc (via ECF only): all counsel of record

[sidebar handwritten note:] MOVANT'S COUNSEL IS DIRECTED TO SERVE A COPY OF THIS ORDER ON ALL PARTIES UPON RECEIPT VIA FACSIMILE.

[handwritten order:] Request denied, without prejudice to re-file a formal motion to amend with an attached proposed complaint. The parties are further directed to submit letters to Magistrate Judge Orenstein outlining what, if any, discovery remains to be completed on this case. Such letters should be submitted on or before Monday, September 20, 2010. So ordered. /s/ S.D.J. Arthur D. Spatt 8/31/10

---

[1] Rather than provide unnecessary details here, copies of those self-explanatory letters are annexed hereto.