UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse at Foley Square    40 Centre Street, New York, NY 10007   Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): **07-0581-cv**

Caption [use short title]

Motion for: **strike appellee's brief**

**James M. Maloney,**

  **Plaintiff-Appellant,**

  **-against-**

Set forth below precise, complete statement of relief sought:

**Andrew Cuomo et al.,**

**Strike brief as violative of Local Rule**

  **Defendants-Respondents.**

**28(1) and of NY Social Services Law; refer**

**to Committee on Admissions and Grievances.**

MOVING PARTY: **James M. Maloney**          OPPOSING PARTY: **Kathleen A. Rice**

☑ Plaintiff     ☐ Defendant                **Nassau County District Attorney**
☑ Appellant/Petitioner  ☐ Appellee/Respondent

MOVING ATTORNEY: **James M. Maloney, Esq.**    OPPOSING ATTORNEY [Name]: **Karen Hutson, Esq.**
[name of attorney, with firm, address, phone number and e-mail]    [name of attorney, with firm, address, phone number and e-mail]

**Law Office of James M. Maloney**          **Deputy County Attorney, Nassau County**

**33 Bayview Avenue, Port Washington, NY 11050**   **1 West Street, Mineola, NY 11501**

**(516) 767-1395   maritimelaw@nyu.edu**       **(516) 571-2461   khutson@nassaucountyny.gov**

Court-Judge/Agency appealed from: **Eastern District of New York - Hon. Arthur D. Spatt**

Please check appropriate boxes:                FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND
                                               INJUNCTIONS PENDING APPEAL:

Has **consent** of opposing counsel:            Has request for relief been made **below**?  ☐ Yes  ☐ No
    A. been sought?       ☐ Yes  ☑ No
    B. been obtained?     ☐ Yes  ☑ No      Has this relief been previously sought
                                               in this Court?                    ☐ Yes  ☐ No
Is **oral argument** requested?    ☐ Yes  ☑ No
(requests for oral argument will not necessarily be granted)   Requested return date and explanation of emergency:

Has **argument** date of appeal been **set**?  ☐ Yes  ☑ No
If yes, enter date _____

Signature of Moving Attorney: _____ Date: **10/26/07**   Has **service** been effected?  ☑ Yes  ☐ No
                                                               [Attach proof of service]

## ORDER

IT IS HEREBY ORDERED THAT the motion is **GRANTED   DENIED**.

FOR THE COURT:
ROSEANN B. MacKECHNIE, Clerk of Court

Date: _____   By: _____

**Form T-1080** (Revised 10/31/02).

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
------------------------------------------------------------------X
JAMES M. MALONEY,

                           Plaintiff-Appellant,

             - against -                                    **07-0581-cv**

ANDREW CUOMO, in his official capacity as Attorney        **MEMORANDUM**
General of the State of New York,                         **IN SUPPORT OF**
ELIOT SPITZER, in his official capacity as Governor of    **MOTION**
the State of New York, and
KATHLEEN A. RICE, in her official capacity as District
Attorney of the County of Nassau, and their successors,

                           Defendants-Appellees.
------------------------------------------------------------------X

        Plaintiff-Appellant JAMES M. MALONEY, an attorney at law admitted to practice law

before this Court since 2000, proceeding *pro se* herein, respectfully submits this motion to

strike the Appellee's Brief in its entirety on the grounds that said brief:

        (a)      egregiously violates Local Rule 28(1) (the "Rule") in that it contains

numerous pages of statements of "fact," many of which are inaccurate and

disputed and all of which are not part of the record herein and in no way

relevant to this appeal, and therefore contains substantial amounts of

"burdensome, irrelevant, [and] immaterial . . . matter" within the meaning of

the Rule;

        (b)      contains "scandalous" matter within the meaning of the Rule in that it falsely

states, *inter alia*, that Plaintiff-Appellant "pled an insanity defense to [criminal]

charges," Appellee's Brief at 6 (true copy attached as Exhibit 2), a statement that is not

only false but is not part of the record and is in no way relevant to this appeal;

(c)     contains egregiously "scandalous" matter within the meaning of the Rule in that it discloses that "Plaintiff [is] listed on the New York State Child Abuse and Maltreatment Register," Appellee's Brief at 6, *q.v.*, a matter that is not part of the record, is in no way relevant to this appeal, and serves only to stigmatize and harass;

(d)     by reason of the foregoing, violates "[n]umerous federal and state laws requir[ing] [that] information relating to specific children or families [be kept] confidential," *Harman v. City of New York*, 140 F.3d 111, 115 (2d Cir. 1998).

## ARGUMENT

The late former Chief Judge James L. Oakes, in his carefully reasoned opinion in *Harman v. City of New York*, *supra*, balanced First Amendment freedoms against other interests, including those protected statutorily by such provisions as § 422 of the New York Social Services Law, and reached the conclusion that such confidential information cannot be made public even where significant First Amendment considerations are present.  As the above-quoted passage and that portion of the opinion illustrate--and as the referenced statute, among others, specifically provides--a person's having been listed on the New York State Child Abuse and Maltreatment Register is ***confidential*** information, not to be made public, least of all by a public official (a Deputy County Attorney) in the course of her representation of another public official (a District Attorney) and with no other purpose than to discredit, stigmatize, embarrass and harass a *pro se* litigant seeking appellate review on important points of constitutional law.

Yet that is precisely what has been done here.

It is indisputable that this confidential information that the Deputy County Attorney,

Ms. Hutson, has included in her brief has no relevance whatsoever in this appeal, since that information was not even before the court below.  (The same is true for the false statements as to a plea of "insanity" said to have once been asserted by Plaintiff-Appellant in a criminal matter, of an "admission" that was never made of Plaintiff-Appellant's having threatened a telephone worker, of the listing--and in some cases misrepresentation as to key aspects--of the other *pro se* actions in which Plaintiff-Appellant has sought redress over the years, and, indeed, of virtually all of the "facts" set forth at pages 6-9, in footnote 3 at pages 12-13, and at the bottom of page 24 of Appellee's Brief.)

That the confidential information has been introduced solely to discredit, stigmatize, embarrass and harass Plaintiff-Appellant is also indisputable.  As this information has no relevance to the appeal and was not even before the court below, it *could* serve no other purpose, and any reasonable reading of the plethora of "facts" asserted (many of which are false and, as noted, lack any source in the record herein) would make it clear that the entire purpose of a large part of the brief was to say to this Court, in effect: "The Plaintiff-Appellant is loathsome and litigious.  Do not take this appeal seriously."  Such *ad hominem* argument, comprising as it does a substantial part of the entire brief, has no place before this Court, least of all when made by an experienced public attorney representing a prosecutor.

Plaintiff-Appellant urges that the entire Appellee's Brief be stricken, which this Court may do pursuant to Local Rule 28(1) and by virtue its inherent powers, and ***should*** do because: (a) the "burdensome, irrelevant, immaterial and scandalous matter" is interwoven with the argument, *see, e.g.*, footnote 3 at pages 12-13, and page 24 of Appellee's Brief; and (b)  Appellee's Brief is a matter of public record and contains the aforementioned confidential information.

Further, Plaintiff-Appellant respectfully requests that this matter, particularly as to counsel's inclusion in her brief of statutorily confidential information that has no relevance to this appeal, be referred through the Grievance Panel to this Court's Committee on Admissions and Grievances as provided by Rules 2(a) and 3(a) of the Rules of the Committee on Admissions and Grievances of the United States Court of Appeals for the Second Circuit.

Finally, as Plaintiff-Appellant intends to submit no reply to Appellee's Brief as it stands, and as the aforementioned irrelevant "facts" are in any event not deserving of briefing in the substantive appeal, Plaintiff-Appellant, in his own personal defense, has included important factual rebuttals in the attached declaration.  As to the particularly egregious representation by counsel that Plaintiff-Appellant "pled an insanity defense to [criminal] charges," Appellee's Brief at 6 and 24, and as to the improperly and *illegally* introduced statement that Plaintiff-Appellant is "listed on the New York State Child Abuse and Maltreatment Register," Appellee's Brief at 6, Plaintiff-Appellant wishes to bring the Court's attention to the following mixed points of law and fact:[1]

1. In November 2001, Plaintiff-Appellant's criminal defense attorneys served the People with notice of intention to proffer psychiatric evidence as per New York Criminal Procedure Law ("CPL") § 250.10 (see ¶ 10 of the declaration submitted herewith).  Serving such notice did and does *not* equate to pleading an "insanity defense," *see, e.g., People v. Cruickshank*, 105 A.D.2d 325, 329, 484 N.Y.S.2d 328, 333 (3d Dep't 1985), *aff'd* 67 N.Y.2d 625, 499 N.Y.S.2d 663 (noting that by amending CPL § 250.10 the legislature "expanded the notice requirement beyond those

---

[1] In keeping with Rule 27(a)(2)(B)(ii), legal argument is omitted from the accompanying declaration.

situations where psychiatric testimony might be used in support of the traditional insanity defense to include situations where it might be used in support of . . . other defenses" ).  Nor does serving such notice amount to an admission of guilt (*cf.* Appellee's Brief at 5 (falsely stating that "Plaintiff admittedly threatened a telephone company worker outside his home"), 24 (referencing without any authority "Plaintiff's admitted threat to harm a telephone company employee")).  Indeed, if reserving the right to proffer psychiatric evidence by filing notice under CPL § 250.10 *were* to amount to an admission of guilt, filing such notice would be tantamount to entering a guilty plea, and would impose a cruel dilemma on any criminal defendant, who must choose between admitting guilt even if innocent or being foreclosed from ever offering any psychiatric testimony in any context, such as diminished capacity or a lapse in memory relating to an alibi.  Ms. Hutson, representing none other than a ***District Attorney***, self-servingly and cavalierly misinforms this Court on that point, stating simply that Plaintiff-Appellant "pled an insanity defense to [criminal] charges," Appellee's Brief at 6 and 24, even though the District Attorney's record indicates otherwise (as noted, the record herein is silent because that point was not at all part of the case below, nor, indeed, would it have been relevant there).

2.      The *only factual basis* for the finding of Plaintiff-Appellant's alleged "maltreatment" of his sons is that he allegedly "endangered" them by refusing to leave his home upon Nassau County Police demand that he do so, followed by escalating threats by the Nassau County Police made over the course of 12 hours *without* a warrant *ever* having been obtained for his arrest.  Plaintiff-Appellant requested a hearing on the issue of whether the maltreatment report was supported by a fair

-5-

preponderance of any evidence that Plaintiff-Appellant himself had contributed to the

dangerous situation resulting from the police action, but received no opportunity for

such a hearing until *two and one-half years* after that request was made, well after a

federal action (not the one on appeal here, but currently pending before the United

States District Court for the Eastern District of New York, CV 03-4178 (SLT) (MLO))

had been brought.  Plaintiff-Appellant wrote on January 20, 2004, to John F. Udochi,

Esq., of the Office of Children & Family Services, in response to the eventual

scheduling of a state administrative hearing only after the federal action had been

commenced:

> I respectfully decline to participate in any state administrative
> hearing at this late date.  On July 9, 2001, I made written request
> as provided at § 422(8)(a)(i) of the Social Services Law.  No
> disposition as to that request was provided to me until November
> 3, 2003, well after the federal action was filed.  [Exhibit 3 to
> declaration submitted herewith.]

3. Thus, after more than seven years, Plaintiff-Appellant has *still* never had a

hearing to determine whether the "indicated" report that has resulted in his name's

being kept on the New York State Child Abuse and Maltreatment Register is supported

by a fair preponderance of the evidence, as this Court has determined is required under

*Valmonte v. Bane*, 18 F.3d 992 (2d Cir. 1981).  In this regard, the attention of the

Court is respectfully directed to the recent decision in *Finch v. New York State Office of*

*Children and Family Services*, 499 F. Supp.2d 521 (S.D.N.Y. 2007), in which the

court recognized the "high expungement rate," *id.* at 536, once fair hearings are

eventually scheduled, and, responding to complaints of widespread inordinate delays in

scheduling such hearings, noted that "[u]ntil today [July 3, 2007], no court has held

that the inordinate delay in scheduling administrative hearings may itself violate a listed person's right to due process." *Id.* at 538 (holding for the first time that such delays may themselves violate due process). Plaintiff-Appellant, who has yet to receive a fair hearing, has now been publicly embarrassed and stigmatized by the Nassau County District Attorney herself, who, through counsel, has submitted a brief declaring that Plaintiff-Appellant is "listed on the New York State Child Abuse and Maltreatment Register," Appellee's Brief at 6.


WHEREFORE it is respectfully urged that the within motion be GRANTED.


Dated:          October 26, 2007
                Port Washington, New York



                                JAMES M. MALONEY

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-------------------------------------------------------------------X
JAMES M. MALONEY,

                        Plaintiff-Appellant,

          - against -

ANDREW CUOMO, in his official capacity as Attorney
General of the State of New York,
ELIOT SPITZER, in his official capacity as Governor of
the State of New York, and
KATHLEEN A. RICE, in her official capacity as District
Attorney of the County of Nassau, and their successors,

                    Defendants-Appellees.
-------------------------------------------------------------------X

                           **07-0581-cv**

                           **DECLARATION**

JAMES M. MALONEY declares under penalty of perjury:

1.      I submit this declaration in support of the within motion.

2.      I am an attorney at law admitted to practice law in New York since 1996, admitted to practice before this Court since 2000, currently in good standing as an attorney in the states of New York and New Jersey and before the United States Supreme Court, two United States Courts of Appeals (this Court and the Third Circuit), six United States District Courts, the Court of International Trade, and the United States Court of Federal Claims.

3.      I have practiced law for more than 11 years and have never been disciplined or censured as an attorney, have never been sued for professional malpractice, and have never been sanctioned under Rule 11 or any corresponding state law provisions regarding frivolous conduct in litigation.

4.      I have never been convicted of any crime and have never been indicted by a grand jury.

5.     I am currently member of the Committee on Professional Discipline of the Association of the Bar of the City of New York and of the Committee on Marine Torts and Casualties of the Maritime Law Association of the United States.  In the former capacity I recently drafted and filed with the Court of Appeals of the State of New York an *amicus* brief on behalf of the Association of the Bar of the City of New York in a matter concerning attorney discipline.

6.     Attached hereto as **Exhibit 1** as required by Local Rule 27(a)(1)(C)(viii)(b) is a true copy of the decision of the court below from which appeal is taken.

7.     Attached hereto as **Exhibit 2** is a true copy of the Appellee's Brief to which this motion relates.

8.     In or about May 1980, I was commissioned as an officer in the United States Naval Reserve and remain so commissioned, never having been discharged nor ever having been the subject of any inquiry into my mental fitness.  Rather, my selection was based upon considerable physical and psychological testing.  At the present time I have no diseases nor any psychiatric or psychological conditions, nor do I take any prescription or illicit drugs.  I am happily married with two children and make my living by practicing law and editing a magazine, *The Fort Schuyler MARINER*.

9.     I have never "pled an insanity defense to [any criminal] charges," *cf.* Appellee's Brief at 6, 24, nor did I ever threaten a telephone worker as was alleged in 2000 (resulting in a charge of menacing that was ultimately dismissed separate and apart from a plea bargain that was entered in 2003), nor have I ever admitted to having threatened a telephone worker,  *cf.* Appellee's Brief at 6, 24.

10.    In November 2001, criminal defense attorneys acting on my behalf served on the

People a notice of intention to proffer psychiatric evidence as per New York Criminal Procedure Law ("CPL") § 250.10. However, no such evidence was ever actually proffered by my defense team before all charges were dismissed in 2003. As discussed in the memorandum submitted herewith, serving such notice under CPL § 250.10 did and does *not* equate to pleading an "insanity defense," and the fact that no such evidence was ever proffered by the defense only reinforces the strength of that proposition.

11.   I did indeed bring a libel action arising out of the publication of two news articles in 2000, both of which contained injurious falsehoods about me, stating as unqualified fact that I had engaged in a criminal act (the "menacing" of a telephone worker outside my home) that I never committed. One of the articles, which was maintained on the Internet for several years, went so far as to state as fact that the telephone worker who was allegedly threatened "escaped by immediately jumping off the pole," which was a known falsity even at the time of its publication, being contradicted by the telephone worker's own supporting deposition (among the newspapers' source materials), in which he stated that he had climbed down the pole. The Supreme Court, Nassau County, dismissed the action on the basis of what it held to be an application the standards set forth in *Chapadeau v. Utica Observer-Dispatch*, 38 N.Y.2d 196, 379 N.Y.S.2d 61 (1975), which is widely acknowledged as the seminal New York case on the standards applicable to a libel case involving a private individual about whom news reports have been published. The court correctly stated that the applicable standard is one of "gross irresponsibility," i.e., that where the publication relates to matters "of genuine public concern," the private plaintiff must prove that the media defendant

-3-

"acted in a grossly irresponsible manner." However, the court felt that that standard was not met in the articles, a point upon which I differed and (unsuccessfully) appealed.  Although defendants repeatedly complained that the action was "frivolous" and made motions for sanctions on the basis of that assertion, no court ever so found. Significantly, it was only because of the litigation that the article that was maintained on the Internet for several years, stating as fact that the telephone worker who was allegedly threatened "escaped by immediately jumping off the pole," was removed (in settlement while the appeal was pending).

12.     As Ms. Hutson tacitly admits in her footnote 3, but does not make clear in her argument,[1] my plea of disorderly conduct had nothing to do with the charge of "menacing" the telephone worker, nor did it have anything to do with actual use of any firearm, since it was made in connection with a revolver that was in a locked safe in my home, which police opened with explosives--and without a warrant or consent-- while I was in custody.  the revolver had been purchased legally in Florida in 1982 and had been owned by me without incident for 18 years before it was seized in part of the assault on my home that occurred in August 2000.

13.     Appellee's Brief, footnote 2, page 7, states that I have sued, in a separate civil-rights action, "a paramedic who treated Plaintiff during his hospital stay."  While it is true that I have brought such an action (currently pending before the United States District Court for the Eastern District of New York, CV 03-4178 (SLT) (MLO)) , it is blatantly false

---

[1] *See, e.g.*, Appellee's Brief at 24 ("He then pled guilty to disorderly conduct involving a .38 caliber revolver.  It is not irrational to prohibit those prone to irrational behavior from possessing weapons.").

-4-

to state that the paramedic treated me.  As a former paramedic (1987-1995, New York City), I can and do attest from personal knowledge that paramedics treat patients in the field and transport them to the hospital.  They do not, as part of their job, treat patients in the hospital.  Nor did this paramedic treat me.  While I was in the emergency room, having been brought there by the police, I was asked to give a urine specimen and refused, following which I was tackled by the paramedic and others and a blood sample was taken from me forcibly.  The paramedic, who was simply hanging around the emergency room after having brought in another patient, applied a "sleeper hold" on me by pressing his forearm across my throat, causing me to lose consciousness and also injuring my larynx and putting at me at risk for a cerebrovascular accident (stroke) by potentially releasing plaque from my carotid arteries (I was later given a CT scan in part to rule out such damage having occurred).  I left the hospital the next day with a cracked rib and with difficulty speaking as a result of the injuries the paramedic inflicted upon me in rendering his "treatment."

14.    The *only factual basis* for the finding of my alleged "maltreatment" of my sons is that I allegedly "endangered" them by refusing to leave my home upon Nassau County Police demand that I do so, followed by escalating threats by the Nassau County Police made over the course of 12 hours without a warrant ever having been obtained for my arrest.  I requested a hearing on the issue of whether the maltreatment report was supported by a fair preponderance of any evidence that I myself had contributed to the dangerous situation resulting from the police action, but received no opportunity for such a hearing until two and one-half years after that request was made, well after a federal action (CV 03-4178 (SLT) (MLO), see above) had been brought.  On January 20,

2004, I sent a letter to John F. Udochi, Esq., of the Office of Children & Family Services, in response to the eventual scheduling of a state administrative hearing only after the federal action had been commenced. A true copy of that letter is attached hereto as the first two pages of **Exhibit 3**. I have had subsequent correspondence with Mr. Udochi's office, and have not received a hearing, but have been recently informed that the review process is ongoing. A true copy of that letter, dated October 15, 2007, is attached as the third page of Exhibit 3.

15. Since Ms. Hutson has referenced both the above-mentioned pending civil-rights case (CV 03-4178 (SLT) (MLO), see above) and also the state-court Article 78 action in which I successfully sought an attorney Secure Pass (see Appellee's Brief at footnote 3), and since both cases have recently yielded opinions that Ms. Hutson references, I attach hereto as **Exhibits 4 and 5**, respectively, true copies of those opinions in their entirety.

**WHEREFORE it is respectfully requested that the within motion be GRANTED, that Appellee's Brief be stricken in its entirety, and that this matter, particularly as to counsel's inclusion in her brief of statutorily confidential information that has no relevance to this appeal, be referred through the Grievance Panel to this Court's Committee on Admissions and Grievances as provided by Rules 2(a) and 3(a) of the Rules of the Committee on Admissions and Grievances of the United States Court of Appeals for the Second Circuit.**

I declare under penalty of perjury that the foregoing is true and correct.

Dated:        October 26, 2007
              Port Washington, New York

                              JAMES M. MALONEY

-6-

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JAMES M. MALONEY,

                    Plaintiff-Appellant,

          - against -

ANDREW CUOMO, in his official capacity
as Attorney General of the State of New York,
ELIOT SPITZER, in his official capacity as
Governor of the State of New York, and
KATHLEEN A. RICE, in her official capacity
as District Attorney of the County of Nassau,
and their successors,

                  Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

07-0581-cv

**DECLARATION
OPPOSING MOTION**

       Karen Hutson, an attorney admitted to practice law in the State of New

York, declares under the penalties of perjury:

       1. I am a deputy county attorney to Lorna B. Goodman, Nassau County

Attorney, attorney for Defendant-Appellee Kathleen A. Rice, Nassau County

District Attorney ("Defendant"). I was admitted to practice before this Court on

October 5, 1982.

       2. I submit this declaration in opposition to the motion of Plaintiff-

Appellant James M. Maloney ("Plaintiff") for an order (1) striking Defendant's

Brief submitted on this appeal; and (2) referring the subject matter of Plaintiff's

motion to the Grievance Panel of this Court's Committee on Admissions and Grievances, pursuant to Rules 2(a) and 3(a) of the Rules of the Committee on Admissions and Grievances of the United States Court of Appeals for the Second Circuit ("Motion to Strike and Refer").

3.  Plaintiff sued District Attorney Rice and others in the United States District Court for the Eastern District of New York.  The dismissal of that action by the District Court is the subject of this appeal.  Plaintiff alleged that New York Penal Law § 265.01 is facially unconstitutional because it criminalizes the possession of nunchaku and, therefore, prohibits the peaceful exercise of martial arts with nunchaku in the home.  Plaintiff alleged that he previously practiced martial arts with nunchaku peacefully in his home.  (Ex. A to this Declaration, Eastern District Orders Appealed From, January 17, 2007 order, p. 3; and May 14, 2007 order ) In dismissing Plaintiff's action, the District Court observed that Plaintiff had been arrested and charged with six violations of the New York Penal Law, including possession of nunchaku and Plaintiff had not indicated the reason for dismissal of the criminal charges. The District Court stated that it knew, however, "from the earlier proceedings in this Court" that the criminal possession charges had been dismissed in exchange for Plaintiff's guilty plea to disorderly conduct and his consent to destruction of the nunchaku.  (Ex. A, January 17, 2007 District Court order, p. 4)

4. The parties' briefs on the present appeal have been filed and served, and oral argument has been requested but not yet scheduled.

5. In the present Motion to Strike and Refer dated October 26, 2007, Plaintiff claims that:

a. Defendant's Brief should not have included statements (and, in fact, included the statements illegally) that Plaintiff is listed on the New York State Central Register of Child Abuse and Maltreatment ("the State Register"). Defendant's purpose in introducing the confidential information that Plaintiff is listed on the State Register was to publicly "discredit, stigmatize, embarrass and harass" Plaintiff. (Plaintiff's Memorandum in Support ["Plaintiff's Memorandum"], p. 2, paragraph (c); p. 3) Defendant included the confidential information to convey to this Court the impression that "[t]he Plaintiff-Appellant is loathsome and litigious. Do not take this appeal seriously." (Plaintiff's Memorandum, p. 3, 1st full paragraph)

b. The statement in Defendant's Brief that Plaintiff pled an insanity defense to certain criminal charges in a New York State criminal proceeding is false. (Plaintiff's Declaration, pp. 2-3, ¶¶ 9, 10)

c. The statement in Defendant's Brief that Plaintiff admitted threatening a telephone worker is false. (Plaintiff's Declaration, p. 2, ¶ 9)

3

d.  The complained-of statements were not a part of the record in the District Court and are not relevant to this matter.  (Plaintiff's Memorandum, pp. 3, 7)

6.  All of the statements complained of are contained in the decisions of other courts relative to litigation commenced by Plaintiff as a result of the events giving rise to this very appeal.

7.  Concerning Plaintiff's listing on the State Register, Plaintiff himself commenced litigation challenging that listing, and his allegation that he is listed is repeated in the opinion of the District Court, Eastern District of New York, in *Maloney v The County of Nassau*, 2007 US Dist Lexis 71162 (EDNY, September 25, 2007), pp. *4-5, 10, 12-13.  Defendant did not refer in her Defendant's Brief to any underlying documents concerning Plaintiff's listing in the Register but only to the reported opinion of the District Court.  (Defendant's Brief, pp. 6, 7 [footnote 2], and 8)  Defendant's Brief clearly indicates that the statements are taken from the reported decision of the District Court in an action brought by Plaintiff.  (Defendant's Brief, pp. 6, 7 [footnote 2], and 8)  (The opinion of the Eastern District is annexed as Exhibit 4 to Plaintiff's Motion, and, as noted above, the opinion also is available at 2007 US Dist Lexis 71162.  The pages of the opinion that refer to Plaintiff's claims concerning his listing on the State Register are at page 3 [pp. *4-5 in the Lexis version], page 6 [p.*10 in the Lexis version], and pages 7-8 [pp. *12-13 in the Lexis version].)

8.  I reviewed the docket sheet for *Maloney v The County of Nassau*, 2007 US Dist Lexis 71162 (EDNY), 03-cv-4178, and did not find any order sealing documents or subjecting documents to a protective order.  Plaintiff did not allege that any of the documents in that action were sealed or subject to a protective order.  In any event, I did not refer to or cite documents filed but only the reported decision.

9.  Plaintiff also alleges in support of his motion that he did not plead an insanity defense in the related criminal proceeding that gives rise to the action before this Court and that he did not admit that he threatened a telephone worker, as stated in Defendant's Brief at pages 5-6, 24.  (Plaintiff's Memorandum in Support of Motion, pp. 3, 4; Plaintiff's Declaration, pp. 2, ¶ 9)  The statements in Defendant's Brief relative to the insanity defense and the threat to the telephone worker were taken from the Short Form Order of the Supreme Court of the State of New York, Nassau County, and the affirming order of the Appellate Division, Second Department, in *Maloney v Anton Community Newspaper, Inc.*, Index No. 12850/01 (Sept. 16, 2002), *aff'd* 16 AD3d 465 (2d Dept 2005) (both orders attached hereto as Exhibit B).

10.  In that case the Supreme Court and the Appellate Division rejected libel and other claims brought by Plaintiff against several community newspapers based on their reporting of the events giving rise to the present appeal.  In dismissing

Plaintiff's libel claim for the newspapers' reports that Plaintiff had threatened a

telephone worker, Supreme Court expressly found that:

> Plaintiff's admitted version of the events leading up to this
> lawsuit are found in his affidavit and in his statements to a
> psychiatrist who made contemporaneous notes which were
> produced in disclosure....
>
> ...[Plaintiff] admitted to the psychiatrist that he "threatened"
> the Verizon worker, and that he engaged in an "armed standoff"
> with police for a period of twelve hours. With respect to the
> criminal charges which arose out of the incident, plaintiff
> pleaded an insanity defense.

(Ex. B, Slip op. at 3-4, emphasis added).

11. In affirming dismissal of the libel action, the Appellate Division stated

that "plaintiff's own admissions and the undisputed facts established that the article

in question [reporting that Plaintiff threatened a telephone worker] was

substantially true...." (Ex. B, 16 AD3d at 466, emphasis added)

12. Thus, all of the statements in Defendant's Brief that Plaintiff complains

of are a matter of public record.

13. Defendant submitted this public information for the purpose of

demonstrating that Plaintiff had not met his burden of establishing a *prima facie*

case that the challenged legislative act is facially unconstitutional -- *i.e.*, that there

are no circumstances under which it could be validly applied -- for it had in fact

been validly applied to Plaintiff himself. This purpose was clearly set forth in

Defendant's Brief at 24 (emphasis added):

As applied herein, NY Penal Law § 265.01 is not unconstitutional.  As the undisputed facts show, Plaintiff was arrested following a 12-hour standoff with the Nassau County police occasioned by Plaintiff's admitted threat to harm a telephone company employee.  The nunchaku was found in his home with other weapons.  Plaintiff first asserted an insanity defense to the various charges arising from that incident, including nunchaku possession, and agreed to the destruction of the nunchaku and other seized weapons.  He then pled guilty to disorderly conduct involving a .38 caliber revolver.  <u>It is not irrational to prohibit those prone to irrational behavior from possessing weapons.</u>

FOR THE FOREGOING reasons, Defendant-Appellee Kathleen A. Rice respectfully requests that this Court deny Plaintiff-Appellant's motion for an order striking the brief titled "Brief Of Defendant-Appellee Kathleen A. Rice" ("Defendant's Brief") and referring the subject matter of Plaintiff's motion to the Grievance Panel of this Court's Committee on Admissions and Grievances.

_____
Karen Hutson (4448)
Deputy County Attorney

Dated:      Mineola, New York
            November 2, 2007

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-------------------------------------------------------------------X
JAMES M. MALONEY,

                              Plaintiff-Appellant,

                - against -

ANDREW CUOMO, in his official capacity as Attorney
General of the State of New York,
ELIOT SPITZER, in his official capacity as Governor of
the State of New York, and
KATHLEEN A. RICE, in her official capacity as District
Attorney of the County of Nassau, and their successors,

                        Defendants-Appellees.
-------------------------------------------------------------------X

**07-0581-cv**

**REPLY TO RESPONSE
TO MOTION**

      Plaintiff-Appellant JAMES M. MALONEY, pursuant to Rule 27(a)(4) of the Federal

Rules of Appellate Procedure and Local Rule 27, respectfully submits this reply to the

response to his motion to strike the Appellee's Brief, which response to said motion was

served by Defendant-Appellee KATHLEEN A. RICE ("Ms. RICE") on November 5, 2007.


                              **ARGUMENT IN REPLY**


*Point 1 - Appellee's Brief was filed untimely*

      Ms. RICE, through counsel, states simply that "[t]he parties' briefs on the present

appeal have been filed and served," Declaration Opposing Motion at ¶ 4, but this statement

does *not* disclose the fact that, although Appellee's Brief was due to be filed by October 24,

2007, see Docket Sheet entry for 8/23/07 (true copy of Docket Sheet as of October 30, 2007,

annexed hereto), Appellee's Brief was not *actually* filed until October 25, 2007, *see id.* at

entry for 10/25/07.  Thus, Appellee's Brief was *not* timely filed.

*Point 2 - The confidential material was not derived from a "reported opinion"*

Ms. RICE, through counsel, states that the fact that Plaintiff-Appellant was listed on the State Central Register is taken from what she describes as "the reported opinion of the District Court" and as "the reported decision of the District Court . . . " Declaration Opposing Motion at page 4 (¶ 7, lines 7, 9). That opinion, however, is _unreported_, as evidenced by, among other things, the very fact that no citation other than a Lexis citation is given.

*Point 3 - The disclosure of confidential material in Appellee's Brief is **criminal** in nature*

Ms. RICE, through counsel, further opposes the motion by arguing that the disclosed fact that Plaintiff-Appellant is listed on the State Central Register is taken from a case that did not contain "any order sealing documents," etc., and that she "did not refer to or cite documents filed [but only the fact itself]." Declaration Opposing Motion at ¶ 8. That does not change the fact that the statement that "Office of Child Family Services investigated, concluded that the incident 'indicated' maltreatment of his sons, and Plaintiff was listed on the New York State Child Abuse and Maltreatment Register," Appellee's Main Brief at 6, was *illegally* introduced (and, of course, has no relevance whatsoever to this appeal, since those facts were not even before the court below).

The relevant statute, § 422 of the New York Social Services Law, unambiguously provides at subdivision 12 (emphasis added below):

> Any person who willfully permits and any person who encourages the release of *any data and information contained in the central register* to persons or agencies not permitted by this title *shall be guilty of a class A misdemeanor*.

Earlier in the same § 422, at subdivision 3, the scope of the "information contained in

-2-

the central register" is broadly defined (emphasis added below):

> The central register shall include but not be limited to the following information: all the information in the written report; a record of the *final disposition of the report*, including services offered and services accepted; the plan for rehabilitative treatment; *the names* and identifying data, dates and circumstances of any person requesting or receiving information from the register; and any other information which the commissioner believes might be helpful in the furtherance of the purposes of this chapter.

As noted, Appellee's Main Brief at 6 states that the "Office of Child Family Services investigated, concluded that the incident 'indicated' maltreatment of his sons [a reference to a final disposition], and Plaintiff was listed on the New York State Child Abuse and Maltreatment Register [synonymous with the term "central regsiter"]." It is undeniable that this information amounts to "information contained in the central register," *see* § 422(3), that was willfully disclosed in Appellee's Main Brief. The statute that defines such disclosure as a Class A Misdemeanor contains no exception for disclosures that are based on unpublished (or even on published) judicial opinions that contain the same information (*cf.* § 422-a, which provides exceptions to the confidentiality rule, none of which are applicable here), nor need this Court grapple with the question of whether such material may in some circumstances be permissible in an appellate brief, because, as noted, the information is wholly irrelevant to *this* appeal, not having even been before the court below.

There is bitter irony in the situation at hand: a public official (a Deputy County Attorney), in the course of her representation of another public official (a District Attorney), has violated not only Local Rule 28(1)'s prohibition of inclusion of "burdensome, irrelevant, immaterial and scandalous matter," but also a provision of state law making such disclosure a

-3-

Class A Misdemeanor.  Ironically, Plaintiff-Appellant is here challenging another provision of state law that defines another Class A Misdemeanor, namely, certain portions of sections 265.00 through 265.02 of the New York Penal Law, but only to the extent that said statutes prohibit the simple possession of "nunchaku" within one's home for peaceful practice in a time-honored martial-arts tradition.  While such possession harms no one, the District Attorney's inclusion in her brief of the irrelevant statement to the effect that the "Office of Child Family Services investigated, concluded that the incident 'indicated' maltreatment of his sons, and Plaintiff was listed on the New York State Child Abuse and Maltreatment Register," stigmatizes Plaintiff-Appellant and *does* cause harm,[1] yet it was Plaintiff-Appellant who was prosecuted for such simple possession of nunchaku in his home, whereas it is exceedingly unlikely that the District Attorney or the Deputy County Attorney will *ever* be prosecuted for their violation of § 422(12) of the New York Social Services Law.  (Indeed, it is particularly for that reason that Plaintiff-Appellant has requested that this matter, particularly as to counsel's inclusion in her brief of the above-discussed statutorily confidential information that has no relevance to this appeal, be referred to this Court's Committee on Admissions and Grievances ("Committee") as provided by Rules 2(a) and 3(a) of the Rules of the Committee.)

---

[1] This is especially so in light of the facts that: (a) after more than seven years, Plaintiff-Appellant has never been provided a hearing to determine whether the "indicated" report that has resulted in his name's being kept on the New York State Child Abuse and Maltreatment Register is supported by a fair preponderance of the evidence, as this Court has determined is required under *Valmonte v. Bane*, 18 F.3d 992 (2d Cir. 1981); and (b) the only factual basis for the finding of Plaintiff-Appellant's alleged "maltreatment" of his sons is that he allegedly "endangered" them by refusing to leave his home upon Nassau County Police demand that he do so, followed by escalating threats by the Nassau County Police made over the course of 12 hours without a warrant ever having been obtained for his arrest. *See* Memorandum in Support of Motion at 5-7.

-4-

_Point 4 - Appellee has not disputed the falsity of the other challenged material_

Ms. RICE, through counsel, argues that "the statements in Defendant's [Appellee's] Brief relative to the insanity defense and the threat to the telephone worker were taken from" state court opinions attached as Exhibit B to the Declaration Opposing Motion. _See id._ at page 5, ¶ 9. The opinion of the lower court, rendered as a decision on a motion to dismiss that was _sua sponte_ converted by that court into a summary judgment motion -- and decided not only before one corporate defendant had answered through an attorney as legally required but also before discovery was concluded -- stated as fact numerous disputed propositions, all in a light least favorable to the non-moving party (Plaintiff-Appellant herein). In any event, counsel's explanation of the source of this "factual material" (which remains wholly irrelevant to this appeal) does nothing whatsoever to negate the propositions, stated in the Memorandum in Support of Motion at 4-5, that: (1) Plaintiff-Appellant's criminal defense attorneys served the People only with notice of intention to proffer psychiatric evidence as per New York Criminal Procedure Law ("CPL") § 250.10, which did and does **not** equate to pleading an "insanity defense"; and (2) that serving such notice does not amount to an admission of guilt (_cf._ Appellee's Main Brief at 5 (falsely stating that "Plaintiff admittedly threatened a telephone company worker outside his home")). Indeed, Ms. RICE, as the District Attorney, clearly has a duty _not_ to misportray either matters of criminal pleading or alleged admissions of guilt as criminal charges for which no conviction of any crime was ever obtained.

Finally, and perhaps most importantly, the Appellee's Brief's statements concerning a plea of "insanity" said to have once been asserted by Plaintiff-Appellant in a criminal matter, its statements concerning an "admission" that was never made of Plaintiff-Appellant's having

threatened a telephone worker, its listing and detailing of the other *pro se* actions in which

Plaintiff-Appellant has sought redress, and, indeed, virtually all of the "facts" set forth at

pages 6-9, in footnote 3 at pages 12-13, and at the bottom of page 24 of Appellee's Main

Brief, are, quite simply, irrelevant to this appeal. ***None -- not a single one of the foregoing***

***lengthy inclusions in Appellee's Brief -- was even before the court below or considered by it.***

WHEREFORE, it is respectfully requested that the within motion be GRANTED, that

Appellee's Brief be stricken in its entirety, and that this matter, particularly as to counsel's

illegal inclusion in her brief of statutorily confidential information that has no relevance to this

appeal, be referred through the Grievance Panel to this Court's Committee on Admissions and

Grievances as provided by Rules 2(a) and 3(a) of the Rules of the Committee on Admissions

and Grievances of the United States Court of Appeals for the Second Circuit..

Dated:      November 6, 2007
            Port Washington, New York


                                        JAMES M. MALONEY

# JAMES M. MALONEY
## ATTORNEY AT LAW
### PROCTOR IN ADMIRALTY

ADMITTED TO PRACTICE IN:
NEW YORK; NEW JERSEY;
U.S. SUPREME COURT;
U.S. COURTS OF APPEALS FOR THE
SECOND AND THIRD CIRCUITS;
U.S. DISTRICT COURTS FOR THE
DISTRICT OF CONNECTICUT;
NORTHERN DISTRICT OF ILLINOIS;
DISTRICT OF NEW JERSEY;
EASTERN, NORTHERN & SOUTHERN
DISTRICTS OF NEW YORK;
COURT OF INTERNATIONAL TRADE;
COURT OF FEDERAL CLAIMS.

TEL: (516) 767-1395
FAX: (516) 767-1326

E-MAIL ADDRESS:
**maritimelaw@nyu.edu**



P.O. Box 551
33 BAYVIEW AVENUE
PORT WASHINGTON, NY 11050

September 27, 2008

United States Court of Appeals
   for the Second Circuit
Thurgood Marshall U.S. Courthouse
500 Pearl Street
New York, NY 10007

Att:    Merits Panel assigned to *Maloney v. Cuomo et al.*, Docket No. 07-0581-cv
        c/o Hon. Catherine O'Hagan Wolfe, Clerk of Court

Honorable Judges of the Panel:

      I am the Plaintiff-Appellant in the above-referenced appeal.

      This letter is an essential update to my pending motion to strike the brief of Appellee Kathleen Rice as violative of Local Rule 28(1) and of the New York Social Services Law ("SSL"), which motion was referred to the merits panel on or about November 13, 2007.  I have previously argued *inter alia* that Appellee's Brief contains egregiously "scandalous" matter within the meaning of Local Rule 28(1) in that it discloses that "Plaintiff [is] listed on the New York State Child Abuse and Maltreatment Register" (hereinafter, "Central Register"), see Appellee's Brief at 6.  As I have argued, this information is statutorily confidential, is not part of the record, is in no way relevant to this appeal, and serves only to stigmatize and harass me.

      My having been listed on the Central Register for some eight years has recently been formally adjudged to have been unsupported by a fair preponderance of the evidence.  On September 22, 2008, after having held an administrative hearing on the matter, the New York State Office of Children and Family Service's Bureau of Special Hearings rendered a decision ordering that "[t]he request of James Maloney that the record of the report []¹ relating to him being maintained in the Central Register be amended to unfounded is granted. The Central Register and the Agency [Nassau County Department of Social Services] are directed to amend the report to reflect that it is unfounded, to seal the report in accordance with SSL § 422(8)(e),

---

    ¹ The brackets represent the identifying number of the report, which has been redacted.

and to take the actions required by SSL § 422(9)."

Specifically, the Bureau of Special Hearings found that:

> The question to be addressed in this case is whether the Appellant maltreated [his children] as indicated by the Agency. Based on the evidence presented by the Agency. it failed to prove by a fair preponderance of the evidence that the Appellant maltreated his children by not allowing the police officers barricaded into his home. The fact that the [police] officers barricaded his home for twelve hours while the children were observed playing with their parents does not amount to maltreatment. The Appellant was observed taking care of his children during the period in question. The Agency did not present any evidence to prove that the Officers threatened to forcefully break into his home. When the Appellant was eventually arrested, he came outside quietly.
>
> Consequently, in light of the foregoing, the Agency did not meet its burden by a fair preponderance of the evidence establishing that the Appellant failed to exercise the minimum degree of care owed to [his children]. Therefore, the Agency failed to prove by a fair preponderance of the evidence that by Appellant's actions on the date in question threatened the physical, mental and emotional condition of [his children].
>
> Accordingly, it is concluded that the allegations of maltreatment against the Appellant contained in the Central Register report have not been established by a fair preponderance of the evidence and as such, the report must be amended from indicated to unfounded and sealed.

A redacted but otherwise true copy of the September 22, 2008, decision of the Bureau of Special Hearings is annexed hereto. The names of my children, the identifying number of the report, and the recitation of the contents of the initial report (many parts of which, as reflected in the Nassau County Department of Social Services case worker's notes, were subsequently admitted to have been inaccurate by the person who made the initial report) have been redacted.

I note in closing that the Office of the Nassau County Attorney (representing Appellee Kathleen Rice, the District Attorney, herein) already has received a complete (unredacted) copy of that decision from the Bureau of Special Hearings, insofar as an attorney from the Office of the Nassau County Attorney (Lee Samowitz, Esq.) formally appeared at the administrative hearing on behalf of the Nassau County Department of Social Services (the "Agency" referenced above) and strenuously opposed my request that the report against me be amended from "indicated" to "unfounded."

Respectfully,

James M. Maloney

cc:

Cecelia Chang, Esq., Assistant Solicitor General, Office of the Attorney General of New York
Karen Hutson, Esq., Deputy County Attorney, Office of the Nassau County Attorney

-2-



**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse at Foley Square    40 Centre Street, New York, NY 10007    Telephone: 212-857-8500

### MOTION INFORMATION STATEMENT

Docket Number(s): **07-0581-cv**

Motion for: **strike appellee's brief**

Set forth below precise, complete statement of relief sought:

**Strike brief as violative of Local Rule**

**28(1) and of NY Social Services Law; refer**

**to Committee on Admissions and Grievances.**

Caption [use short title]

James M. Maloney,

   Plaintiff-Appellant

      -against-

Andrew Cuomo et al.,

   Defendants-Respondents.

*[Stamp: UNITED STATES COURT OF APPEALS FILED OCT 29 2007 Catherine O'Hagan Wolfe, Clerk SECOND CIRCUIT]*

MOVING PARTY: **James M. Maloney**
☑ Plaintiff          ☐ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

OPPOSING PARTY: **Kathleen A. Rice**
            **Nassau County District Attorney**

MOVING ATTORNEY: **James M. Maloney, Esq.**
[name of attorney, with firm, address, phone number and e-mail]

**Law Office of James M. Maloney**

**33 Bayview Avenue, Port Washington, NY 11050**

**(516) 767-1395   maritimelaw@nyu.edu**

OPPOSING ATTORNEY [Name]: **Karen Hutson, Esq.**
[name of attorney, with firm, address, phone number and e-mail]

**Deputy County Attorney, Nassau County**

**1 West Street, Mineola, NY 11501**

**(516) 571-2461   khutson@nassaucountyny.gov**

Court-Judge/Agency appealed from: **Eastern District of New York - Hon. Arthur D. Spatt.**

Please check appropriate boxes:

Has consent of opposing counsel.
   A. been sought?          ☐ Yes   ☑ No
   B. been obtained?        ☐ Yes   ☑ No

Is oral argument requested?   ☐ Yes   ☑ No
(requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes   ☑ No
If yes, enter date _____

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:
Has request for relief been made below?   ☐ Yes   ☐ No

Has this relief been previously sought in this Court?   ☐ Yes   ☐ No

Requested return date and explanation of emergency:

_____

_____

Signature of Moving Attorney: *[signature]*    Date: **10/26/07**

Has service been effected?   ☑ Yes   ☐ No
[Attach proof of service]

### ORDER

**IT IS HEREBY ORDERED THAT** the motion is **DENIED** without prejudice to renewal at or after oral argument.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

Date: **11/19/08**

By: *[signature]*

*[Stamp: UNITED STATES COURT OF APPEALS FILED NOV 19 2008 Catherine O'Hagan Wolfe, Clerk SECOND CIRCUIT]*

**THOMAS R. SUOZZI**
County Executive



**LORNA B. GOODMAN**
County Attorney

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**
Ralph G. Caso Executive and Legislative Building
**One West Street**
**Mineola, New York 11501-4820**
**516-571-2461 (Writer's Direct Line)**
**FAX: 516-571-6684**

khutson@nassaucountyny.gov

Wednesday, December 17, 2008

The Honor able Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the
Second Circuit
500 Pearl Street
New York, NY 10001

Re:  Maloney v Cuomo et al., 07-0581-cv (2d Circuit)
Appellee's Letter Dated December 17, 2008 Opposing Appellant's Renewal of
Motions to Strike

Dear Ms. Wolfe:

This office represents Defendant-Appellee Kathleen A. Rice.  In response to Plaintiff-Appellant Maloney's renewal of his motions (1) to strike Appellee's brief and refer the matter to the admissions and grievances committee and (2) to strike material in Appellee's Rule 28(j) letter dated July 28, 2008, Appellee renews her opposition to both motions.  Appellee respectfully asks the Court to consider Appellee's original submissions in opposition to both motions, reflected in this Court's docket entries dated 11/5/07 and 8/11/08.

Sincerely,

*Karen Hutson*

Karen Hutson
Deputy County Attorney

cc by regular mail and by email:

James M. Maloney, maritimelaw@nyu.edu
Cecelia Chang, Cecelia.Chang@oag.state.ny.usCecelia