| | JAMES M. MALONEY | |
|---|---|---|
| ADMITTED IN NY, NJ & | ATTORNEY AT LAW | TELEPHONE |
| FEDERAL COURTS, INCLUDING | P.O. BOX 551 | (516) 767-1395 |
| THE U.S. SUPREME COURT | PORT WASHINGTON, NY 11050 | FAX (516) 767-1326 |

July 9, 2001

New York State Child Abuse and Maltreatment Register
40 North Pearl Street
Albany, New York 12243

By Certified Mail
No. 7099 3400 0013 5788 8877
Return Receipt Requested

Att: Post Intake Unit

Re: Case ID: 20563456
Intake Stage ID: 21132973
Date of Intake: 8/28/2000

To whom it may concern:

    It has come to my attention, based on the documentation provided to me with your letter dated 05/18/01 (the "May 18 letter"), a copy of which is attached hereto, that a report concerning me was designated "indicated," and that such designation has become a matter of public record.

    I hereby request an amendment of the report to "unfounded," as discussed in the second paragraph of the May 18 letter, for the following reasons:

    (1) The factual narrative upon which the determination has been made relies entirely upon unproven accusations to the effect that I "threatened" a telephone worker while he was on the curtilage of my home.

    (2) While it is true that I refused to leave my home upon police request after a telephone worker had made such accusations to the police, my refusal to leave my home under such circumstances was my right under the Fourth Amendment of the United States Constitution as explained by the United States Supreme Court in *Payton v. New York*, 445 U.S. 573 (1980). To punish me by using that refusal as a basis for making the publicly available determination that this report was "indicated" likewise would deprive me of a constitutional right.

    (3) The investigating agency failed to investigate sufficiently to make a determination that this report was "indicated," as evidenced by, among other things, the agency's failure even to have properly identified the two children allegedly involved.

-2-

(4) The publicly available determination that this report was "indicated" can and will cause substantial harm to my reputation and my career.

For all of the foregoing reasons, I hereby request an amendment of the report to "unfounded."

The above request is made without prejudice to any rights and remedies that I may have under the law as against various state actors.

Very truly yours,

James M. Maloney

ADMITTED TO PRACTICE IN:
NEW YORK; NEW JERSEY;
UNITED STATES SUPREME
COURT; UNITED STATES
COURTS OF APPEAL FOR THE
SECOND AND THIRD CIRCUITS;
UNITED STATES DISTRICT
COURTS FOR THE SOUTHERN
AND EASTERN DISTRICTS OF
NEW YORK; DISTRICT OF NEW
JERSEY; DISTRICT OF
CONNECTICUT; NORTHERN
DISTRICT OF ILLINOIS;
UNITED STATES COURT OF
INTERNATIONAL TRADE.

# JAMES M. MALONEY

ATTORNEY AT LAW

PROCTOR IN ADMIRALTY



P.O. BOX 551

33 BAYVIEW AVENUE

PORT WASHINGTON, NY 11050

TEL: (516) 767-1395
FAX: (516) 767-1326

E-MAIL ADDRESS:
jmm257@nyu.edu

WEB ADDRESS:
http://homepages.nyu.edu/~jmm257

July 24, 2003

New York State Child Abuse and Maltreatment Register
40 North Pearl Street
Albany, New York 12243

By Certified Mail
No. 7002 3150 0001 2942 6325
Return Receipt Requested

Att: Post Intake Unit

Re: Case ID: 20563456
Intake Stage ID: 21132973
Date of Intake: 8/28/2000

To whom it may concern:

On July 9, 2001, I requested in writing an amendment of the report identified by the above Case ID number, of which I was the subject, from "indicated" to "unfounded" for the following reasons:

(1) The factual narrative upon which the determination has been made relies entirely upon unproven accusations to the effect that I "threatened" a telephone worker who was on the property on which my home was located. (The associated criminal charge has subsequently been dismissed.)

(2) While it is true that I refused to leave my home upon police request after a telephone worker had made such accusations to the police, my refusal to leave my home under such circumstances was my right under the Fourth Amendment of the United States Constitution as explained by the United States Supreme Court in *Payton v. New York*, 445 U.S. 573 (1980). To punish me by using that refusal as a basis for making the publicly available determination that the report was "indicated" accordingly would deprive me of a constitutional right.

(3) The investigating agency failed to investigate sufficiently to make a determination

that this report was "indicated," as evidenced by, among other things, its failure even to have properly identified the two children (my sons) who were suspected of having been abused or maltreated.

(4) The publicly available determination that this report was "indicated" can and will cause substantial harm to my reputation and my career, and may already have done so.

Although your office acknowledged this request and initially followed up on it with several letters, I have yet to receive any determination after more than two years. If a favorable determination is not rendered within 20 days of your office's receipt of this letter, I shall have no choice but to name the New York State Child Abuse and Maltreatment Register and/or its personnel as defendants in a federal civil-rights action brought pursuant to 42 U.S.C. § 1983, and/or a state Article 78 proceeding.

                                                  Very truly yours,

                                                  James M. Maloney

January 16, 2008



**New York State
Office of
Children & Family
Services**

Eliot Spitzer
*Governor*

Gladys Carrión, Esq.
*Commissioner*

Bureau of Special
Hearings
Albany Office

52 Washington Street
Rensselaer, NY 12144

James Maloney
33 Bayview Avenue
Port Washington, NY 11050

Re:  Child Abuse or Maltreatment Hearing
   SCR# 20563456
   Hearing ID:  22619

Dear James Maloney :

    In response to your request for the expungement or amendment of a report in the New York State Central Register of Child Abuse and Maltreatment, you have been scheduled to appear at

**Nassau County Department of Social Services
60 Charles Lindbergh Boulevard  Uniondale, NY 11553
Feb 25, 2008 at 11:00 AM
Judge:  Reginald Brantley**

    This appearance will be an initial appearance only. A hearing will not be conducted on this date. However, you will be given copies of the evidence that will be presented against you. In addition the parties will discuss the number of witnesses they intend to call on their behalf. Also, the parties, and Administrative Law Judge, will agree upon a date and time to conduct the hearing.

    **If you do not appear at the above date and time, you may be deemed to be in default.** Accordingly the existence of the report(s) may be retained by the State Central Register and disclosed to licensing and provider agencies authorized to inquire pursuant to SSL Section 424-a.

    Please bring this letter, as well as the original and two (2) copies of any documents that you intend to submit on your own behalf, to this initial appearance.

    You have the right to be represented by an attorney or other representative. However, this office will **not** appoint or provide an attorney to represent you.



An Equal Opportunity Employer

If you are not able to appear for, or do not plan to attend at the time and place indicated above, please call 212-961-4408 and explain the reason. If you wish to withdraw your request for a hearing you need to do so in writing prior to the initial appearance date or do so orally on the record at the initial appearance. Please note that a withdrawal will result in the record of the report(s) being retained by the State Central Register. The existence of the report (s) will be disclosed to licensing and provider agencies authorized to inquire pursuant to SSL 424-1. Please sign your withdrawal request and send it to the address below.

**Any written response to this notice should be sent to:**
Office of Children and Family Services
Adam Clayton Powell Building - Bureau of Special Hearings
163 West 125th Street, 18th Fl
New York, NY 10027

ADJOURNMENT REQUESTS MADE LESS THAN FIVE DAYS PRIOR TO THE SCHEDULED DATE OF THE HEARING WILL NOT BE GRANTED EXCEPT IN EXTRAORDINARY CIRCUMSTANCES

The issues to be decided at the hearing are: (a) whether the alleged act or acts of child abuse or maltreatment were committed, and (b) if the alleged act or acts of child abuse or maltreatment were committed, whether such act or acts are relevant and reasonably related to employment by a child care agency, to the adoption of children or to the provision of foster care. See Social Services Law Section 422 (8) and 424-a, Valmonte v. Bane, 18 F.3d 992 (2nd Cir.1994), and Lee "TT" v. Dowling, 87 N.Y.2d 699, 642 N.Y.2d 181 (1996).

For reports received by the Central Register prior to February 12, 1996, if it is decided that child abuse or maltreatment was committed, the report will be expunged. For reports received by the Central Register on or after February 12, 1996, if it is decided that child abuse or maltreatment was not committed, the report will be amended to reflect that decision.

Sincerely,

*John Franklin Udochi*
John Franklin Udochi
Supervising Hearing Officer

cc: Maureen McLoughlin
    Alan Licht, Esq.
    Roberta Frederick
    Florence Monwe, Esq.