A 8667-A

**Memorandum** APR 9 REC'D



April 4, 1974

STATE OF NEW YORK
EXECUTIVE DEPARTMENT
DIVISION OF CRIMINAL JUSTICE SERVICES

TO: Michael Whiteman

FROM: Archibald R. Murray

RE: A. 8667-A

---

## Purpose

To amend a number of sections in Article 265 of the Penal Law to penalize the possession of, manufacture or dealing in "chuka sticks."

## Discussion

This bill proposes to outlaw the possession, manufacture or shipment of "chuka sticks," as that device is defined in bill section 1. By placing the basic prohibition in Penal Law section 265.05(3), the possession of chuka sticks is made per se criminal, i.e., no mens rea is required and the crime, therefore, is one of absolute liability. Even if the chuka stick is being employed with significant frequency as a weapon in the commission of violent crimes, its inclusion in the per se category is of doubtful wisdom and questionable legality.

It is our understanding that chuka sticks are also used in karate and other "martial arts" training. In view of the current interest and participation in these activities by many members of the public, it appears unreasonable -- and perhaps even unconstitutional -- to prohibit those who have a legitimate reason for possessing chuka sticks from doing so. There are alternative ways in which the problem can be handled. If it is desired to keep chuka sticks in the per se prohibited class, an exception could be drafted for those who possess them for lawful martial arts training. Such a course is employed for switchblade and gravity knives, which are also prohibited in this same subdivision (P.L. sec. 265.05[3]). In their case, section 265.20(5) permits their possession for hunting or fishing by a person who has a hunting or fishing license.

A second, and more appropriate, alternative would be to treat chuka sticks under Penal Law section 265.05(9) where, to constitute the crime, possession must be coupled with "an intent to use the same unlawfully against another." This would put chuka sticks in the same category as other objects which are potential weapons but which also have legitimate uses, such as knives and razors.

page 2

It should be noted that the first version of this bill (A. 8667) in fact pursued precisely this latter course.

A technical -- probably typographical -- error appears on page 1, line 4. The word "designated" probably should read "designed."

Recommendation

In view of the foregoing, we cannot recommend approval of this bill in its present form.

09