STATE OF NEW YORK
OFFICE OF CHILDREN AND FAMILY SERVICES

---

In the Matter of the Appeal of

JAMES MALONEY

pursuant to Section 422 of the Social Services Law

: DECISION
: AFTER
: HEARING
:
: ID 22619

---

Before:                      Florence Monwe
                             Administrative Law Judge

Held At:                    Nassau County Department of
                             Social Services
                             60 Charles Lindbergh Boulevard
                             Uniondale, New York, 11553
                             July 14, 2008

Parties:                     New York State Central Register
                             of Child Abuse and Maltreatment
                             P.O. Box 4480
                             Albany, New York 12204
                             Documents submitted in lieu
                             of appearance

                             Nassau County Department of
                             Social Services
                             60 Charles Lindbergh Boulevard
                             Uniondale, New York, 11553
                             By: Lee Samowitz, Esq.

                             James Maloney, Appellant
                             33 Bayview Avenue
                             Port Washington, New York 11050
                             By: Victor M. Serby, Esq.
                                 255 Hewlett Neck Road
                                 Woodmere, New York 11598

## JURISDICTION

The New York State Central Register of Child Abuse and Maltreatment (the Central Register) maintains a report indicating James Maloney (the Appellant) for maltreatment. The Appellant requested that the Central Register amend the report. After conducting an administrative review, the Central Register denied that request. This hearing was then scheduled in accordance with the requirements of Social Services Law (SSL) § 422(8)(b).

Pursuant to SSL § 422(8)(c), Valmonte v. Bane, 18 F.3d 992 (1994), Lee "TT" v. Dowling, 87 N.Y.2d 699, 642 N.Y.S.2d 181 (1996), Walter W. v. NYSDSS, 235 A.D.2d 592, 651 N.Y.S.2d 726 (3rd Dept., 1997), mot. for lv. to app. den. 89 N.Y.2d 813, 658 N.Y.S.2d 243 (1997), and Local Commissioners Memorandum, 97 LCM-58, this hearing decision will determine: (a) whether there is a fair preponderance of the evidence that the Appellants committed the acts of maltreatment alleged, and (b) if so, whether such acts are relevant and reasonably related to employment by a child care agency, to the adoption of a child or to the provision of foster care.

## FINDINGS OF FACT

An opportunity to be heard having been afforded the parties and evidence having been considered, it is hereby found:

1. The Central Register contains an "indicated" report (███████████) of maltreatment by the Appellant of his twin sons, ███ and ███, who were a year old respectively at the time the maltreatment report was made on August 28, 2000.

2. The initial report alleges, in pertinent part, that

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████



3. The initial report was investigated by the Nassau County Department of Social Services (the Agency).

4. On April 12, 2001, the Agency indicated the report against Appellant for inadequate guardianship of ▮ and ▮.

5. On or around August 28, 2000, the Appellant pointed a telescope at a Verizon worker on top of a pole near his property. The worker thought that the Appellant pointed a gun at him and called the police. (See Agency Exhibit 2).

6. When the police officers arrive at the Appellant's home and asked him to come out side, the Appellant told them that he has not committed any crime and would not allow them into his home. Instead, the Appellant demanded a warrant to arrest or search his home. The officers did not procure any warrant of arrest rather they barricaded his property for about twelve hours. The Appellant eventually surrendered to the Police Officers when his Rabi came to his house and asked him to let the police in to his home. The Agency opined that such behavior amounted to maltreatment.

7. The Appellant was arrested and taken to Nassau County Medical Center for psychiatric evaluations. The Appellant was discharged the same night.

8. During the entire episode, the Appellant and his family carried on their normal daily activities not paying any attention to the officers out side of his property. According to the Agency's notes, the family was observed eating dinner and the twins playing.

## ISSUE

Is the finding that Appellant maltreated ▅ and ▅ supported by a fair preponderance of the evidence?

If maltreatment is established, is such maltreatment relevant and reasonably related to employment in child care agency, the adoption of a child or to their provision of foster?

## DISCUSSION

The Agency did not prove by a fair preponderance of the evidence that the Appellant maltreated ▅ and ▅. As the maltreatment report will be amended to unfounded and sealed, the question whether the acts alleged is relevant and reasonably related to childcare issues needs not be addressed.

Pursuant to SSL § 424, the Agency determined that the initial report of maltreatment was "indicated". An "indicated report" means a report made "...if an investigation determines that some credible evidence of alleged abuse or maltreatment exists." SSL § 412(12). A maltreated child is defined by Section 432.1(b) of the applicable regulations (18 NYCRR) as one who is less than eighteen years of age and, in pertinent part:

> (1) whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care...
>
> (i) in supplying the child with adequate food, clothing, shelter or education in accordance with the provisions of part 1 of article 65 of the Education Law, or medical, dental, optometrical or surgical care, though financially able to do so or offered financial or other reasonable means to do so; or
>
> (ii) in providing the child with proper supervision or guardianship, by

unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment; or by misusing a drug or drugs; or by misusing alcoholic beverages to the extent that he loses self-control of his actions; or by any other acts of a similarly serious nature requiring the aid of the court; provided, however, that where the parent or other person legally responsible is voluntarily and regularly participating in a rehabilitative program, evidence that the parent or other person legally responsible has repeatedly misused a drug or drugs or alcoholic beverages to the extent that he loses self-control of his actions shall not alone establish that the child is a neglected child in the absence of evidence establishing that the child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as set forth in paragraph (1) of this subdivision;

(2) who has been abandoned by his parents or other person legally responsible for his care; or

(3) who has had serious physical injury inflicted upon him by other than accidental means.

At the hearing, the Agency has the burden of proving, by a fair preponderance of the evidence, the maltreatment cited in the indicated report. To meet this burden, it is required to prove that: (1) the child's physical, mental or emotional condition was impaired, or was in imminent danger of becoming impaired; (2) the parent or custodian failed to exercise a minimum degree of care under the circumstances in question; and (3) the parent's or custodian's failure to exercise the requisite degree of care caused, or threatened, the impairment of the child's condition.

The essential facts are not in dispute. There is no dispute that the Appellant refused to surrender to the police officers or allow them in to his home. There is also no dispute that the family was observed carrying on their daily activities not minding the police officers in front of their property. The Agency based its indication on the proposition that the Appellant's failure to surrender himself to the police and the fact that he allowed them to barricade his home for about twelve hours amounts to maltreatment of his one year old twins that were observed playing and being fed by their parents. To prove its case, the Agency presented the case notes of the

investigative caseworker. The progress notes indicated that the children were seen playing and that the family was seen eating their dinner and not paying any attention to the officers out side their home. The Agency opined that the Appellant placed his children at risk of harm for not surrendering to the police when they knocked at his door. Based on that premise, the Agency concluded that the Appellant maltreated his children.

The Appellant testified at the hearing. The Appellant reiterated that when the police officers knocked at his door, he asked them to procure a warrant before he could allow them in to his home or they could just write him up for violation if they felt that he violated any local law. The Appellant stated that he eventually allowed them in to his home and was arrested. The Appellant testified that he was taken to Nassau County Medical Center for evaluation but was discharged that same night because they found out that nothing was wrong with him. The Appellant opined that he did not place his children at any risk of harm. He stated that during the time that the Officers barricaded his property, his family was safe in side the home. In addition, the Appellant testified that the Officers never threatened to forcefully break in to his home or threatened to shoot in to his home.

The question to be addressed in this case is whether the Appellant maltreated ▮ and ▮ as indicated by the Agency. Based on the evidence presented by the Agency, it failed to prove by a fair preponderance of the evidence that the Appellant maltreated his children by not allowing the police officers in to his home. The fact that the officers barricaded his home for twelve hours while the children were observed playing with their parents does not amount to maltreatment. The Appellant was observed taking care of his children during the period in question. The Agency did not present any evidence to prove that the Officers threatened to forcefully break in to his home. When the Appellant was eventually arrested, he came out side quietly.

Case 2:03-cv-00786-PKC-AYS   Document 105-4   Filed 09/15/10   Page 7 of 7 PageID #: 699

Consequently, in light of the foregoing, the Agency did not meet its burden by a fair preponderance of the evidence establishing that the Appellant failed to exercise the minimum degree of care owed to ▇ and ▇ Therefore, the Agency failed to prove by a fair preponderance of the evidence that by Appellant's actions on the date in question threatened the physical, mental and emotional condition of one year old ▇ and ▇.

Accordingly, it is concluded that the allegations of maltreatment against the Appellant contained in the Central Register report have not been established by a fair preponderance of the evidence and as such, the report must be amended from indicated to unfounded and sealed.

**DECISION**:    The request of James Maloney that the record of the report (SCR # 20563456) relating to him being maintained in the Central Register be amended to unfounded is granted. The Central Register and the Agency are directed to amend the report to reflect that it is unfounded, to seal the report in accordance with SSL § 422(8)(e), and to take the actions required by SSL § 422(9).

This decision is made by John Franklin Udochi, Bureau of Special Hearings who has been designated by the Commissioner to make such decisions.

DATED: Albany, New York

SEP 2 2 2008

John Franklin Udochi
Bureau of Special Hearings