ADMITTED TO PRACTICE IN:
NEW YORK; NEW JERSEY;
UNITED STATES SUPREME COURT;
U.S. COURTS OF APPEALS FOR THE
SECOND AND THIRD CIRCUITS;
U.S. DISTRICT COURTS FOR THE
DISTRICT OF CONNECTICUT;
DISTRICT OF NEW JERSEY;
NORTHERN DISTRICT OF ILLINOIS;
EASTERN, NORTHERN & SOUTHERN
DISTRICTS OF NEW YORK; U.S.
COURT OF INTERNATIONAL TRADE;
U.S. COURT OF FEDERAL CLAIMS.

# JAMES M. MALONEY
ATTORNEY AT LAW
PROCTOR IN ADMIRALTY



P.O. BOX 551
33 BAYVIEW AVENUE
PORT WASHINGTON, NY 11050

TEL: (516) 767-1395
FAX: (516) 767-1326

E-MAIL ADDRESS:
maritimelaw@nyu.edu

September 20, 2010

Honorable Michael L. Orenstein
United States District Court, E.D.N.Y.
Central Islip, New York 11722

                                              Re:    *Maloney v. Cuomo/Maloney v. Rice*
                                                         Docket No. CV- 03-786

<u>Via ECF & hand delivery</u>

Dear Judge Orenstein:

       I am the *pro se* Plaintiff in the above-captioned case, in which I have sought declaratory judgment on the question of the constitutionality of certain provisions of the New York Penal Law *only* to the extent that those statutes define as a crime the simple possession of nunchaku (a martial-arts weapon) in one's own home.  I write to outline the discovery that I believe should be completed, as per Judge Spatt's Order of  Order of August 31 (Document 100) and, prefatory to that, to update Your Honor as to the status of the case, which has been off the Eastern District's "radar screen" for a few years now.

<u>Update</u>

       After the Second Circuit's decision in *Maloney v. Cuomo*, 554 F.3d 56 (2d Cir. 2009) (per curiam), which had affirmed this Court's dismissal of the complaint, I petitioned the Supreme Court for a writ of *certiorari*.  The Supreme Court granted the writ (*sub nom. Maloney v. Rice*), vacated the Second Circuit's decision, and remanded the case for further consideration in light of *McDonald v. Chicago*, 561 U.S. ___ (June 28, 2010), which held that the Second Amendment is incorporated as against the states, building upon the Supreme Court's earlier decision in *District of Columbia v. Heller*, 554 U. S. ___ (2008), which in turn had held that the Second Amendment guarantees an individual, personal right to keep and bear arms.  On August 13, 2010, the Second Circuit vacated the judgment of this Court in this case and remanded it for further proceedings consistent with those Supreme Court decisions.

       I have recently moved under Rule 15 to amend the current pleading, both to bring its allegations into conformity with the teachings of *Heller* and *McDonald* and to add two new

causes of action arising out of Defendant RICE's conduct in this litigation.

Discovery

Although the scope of necessary discovery will to some extent inevitably depend on whether my pending Rule 15 motion is granted, I do not believe that the proposed new causes of action should *necessarily* generate any need for significant additional discovery.  This is because Requests for Admissions per Rule 36 in connection with various documents (*e.g.*, the complained-of brief, as well as Exhibits 4 through 6 to the proposed new pleading (Documents 102-1 and 106-4 through 106-6, respectively, *q.v.*)) should suffice to establish all that I would need pretrial, *unless* Defendant's responses are ambiguous and/or evasive, in which case a deposition of Defendant RICE would, unfortunately, be needed to probe further.

As to the surviving causes of action on remand, which relate exclusively to my core claim that the criminalization of the simple possession of nunchaku in one's home is unconstitutional, once again (with the same caveat as above) Requests for Admissions alone *could* be sufficient.  The above-mentioned teachings of *Heller* relate to the characteristics of "arms" entitled to Second Amendment protection, and much of the factual support on such issues was already introduced into the record via documentary evidence in motions the first time around.  For example, *Heller* explained that "the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes," 128 S. Ct. at 2815-16.  The record already contains a fair amount of documentary material in factual support of the proposition that the nunchaku is typically possessed by law-abiding citizens for lawful purposes (or, in New York, that such was the case before simple possession itself became a crime), and at this stage I hope and believe that Requests for Admissions relating to such documentary evidence could satisfy most of the need for further discovery in that regard.

I do, however, believe that some new, additional, non-party discovery is appropriate, mainly in the form of interrogatories and document requests to the State of New York and its agencies as well as several counties including Suffolk County.  Since this case went up on appeal, it has come to my attention that there have been at least two additional prosecutions in New York for the simple possession of nunchaku in the home, one in Suffolk County from 2003 to 2006, and one upstate beginning in 2009.  This leads me to conclude that such prosecutions are far more common than I had originally thought, making it necessary and proper on remand to subpoena records on the matter from appropriate public authorities, including those in the subject counties and the New York Division of Criminal Justice Services.

Respectfully,

James M. Maloney

cc (via ECF only): all counsel of record