UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAMES M. MALONEY,                                                         CV-02-786 (ADS) (AKT)

                            Plaintiff,

       -   against -

ANDREW CUOMO, in his official capacity
As Attorney General of the State of New York,
ELIOT SPITZER, in his official capacity as
Governor of the State of New York, and
KATHLEEN A. RICE, in her official capacity
As District Attorney of the County of Nassau,
And their successors,

                           Defendants.
----------------------------------------------------------X

# DEFENDANT RICE'S OPPOSITION TO PLAINTIFF'S
# MOTION TO FILE A SECOND AMENDED COMPLAINT

                                                                JOHN CIAMPOLI
                                                                 Nassau County Attorney
                                                                 One West Street
                                                                  Mineola, New York 11501
                                                                 (516) 571-3014
                                                                Attorney for Defendant
                                                               Kathleen Rice

*Of Counsel*:   Liora M. Ben-Sorek
                     Deputy County Attorney

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of Nassau County District Attorney Kathleen Rice ("Defendant" or "Rice"), one of the defendants in this action, in opposition to plaintiff James Maloney's ("Plaintiff" or "Maloney") motion to amend his complaint in the within action a second time, pursuant to Fed. R. Civ. P. 15.

Plaintiff's motion must be denied because the proposed amendments are improper and specious.

## PROCEDURAL HISTORY

This action arises out of events which occurred in August 2000. However, this lawsuit, brought under 42 U.S.C. § 1983, was not commenced until 2003. In 2005 Plaintiff sought and was granted leave to file an amended complaint which is the operative pleading as of this time.

By Order dated January 17, 2007, this Court granted the Defendant's motion to dismiss which was filed pursuant to Fed. R. Civ. P. 12(b). Thereafter, Plaintiff appealed the dismissal to the Second Circuit Court of Appeals which, likewise, denied Plaintiff the relief he sought which will be addressed *infra*. The United States Supreme Court granted Certiorari in June 2010 and remanded this case to the Second Circuit for further proceedings in light of that Court's opinion in *McDonald v. Chicago* 561 U.S. \_\_\_\_ (June 28, 2010). The Second Circuit Court of Appeals issued a Summary Order on or about August 13, 2010 remanding this case to the District Court.

Plaintiff has moved by Order to Show Cause for leave to file a second amended complaint which the Defendant now opposes.

## STATEMENT OF FACTS

Familiarity with the facts of this matter is presumed. By way of a brief background, on or about August 23, 2000, Nassau County Police were called to Plaintiff's Long Island home after a telephone company worker reported that the Plaintiff had threatened him with what appeared to be a firearm. Plaintiff refused to exit his residence at the request of the police in order to allow them to investigate the phone company employee's complaint. Instead Plaintiff remained locked in his home with his wife and young children. After a period of approximately 12 hours, Plaintiff exited his home and was placed in custody. There are more detailed facts pertaining to the barricade situation described herein, but a full recitation of same is not necessary for purposes of this particular motion.

Following Plaintiff's exit from the premises, a search was conducted of the residence. That search disclosed, *inter alia*, numerous legal and illegal firearms and nunchaku, also known as chuka sticks, the possession of which is a crime in New York State (Penal Law § 265.01). As part of his plea agreement, Plaintiff consented to the surrender and destruction of the illegal weapons, including the chuka sticks.

In 2003 Plaintiff commenced the within action challenging the constitutionality of New York State Penal Law § 265.01 as it relates to the possession of chuka sticks in one's home.

That same year Plaintiff commenced a separate suit in the Eastern District of New York (CV-03-4178) concerning the events which started on August 23, 2000. By Order dated September 30, 2010, Hon. Sandra Townes granted the Nassau County defendants' motion for summary judgment. Pertinent to the within action is the fact that the CV-03-

2

4178 case sought damages against named defendants from the New York State Office of Children and Family Services ("OCFS") and the New York State Central Register relating to Plaintiff's being listed in the State Central Register after an investigation by OCFS as a result of an allegation of mistreatment related to the incidents of August 23-24, 2010 at Plaintiff's home. Plaintiff's amended complaint in that action admits that the OCFS investigation yielded an "indicated finding" which resulted in his placement on the State Central Register. (*Amended Complaint (DE 3) CV-03-4178*, ¶¶ 55-57).

As of the submission of this Memorandum, the Court records in that 2003 Federal lawsuit are neither sealed nor are they redacted in any manner. Counsel for Defendant is unaware of any application to maintain those documents under seal and Plaintiff in his within motion has not indicated anything to the contrary.

## ARGUMENT

### POINT I

**PLAINTIFF'S MOTION TO AMEND MUST BE DISMISSED BECAUSE IT DOES NOT MEET THE STANDARDS SET FORTH IN FED. R. CIV. P. 15**

It is generally accepted that an application to amend a pleading under Fed. R. Civ. P. 15(a) will be granted "when justice so requires." *Fed. R. Civ. P. 15(a)*. Denial of the motion is justified for reasons of "undue delay, bad faith, futility of the amendment or prejudice to the other party." *U.S. Underwriters Ins. Co., v. Ziering, et al.*, 2010 U.S. Dist. LEXIS 88883, *8 (E.D.N.Y. August 27, 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Futility of the proposed amendment is analyzed utilizing the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12. *U.S. Underwriters*, U.S. Dist LEXIS 88883 at *8-*9. Thus, a proposed amended complaint that could not defeat a motion to

3

dismiss for failure to state a claim or for lack of subject matter jurisdiction would be deemed futile resulting in the motion for leave to file an amended pleading being denied. *Id.*, at *8. See also, *Foman*, 371 U.S. at 182.

The Second Circuit has held that "it is not an abuse of discretion to deny leave to amend" where the amendment would be futile. R*uffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

In the instant action, Plaintiff proposes to add two never-before pled causes of action against the Defendant; to wit, claims of "stigma plus" (third cause of action) and an alleged violation of New York State Social Services Law § 422 (fourth cause of action). Both of these newly-conjured claims would be subject to dismissal under Fed. R. Civ. P. 12(b) as failing to state a cause of action upon which relief may be granted.

    A.    *"Stigma Plus" Claim*

The purported basis for this suggested cause of action is a statement made by Deputy County Attorney Karen Hutson ("Hutson") in her Appellate Brief to the Second Circuit in opposition to Maloney's appeal of this Court's decision filed in 2008 ("Brief").

Among the background facts in the Statement of the Case section of her Brief, Hutson referred to the "indicated finding" by OFCS and Plaintiff's placement on the State Central Register, citing to decisions reported on LEXIS as the source of her information. (*Pl. Declaration, Exhibit 1, page 6*).

The proposed third cause of action sets forth that the Defendant ignored or refused Plaintiff's subsequent request, made in 2009, to retract that portion of the Brief. Although Plaintiff submits Exhibits 5 and 6 (attached to the proposed second amended complaint) to support his contention that he made a request for the retraction of the

4

statements made on page 6 of the Brief, neither of the letters corresponding to Exhibits 5 and 6 annexed to the proposed pleading clearly request such retraction.  Notably, in the last paragraph of Exhibit 5, Plaintiff states "… there is no indication that such behavior, which began in October 2007 and has continued at least through July 2008, is likely to stop unless and until **I widely publicize it**, which is something I remain hesitant to do for the sake of both your reputation and mine."  (*Proposed Second Amended Complaint, Exhibit 5*) (Emphasis Added).  Clearly, Plaintiff contemplated publicizing some fact(s) pertaining to the OCFS investigation and his placement on the State Central Register which belies his claim of Stigma Plus damages.

Moreover, and as set forth in the Statement of Facts section herein, Plaintiff himself disclosed the same information in a document which is a matter of public record – his amended complaint in the action bearing Docket Number CV-03-4178.

Furthermore, Exhibit 2 annexed to Maloney's Declaration in support of his motion to amend the complaint a second time in this action, consists of his motion to strike the Brief and Hutson's Opposition.  Notably, Hutson correctly indicated that the information which formed the bases of the statements at issue were not obtained via privileged or confidential documents, but rather through Plaintiff's own court filings and reported decisions.   More notable is the fact that Plaintiff's motion to strike the Brief was denied.

Defendant, therefore, contends that the third cause of action is barred by the doctrines of collateral estoppel and/or res judicata.  Should the Court request additional briefing on this contention, Defendant hereby requests leave to provide same.

Among the most detrimental hurdles to Plaintiff's within motion is his own statement at paragraph 61 of the proposed amended pleading wherein he states "the disclosure described [at page 6 of the Brief] was technically correct at the time it was made." It is universally accepted that truth is a defense to a claim of defamation. Indeed, the Second Circuit has determined that it is an **absolute** defense. See *Pisani v. Westchester County Health Care Corporation, et al.*, 424 F.Supp.2d 710, 715 (S.D.N.Y. March 31, 2006) (citing *Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 28 (2d Cir. 1995). Not only has Plaintiff disclosed the identical information against which he seeks to bring a Stigma Plus action (*CV-03-4173 (DE 3) Amended Complaint*, ¶ 55-57), he has admitted the truth of those very same statements (*CV-03-0736, Proposed Second Amended Complaint* at ¶ 61). Plaintiff has not provided any supporting authority for his contention that Defendant had an obligation to retract the statements at page 6 of the Brief..

As to whether Plaintiff sustained any damages due to page 6 of the Brief, the alleged "injuries" to the plaintiff are speculative in nature. With regard to Plaintiff's theory that the Port Washington School District cancelled his course in Celestial Navigation, Plaintiff acknowledges that there could be reasons unrelated to the issues in this lawsuit for that cancellation (*Pl. Decl.* ¶¶ 10-15). Indeed, at paragraph 15 of his Declaration, Plaintiff states his belief that the School District has not become aware of the State Central Registry listing because they reinstated his very-shortly cancelled class (one semester).

B.     *Fourth Cause of Action*

　　i.     *No Private Right of Action*

Defendants respectfully submit that the Court should decline supplemental jurisdiction over Plaintiff's proposed fourth cause of action because there is no private right of action for matters that are punishable as criminal offenses unless the statute provides for same. See *Vasile v. Dean Witter Reynolds* 20 F.Supp.2d 465 (E.D.N.Y. 1998) ("it is also a general precept of criminal law that unless the statute specifically authorizes a private right of action, none exists."). See also *Garay v. U.S. Bancorp*, 2004 U.S. Dist. LEXIS 1331, *8-*9 (E.D.N.Y. Feb. 3, 2004) (citing *Suter v. Artist M.* 503 U.S. 347, 363 (1992) ("the party seeking to imply a private right of action bears the burden to show that Congress intended to make one available.").

Plaintiff has failed to demonstrate that the subject statute, New York Social Services Law § 422, provides for a private right of action, nor has he established any Congressional intent for same.

As an aside, because Plaintiff was the first to disclose his listing on the State Central Register in a public forum when he filed his complaint in the action CV-03-4178, and because he has not made any efforts to seal that proceeding, or to seal the within motion, by Plaintiff's own reasoning, he is in violation of NYSSL § 422.

　　ii.     *The Proposed Fourth Cause of Action Fails to Comply with Applicable Notice Requirements*

Actions brought against a municipality or employee acting within the scope of their employment are subject to the notice requirements of New York State General Municipal Law § 50, et seq. as well as New York State County Law § 52.

Under both of these statutes, notice of a person's intention to file a claim must be served upon the municipality within ninety days of accrual of the cause of action. Moreover, the General Municipal Law also requires that compliance with § 50, et seq. is recited in a subsequent complaint.

Plaintiff has not served any notice relating to the claims in the proposed fourth cause of action, nor does the proposed second amended complaint set forth compliance with those statutes.

## POINT II

### THE PROPOSED AMENDMENTS ARE IN VIOLATION OF FED. R. CIV. P. 15 (c) AND THE STATUTE OF LIMITATIONS

Another obstacle to allowing the third and fourth causes of action to be asserted is found in Fed. R. Civ. P. 15 (c) and the Statute of Limitations for actions brought under §1983. Plaintiff argues that the statute of limitations on his proposed third and fourth causes of action could run on October 25, 2010. And, as Plaintiff readily acknowledges, actions arising under § 1983 must be commenced within three years. (*Pl. Memorandum in Support of Motion to Amend, p. 17-18*).

Additionally, this Court has held that "[a] proposed amendment to add defendants may be considered futile if the '(1) the claim it seeks to assert by the applicable statute of limitations, and (2) the claim does not relate back to the date of an earlier timely pleading.'" *Hampton Bays Connections, Inc., et al. v Robert Duffy, et al.*, 212 F.R.D. 119, 124 (E.D.N.Y. January 2, 2003).

While Plaintiff may claim that he is not seeking to "add" any new party, in actuality he is. More particularly, Rice's current status in this case is in her official capacity as the enforcer of the New York State Penal Law in Nassau County. The

8

proposed third and fourth causes, however, of action seek to bring claims against Rice in her *individual* capacity for alleged personal involvement in what Plaintiff would like the Court to believe are his rights under § 1983 and New York State law.  Because Rice would now no longer to be just the statutorily-designated defendant in an action challenging the constitutionality of a statute, but, rather, an alleged constitutional tortfeasor, in essence Rice would be sued in a new capacity which should be interpreted (and rejected) by this Court as an attempt to add a new party.

In addition, Plaintiff argues alternative dates of the accrual of the alleged wrongs giving rise to his proposed third and fourth causes of action.  In any event, those dates are between October 2007 and March 17, 2009.  The alleged wrongs, therefore, do not "relate back to an earlier timely pleading" as the only issue in this action when initially filed was the constitutionality of a provision of the New York State Penal Law. *Id.*

Accordingly, the proposed third and fourth causes of action should be deemed futile as well as untimely and, thus, not permitted.

## POINT III

### THE SUBJECT STATEMENT IS ENTITLED TO ABSOLUTE IMMUNITY

The Second Circuit has granted absolute immunity against being sued in a § 1983 action "to government attorneys defending civil suits." *Spear v. Town of West Hartford*, 1992 U.S. App. LEXIS 470, *6-*7 (2d. Cir. Jan. 13, 1992).  As the Court is aware, the statements attributed to the Defendant appeared in an Appellate Brief filed by then-Deputy County Attorney Karen Hutson.  As such, Hutson, and by extension, the Defendant is entitled to absolute immunity.

9

## POINT IV

## NO HEIGHTENED PLEADING REQUIREMENT IN § 1983 LAWSUITS

With respect to Plaintiff's first and second causes of action in the proposed second amended complaint, Defendant contends that there is no need for any amendment. More specifically, the first cause of action appears to be the same as that currently found in his first amended complaint. The proposed second cause of action purports to include language consistent with the Supreme Court's recent opinions on Second Amendment cases. Because there is no heightened pleading requirement, there is no need for Plaintiff to insert additional allegations consistent with those opinions. Indeed, when the Supreme Court remanded this case in June 2010, it did not send the case back to the District Court but only to the Second Circuit. Thus, the Supreme Court never intended Plaintiff to have any need to amend his pleadings in order to pursue his claims.

Accordingly, this Court should deny Plaintiff's motion as it relates to amendments to those causes of action.

## CONCLUSION

In light of the foregoing, Defendant respectfully submits that the proposed second amended complaint would be futile and, thus, Plaintiff's motion should be denied in its entirety. Defendant also seeks such other and further relief as this Court may deem just and proper.

Dated: Mineola, New York
October 6, 2010

/s/
Liora M. Ben-Sorek
Deputy County Attorney

To: James Maloney, Esq. (Via ECF)
Plaintiff *Pro Se*

10