UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JAMES M. MALONEY,

       Plaintiff,                                                  CV 03-786 (ADS) (MLO)

   - against -

ANDREW CUOMO, in his official capacity as
Attorney General of the State of New York, ELIOT
SPITZER, in his official capacity as Governor of
the State of New York, and KATHLEEN A. RICE,
in her official capacity as District Attorney of the
County of Nassau, and their successors,

       Defendants.

-----------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN SUPPORT OF RULE 15 MOTION**


                                                  JAMES M. MALONEY
                                                  *Plaintiff Pro Se*
                                                  33 Bayview Avenue
                                                  Port Washington, NY 11050

                                                  (516) 767-1395

TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

1. REPLY TO THE "STATEMENT OF FACTS" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2. THE MISCHARACTERIZATION OF THE CLAIM AS ONE OF "DEFAMATION"  . . . . . 3

3. THE "ASIDE" THAT PLAINTIFF HIMSELF "IS IN VIOLATION OF NYSSL § 422" . . . . 4

4.  THE CLAIM OF A "NOTICE REQUIREMENT" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5.  THE ARGUMENT THAT "THE SUBJECT STATEMENT IS ENTITLED
    TO ABSOLUTE IMMUNITY" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>PRELIMINARY STATEMENT</u>

This memorandum is submitted, in accordance with the briefing schedule in this Court's Order to Show Cause signed September 24, 2010, in reply on Plaintiff's motion for leave to supersede the Amended Verified Complaint with a proposed new pleading.

Plaintiff-movant relies on his moving papers, except as to the following five areas of argument or commentary in the Opposition memorandum that will be addressed herein: (1) the "Statement of Facts" (Opposition Memorandum, Document # 114, pages 2-3); (2) the mischaracterization of the proposed claim as one of "defamation" (page 6); (3) the "aside" that Plaintiff himself "is in violation of NYSSL § 422" (page 7); (4) the claim of a "notice requirement" (pages 7-8); and (5) the argument that "the subject statement is entitled to absolute immunity" (page 9).

1. <u>REPLY TO THE "STATEMENT OF FACTS"</u>

The opposition brief's unnecessary and self-serving "statement of facts" begins with a narrative that tellingly fails to omit the very significant fact that, during the twelve hours that Plaintiff was in his home after having been falsely accused of threatening a telephone worker (which charge was subsequently dismissed separate and apart from the plea bargain), Plaintiff, who was well aware of his rights under *Payton v. New York*, 445 U.S. 573 (1980), repeatedly demanded of the police surrounding his home that if they wished him to honor their "request" that he exit his home, that they secure a warrant (which they never did). In the following paragraph, the brief makes reference to numerous "illegal firearms," but that is a misstatement of combined law and fact akin to a statement that Rosa Parks was "illegally" riding in the front of

the segregated bus. All of Plaintiff's firearms, including the three revolvers that were seized after the police blew Plaintiffs safe apart using explosives, had been legally purchased; none were "illegal" in the sense of prohibited weapons such as short-barreled shotguns or firearms with defaced serial numbers. The only thing that arguably made any of Plaintiff's firearms "illegal" was the fact that the revolvers, all of which were unloaded and secured in Plaintiff's locked safe, and which had been purchased in 1982, 1984 and 1989, in Florida or New Jersey pursuant to federal and local law, had not been "registered" in New York after Plaintiff moved to his present home. Doing so would, under local law, have required surrendering the revolvers to the local authorities and giving them unfettered discretion as to whether they would return them. While such a regulatory scheme may have been functionally beyond challenge before the Second Amendment was recognized as a personal right applicable as against the states, that is far from the case today. In any event, Plaintiff had in good faith attempted reasonable compliance by having rendered two of the three revolvers inoperable upon moving into the state, and it has never been disputed that only one (the one not readily capable of being rendered inoperable, as were the other two) was even operable when it was seized. There is thus no basis to make a statement alluding to "numerous . . . illegal firearms," since only one revolver was even operable. Nor is it germane to this motion--except as yet another *ad hominem* argument.

    The opposition brief concludes by mentioning that Plaintiff's "separate suit . . . concerning the events which started on August 23, 2000" was recently dismissed on summary judgment, implying that the dismissal was on the merits or that the acts complained of were found to have been unsupported by the evidence, but neither is the case; in fact, the doctrine of qualified immunity was extended to fit the circumstances. Rather than comment further on the

opinion, a copy of same is annexed as an appendix hereto.

Defendant is correct that Plaintiff never sought to or to proceed anonymously or to seal the documents in that case, *Maloney v. Nassau County et al.*, CV-03-4178, which was the same case in which relief from Plaintiff's having been listed on the New York State Child Abuse and Maltreatment Register was originally sought in the federal forum after no hearing had been scheduled after some two years. Plaintiff proceeded in his own name simply because Plaintiff believed--perhaps naively--that justice is best sought in an open public forum to maximal extent possible. Plaintiff also was and remains well aware that his having been listed on the New York State Child Abuse and Maltreatment Register was solely the result of his choice to exercise his rights under *Payton v. New York*, 445 U.S. 573 (1980), to remain in his home unless police produced a warrant (which they never did), and that being listed on the New York State Child Abuse and Maltreatment Register merely for having exercised that right was and remains a matter of public concern. *See, e.g.*, Plaintiff's letter to New York State Child Abuse and Maltreatment Register dated July 9, 2001 (Document 102-3) (Exhibit 3 to Plaintiff's declaration in support of this motion) (referencing *Payton v. New York*, etc.).

2. THE MISCHARACTERIZATION OF THE CLAIM AS ONE OF "DEFAMATION"

Oddly, at page 6, Defendant asserts: "It is universally accepted that truth is a defense to a claim of defamation. Indeed, the Second Circuit has determined that it is an absolute defense." While that is certainly correct, Plaintiff is not seeking to add any defamation claim (which would in any event be long-barred by the one-year statute of limitations), nor is either of the two new claims that Plaintiff is seeking to add by amending the pleading comparable to a defamation

-3-

claim. Of course it is <u>true</u> that Plaintiff was listed on the New York State Child Abuse and Maltreatment Register at the time Defendants's disclosure was made, and that Plaintiff remained so listed until he finally had a fair hearing and a decision was rendered---nearly a year <u>after</u> the disclosure was made.  But now, although Plaintiff is no longer listed on the New York State Child Abuse and Maltreatment Register (it having been found that such a listing was all along unsupported), Defendant's disclosure remains, a permanent public record of a once-true but legally unsupported attribution that is stigmatizing, humiliating, and degrading, with no internal (or even external) mechanism for correction.  Indeed, that is one reason why such disclosures--even if true--are prohibited by state law.

Defamation depends entirely on the falsity of the complained-of factual statement. There is no defamation claim made or to be made here.  That Defendant's counsel asserts the defense of truth against a perceived (but not asserted or proposed) "defamation" claim implies either that counsel has simply not read the papers on this motion or, more egregiously, that she is willing to gamble that this Court will not.  Either is troubling when so much is at stake.

3. <u>THE "ASIDE" THAT PLAINTIFF HIMSELF "IS IN VIOLATION OF NYSSL § 422"</u>

At page 7, Defendant posits that Plaintiff himself violated New York Social Services Law § 422 by having sought redress by proceeding in his own name (rather than anonymously) and without requesting the sealing of documents, in *Maloney v. Nassau County et al.*, CV-03-4178.  (See discussion *supra* for Plaintiff's reasons for doing so.)

Defendant appears to be saying that her own disclosure of the fact of Plaintiff's listing on the Register is no more nor less culpable <u>criminally</u> (since SSL § 422 defines such

-4-

disclosure as a misdemeanor) than was Plaintiff's own attempt to seek redress in federal court. The patent absurdity of that argument aside, Defendant has one significant "big stick" that Plaintiff lacks: the power of prosecutorial discretion.  She can (and of course has) declined to prosecute herself, but, disturbing as the prospect seems, she nonetheless has the power and ability to prosecute Plaintiff for having sought redress in federal court (and thereby, in her view, violated New York Social Services Law § 422), and she would have absolute immunity from civil suit were she to do so.  As such, the argument made as an "aside" at page 7 amounts to a veiled threat "spoken softly," and, correspondingly, to a manifestation of questionable legal ethics.

Plaintiff notes that, in having proceeded openly in his own name, he is in the company of an entire class of individuals (although he is not a member of the defined class, which consists of child care providers) in a class action brought subsequent to *Maloney v. Nassau County et al.*, CV-03-4178, seeking similar relief, and currently proceeding in the Southern District of New York, *Finch v. New York State Office of Children and Family Services*, Docket No. 04-Civ-1668 (SAS).  The lead plaintiffs are all proceeding openly in their own names.  Presumably, under Defendant's theory, they are all as criminally culpable as Plaintiff.

### 4. THE CLAIM OF A "NOTICE REQUIREMENT"

Defendant RICE was not acting within the scope of her duties when she unlawfully maintained the complained-of disclosure notwithstanding Plaintiff's repeated demands that it be retracted.  As such, the cited statutes at page 7 of the Opposition Memorandum are not applicable.

## 5. THE ARGUMENT THAT "THE SUBJECT STATEMENT IS ENTITLED TO ABSOLUTE IMMUNITY"

Defendant cites (giving the Lexis cite only, although the case is reported) *Spear v. Town of West Hartford*, 954 F.2d 63 (2d Cir. 1992), for the vague, tenuous and undeveloped proposition that absolute immunity is available to Defendant under the circumstances present here. But here, in sharp contrast to *Spear* or <u>any</u> other case granting absolute immunity to a government attorney, the complained-of disclosure, made in the context of an appellate brief, did not relate to <u>anything</u> in the record that was then before the appellate court. This Court had never been briefed on Plaintiff's Register listing, nor did not that fact figure in any way into this Court's decision, nor did the disclosure serve any legitimate purpose in the appellate brief. Absolute immunity is granted sparingly, *Burns v. Reed*, 500 U.S. 478, 487 (1991), and it is tied to the <u>function</u> performed by the government actor seeking to invoke it. *See, e.g.*, Chemerinsky, Federal Jurisdiction (5th ed. 2007) at § 8.6.2. Indeed, the three broad functional classes of absolute immunity are judicial acts, legislative acts, and prosecutorial function. *See id.* Defendant was performing none of these functions when she permitted the complained-of brief to stand notwithstanding Plaintiff's repeated requests for retraction.

## CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that this Court should GRANT Plaintiff's motion to amend/supplement the complaint as proposed.

Dated:      October 12, 2010
            Port Washington, New York

_____

James M. Maloney (JM-5297)
Plaintiff *pro se*
33 Bayview Avenue
Port Washington, New York

(516) 767-1395