UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JAMES M. MALONEY,                             CV-03-0786 (ADS) (AKT)

                Plaintiff,              ANSWER TO
                                                                       SECOND AMENDED
    -   against -                                VERIFIED COMPLAINT

KATHLEEN M. RICE, individually and
in her official capacity as District Attorney
of the County of Nassau,

                Defendant.
------------------------------------------------------X

       Defendant, Kathleen M. Rice, by her attorney, John Ciampoli, Nassau County Attorney, by Liora M. Ben-Sorek, Deputy County Attorney, Answers the Second Amended Verified Complaint (the "Complaint") as follows:

### ANSWERING THE SECTION DENOTED: "PARTIES"

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint and respectfully refers all questions of law to the Court.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Complaint, except admits that defendant, Kathleen M. Rice, is the District Attorney of the County of Nassau, and respectfully refers all questions of law to the Court.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint and respectfully refers all questions of law to the Court, except admits that Plaintiff faced criminal

charges arising out of an incident that took place on or about August 23-24, 2000.

### ANSWERING THE SECTION DENOTED: "JURISDICTION, VENUE, AND PROCEDURAL HISTORY"

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint and respectfully refers all questions of law to the Court.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint and respectfully refers all questions of law to the Court.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint and respectfully refers all questions of law to the Court.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint and respectfully refers all questions of law to the Court.

### ANSWERING THE SECTION DENOTED: "GENERAL BACKGROUND"

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint and respectfully refers all questions of law to the Court, except admits that Plaintiff was found to have been in possession of chuka sticks on August 24, 2000.

9. Denies the allegations contained in paragraph 9 of the Complaint, except admits that Plaintiff was charged with criminal possession of a weapon and was in possession of several weapons as of August 24, 2000.

10. Denies the allegations contained in paragraph 10 of the Complaint and respectfully refers all questions of law to the Court.

11. Denies the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint and respectfully refers all questions of law to the Court.

### ANSWERING THE SECTION DENOTED: "PLAINTIFF'S BACKGROUND AND STANDING TO SUE"

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint and respectfully refers all questions of law to the Court.

### ANSWERING THE SECTION DENOTED: "THE NUNCHAKU AND ITS REGULATION BY VARIOUS GOVERNMENTS"

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint and respectfully refers all questions of law to the Court.

29. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint and respectfully refers all questions of law to the Court.

30. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint and respectfully refers all questions of law to the Court.

31. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint and respectfully refers all questions of law to the Court.

32. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Complaint and respectfully refers all questions of law to the Court.

33. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint and respectfully refers all questions of law to the Court.

34. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Complaint and respectfully refers all questions of law to the Court.

35. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint and respectfully refers all questions of law to the Court.

36. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the Complaint and respectfully refers all questions of law to the Court.

a. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36(a) of the Complaint and respectfully refers all questions of law to the Court.

b. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36(b) of the Complaint and respectfully refers all questions of law to the Court.

c. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36(c) of the Complaint and respectfully refers all questions of law to the Court.

d. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36(d) of the Complaint and respectfully refers all questions of law to the Court.

37. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Complaint and respectfully refers all questions of law to the Court.

38. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Complaint and respectfully refers all questions of law to the Court.

39. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39 of the Complaint and respectfully refers all questions of law to the Court.

40. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Complaint and respectfully refers all questions of law to the Court.

41. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Complaint and respectfully refers all questions of law to the Court.

42. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Complaint and respectfully refers all questions of law to the Court.

43. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the Complaint.

45. Denies the allegations contained in paragraph 45 of the Complaint and respectfully refers all questions of law to the Court.

**ANSWERING THE SECTION DENOTED:**
**"CONSTITUTIONAL BASES FOR THE CHALLENGE"**

46. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Complaint and respectfully refers all questions of law to the Court.

47. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the Complaint and respectfully refers all questions of law to the Court.

48. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the Complaint and respectfully refers all questions of law to the Court.

49. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 of the Complaint and respectfully refers all questions of law to the Court.

**ANSWERING THE SECTION DENOTED:**
**"FIRST CAUSE OF ACTION"**

50. Repeats, reiterates and realleges each and every response to paragraphs 1 through 49, above, as if the same were more fully set forth at length herein.

51. Denies the allegations contained in paragraph 51 of the Complaint and respectfully refers all questions of law to the Court.

**ANSWERING THE SECTION DENOTED:**
**"SECOND CAUSE OF ACTION"**

52. Repeats, reiterates and realleges each and every response to paragraphs 1 through 51, above, as if the same were more fully set forth at length herein.

53. Denies the allegations contained in paragraph 53 of the Complaint and respectfully refers all questions of law to the Court.

**ANSWERING THE SECTION DENOTED**
**"THIRD CAUSE OF ACTION"**

54. Denies the allegations contained in paragraph 54 of the Complaint.

55. Denies the allegations contained in paragraph 55 of the Complaint.

56. Denies the allegations contained in paragraph 56 of the Complaint.

57. Denies the allegations contained in paragraph 57 of the Complaint and respectfully refers all questions of law to the Court.

58. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 58 of the Complaint and respectfully refers all questions of law to the Court.

59. Denies the allegations contained in paragraph 59 of the Complaint and respectfully refers all questions of law to the Court.

60. Denies the allegations contained in paragraph 60 of the Complaint and respectfully refers all questions of law to the Court.

61. Denies the allegations contained in paragraph 61, except admits that the statement at issue was accurate at the time made.

62. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 63 of the Complaint and respectfully refers all questions of law to the Court.

63. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 63 of the Complaint and respectfully refers all questions of law to the Court.

64. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64 of the Complaint and respectfully refers all questions of law to the Court.

65. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 65 of the Complaint and respectfully refers all questions of law to the Court.

66. Denies the allegations contained in paragraph 66 of the Complaint.

67. Denies the allegations contained in paragraph 67 of the Complaint, except admits that Plaintiff-Appellant's motion to strike the complained-of brief, made to the Second Circuit, was denied and further admits that the Merits Panel consistently denied Plaintiff-Appellant's motion regarding same.

68. Denies the allegations contained in paragraph 68 of the Complaint.

69. Denies the allegations contained in paragraph 69 of the Complaint.

70. Denies the allegations contained in paragraph 70 of the Complaint, except admits that the complained-of brief was not withdrawn.

71. Denies the allegations contained in paragraph 71 of the Complaint.

72. Denies the allegations contained in paragraph 72 of the Complaint.

73. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 73 of the Complaint.

74. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 74 of the Complaint.

75. Denies the allegations contained in paragraph 75 of the Complaint.

76. Denies the allegations contained in paragraph 76 of the Complaint.

77. Denies the allegations contained in paragraph 77 of the Complaint.

78. Denies the allegations contained in paragraph 78 of the Complaint.

79. Denies the allegations contained in paragraph 79 of the Complaint.

80. Denies the allegations contained in paragraph 80 of the Complaint.

81. Denies the allegations contained in paragraph 81 of the Complaint.

82. Denies the allegations contained in paragraph 82 of the Complaint.

83. Denies the allegations contained in paragraph 83 of the Complaint.

84. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 84 of the Complaint and respectfully refers questions of law to the Court.

85. Denies the allegations contained in paragraph 85 of the Complaint.

86. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 86 of the Complaint and respectfully refers questions of law to the Court.

87. Denies the allegations contained in paragraph 87 of the Complaint and respectfully refers all questions of law to the Court.

88. Denies the allegations contained in paragraph 88 of the Complaint.

## AFFIRMATIVE DEFENSES

89. The Second Amended Complaint fails to state a claim upon which relief may be granted.

90. Defendant, Nassau County District Attorney Kathleen M. Rice, is entitled to absolute, partial and/or qualified immunity.

91. Should Plaintiff recover damages as a result of a finding of liability in whole or in part as against defendant Kathleen M. Rice, such recovery should be reduced and diminished in proportion to the degree of comparative fault, wrongdoing, and/or comparative negligence of the Plaintiff in contributing to such damages.

92. The alleged act or omission of the defendant, Kathleen M. Rice, was not the proximate cause of any injury(ies) or damage(s) purportedly incurred by Plaintiff. Any injury(ies) or damage(s) incurred by Plaintiff was the result of

Plaintiff's own actions, the actions of others and/or the superseding intervention of causes outside the control of this answering Defendant.

93. If the Plaintiff sustained the damages as alleged in the Second Amended Complaint, such damages were sustained solely through and by virtue of the wrongful, reckless and/or negligent action(s), conduct and/or omission(s) of the Plaintiff without any wrongdoing, recklessness and/or negligence on the part of the defendant contributing thereto.

94. Should this action be interpreted as one for defamation, truth is an absolute defense.

95. This action, including but not limited to the Second and Third Causes of Action, is barred by the equitable doctrines of Res Judicata and/or collateral estoppel.

96. Plaintiff has not complied with Article 50 *et seq.* of the General Municipal Law of the State of New York and the appropriate sections of the County Law of the State of New York.

97. This action, including but not limited to the Second and Third Causes of Action, is barred by the Statute of Limitations.

98. Plaintiff's Constitutional and/or Statutory rights have not been violated.

99. The complained-of actions were in full accord with the applicable law.

100. The alleged acts or omissions of the named County Defendant, Kathleen M. Rice, herein, under the case of *Monell v. New York City Dep't of Soc. Serv.*, does not create vicarious liability upon the County of Nassau under a

*respondeat superior* theory of recovery. Consequently, the County of Nassau cannot be liable for any acts or conduct of any individual defendant.

101. Plaintiff has failed to mitigate his damages.

102. Punitive damages are not recoverable against the County of Nassau as a matter of law.

WHEREFORE, Defendant Kathleen M. Rice, requests an Order dismissing the Second Amended Complaint in its entirety, and with prejudice, together with such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
November 3, 2010

>                         JOHN CIAMPOLI
>                         Nassau County Attorney
>                         One West Street
>                         Mineola, New York 11501
>
> By:      /s/
>                         Liora M. Ben-Sorek
>                         Deputy County Attorney
>                         (516) 571-3014
>                         Attorney for Defendant Rice

To: James M. Maloney, Esq. (Via ECF)
33 Bayview Avenue
Port Washington, New York 11050
(516) 767-1395
Plaintiff *Pro Se*