ADMITTED TO PRACTICE IN:
NEW YORK; NEW JERSEY;
UNITED STATES SUPREME COURT;
U.S. COURTS OF APPEALS FOR THE SECOND AND THIRD CIRCUITS;
U.S. DISTRICT COURTS FOR THE DISTRICT OF CONNECTICUT; DISTRICT OF NEW JERSEY; NORTHERN DISTRICT OF ILLINOIS; EASTERN, NORTHERN & SOUTHERN DISTRICTS OF NEW YORK; U.S. COURT OF INTERNATIONAL TRADE; U.S. COURT OF FEDERAL CLAIMS.

JAMES M. MALONEY
ATTORNEY AT LAW
PROCTOR IN ADMIRALTY



P.O. BOX 551
33 BAYVIEW AVENUE
PORT WASHINGTON, NY 11050

TEL: (516) 767-1395
FAX: (516) 767-1326

E-MAIL ADDRESS:
**maritimelaw@nyu.edu**

June 17, 2011

Honorable Arlene R. Lindsay
United States District Court, E.D.N.Y.
814 Federal Plaza
Central Islip, New York 11722-4451

Re: *Maloney v. Rice*
Docket No. CV- 03-786

Via ECF with courtesy copy by regular mail

Dear Judge Lindsay:

I write pursuant to Your Honor's Individual Rule 2(A) and Local Civil Rule 37.3 to address Defendant's apparent refusal (through the Office of the Nassau County Attorney) to appear personally for a deposition.

By way of background, I am the *pro se* Plaintiff in the above-captioned case, in which I have long sought declaratory judgment on the question of the constitutionality of certain provisions of the New York Penal Law *only* to the extent that those statutes define as a crime the simple possession of nunchaku (a martial-arts weapon) in one's own home. In September 2010, after a lengthy appellate procedural history not germane here, and following remand to this Court, I moved under Rule 15 to amend the complaint, both to bring its allegations into conformity with then-current Second Amendment law and to add two new causes of action arising out of Defendant RICE's conduct in this litigation. On October 15, 2010 Judge Spatt granted that motion (which had been brought on by order to show cause) as to one of the proposed new causes of action, which is now set forth as the Third Cause of Action in the Second Amended Complaint (Document # 116) filed on October 22, 2010. Significantly for present purposes, that pleading names Defendant RICE both individually and in her official capacity with regard to the Third Cause of Action; four of its six exhibits (Documents ## 116-3 through 116-6) relate to her personal acts or omissions. Indeed, the final three exhibits (Documents ## 116-4 through 116-6) are letters or other notices that I sent to Defendant RICE individually between November 2007 and September 2008, pleading with her to retract the

statutorily illegal, highly stigmatizing (and later shown to be utterly unfounded) disclosure that was made on her behalf in a brief before the Second Circuit, and which Defendant RICE nonetheless permitted to stand until it had become widely disseminated (and thereafter).

Accordingly, Defendant RICE's personal knowledge is relevant and discoverable, and her deposition is clearly the most expedient means of exploring that personal knowledge. After an unsuccessful attempt to elicit admissions, I served notice of Defendant RICE's deposition on Deputy County Attorney Liora Ben-Sorek on May 6, 2011. I received no communication in response until May 25, when Ms. Ben-Sorek e-mailed me the following: "Reference is made to your deposition notice for Ms. Rice. I am not available on the noticed date of June 10. Upon my return to the office the following week, I will contact you to reschedule. **This letter also serves to alert you that we may invoke Local Civil Rule 30.5(a).** I am attempting to ascertain the information necessary in that regard and will have more information for you during the week of June 14." (Emphasis added.)

Two days later, on May 27, 2011 (having read Local Civil Rule 30.5 in the interim), I served a second notice of Defendant RICE's deposition on Ms. Ben-Sorek, in which I included the following language:

> PLEASE TAKE FURTHER NOTICE that the above date of June 14, 2011, is an adjournment, made as a courtesy to counsel and at her request, from the original noticed date of June 10, 2011, as noticed on May 6, 2011. While this does not preclude the possibility of further adjournment,
>
> PLEASE TAKE FURTHER NOTICE that, pursuant to Local Civil Rule 30.5, any affidavit under subsection (a) thereof must be submitted to the undersigned "reasonably before the date noticed for the deposition."

On June 7, 2011, I received a telephone call on the matter from Deputy County Attorney Douglas Lerose, during which conversation I indicated in no uncertain terms that: (a) I wished to depose Defendant RICE personally, as it was her personal knowledge I was seeking with regard to the Third Cause of Action; and (b) that any affidavit under Local Civil Rule 30.5(a) absolutely must be provided by the end of the week of June 13, i.e., by Friday, June 17. Mr. Lerose assured me that he would pass on that information to Ms. Ben-Sorek.

On the morning of Tuesday, June 14, 2011, I wrote the following in an e-mail to Ms. Ben-Sorek: "This will conf[i]rm that it is my understanding that no deposition of Defendant will go forward today. Please let me know your proposal(s)." She responded within ten minutes: "Today is my first day back in the office and it was my understanding that no deposition would go forward today and that I would be in contact with you this week regarding same. I will be in communication with you **later today**." (Emphasis added.) Later in the day I e-mailed back to the effect that I was still waiting to hear from her.

Notwithstanding her statement, "I will be in communication with you later today[,]" I received no further communication, nor any affidavit under Local Civil Rule 30.5(a), from Ms. Ben-Sorek for two days thereafter, so on the evening of Thursday, June 16, 2011, I sent her an e-mail noting same and proposing Wednesday, June 29, for Defendant RICE's deposition. Although I received an electronic return receipt indicating that Ms. Ben-Sorek had opened the e-mail early on the morning of Friday, June 17, 2011, she neither called nor e-mailed me all day, until after I had left her a voice mail message at about 4:30 p.m. reminding her of her various promises, following which she sent me an e-mail containing the following: "In furtherance of our e-mail communications regarding your deposition notice to District Attorney Rice, I am in the process of culling together the information necessary for an affidavit, pursuant to Fed. R. Civ. P. 30.5, setting forth the identity of a person designated to provide testimony in this matter. . . . I have conveyed your suggested date of June 29 and am awaiting a response as to whether that date is acceptable. You will, of course, be receiving the 30.5 affidavit in a more than reasonable time prior to the actual deposition date."

Given the foregoing, it has become clear that the County Attorney's Office can no longer possibly produce an affidavit under Local Civil Rule 30.5(a) "reasonably before the date noticed for the deposition[,]" and, more to the point, that it has little if any intention of producing Defendant RICE personally at all -- even though her personal knowledge is crucial to the Third Cause of Action. Moreover, it seems equally clear that the County Attorney's Office's strategy is to delay each stage in this developing discovery dispute incrementally so as to prolong resolution to the maximal extent possible. As noted in *Harris v. Computer Associates Intern., Inc.*, 204 F.R.D. 44, 46 (E.D.N.Y. 2001), the "common scenario" of "[d]epositions of high level corporate executives [that were] duplicative, cumulative and burdensome where the person sought to be deposed has no personal knowledge of the events in dispute" is what led to adoption of Local Civil Rule 30.5. Those factors are certainly not applicable here.

Accordingly, and in light of the considerable delays achieved by the County Attorney's Office thus far, it is respectfully requested that the Court compel the production of Defendant RICE personally for a deposition, or, in the alternative under Your Honor's Individual Rule 2(A)(1), treat this letter as a request for a pre-motion conference for a formal motion to compel, and for the anticipated motion or cross-motion by the County Attorney's Office for a protective order.

Respectfully,

James M. Maloney

cc (via ECF only): all counsel of record