EDWARD P. MANGANO
County Executive



JOHN CIAMPOLI
County Attorney

LIORA M. BEN-SOREK
Deputy Bureau Chief

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**
One West Street
Mineola, New York 11501-4820
PHONE: 516-571-3056
FAX: 516-571-3058
WRITER'S DIRECT LINE: 516-571-3014

June 22, 2011

Hon. Arlene R. Lindsay
United States District Court
Eastern District of New York
P.O. Box 9014
Central Islip, New York 11722

      Re:    James Maloney v. District Attorney Kathleen M. Rice
               <u>CV-03-0786 (ADS) (ARL)</u>

Dear Judge Lindsay:

This office represents Nassau County District Attorney Kathleen Rice, the defendant in the above-referenced action. This letter, with the attached exhibits, serves as Defendant's opposition to Plaintiff's motion to compel Hon. Rice's deposition (DE 120), as well as her cross-motion for a protective order pursuant to Fed. R. Civ. P. 26(c) and Local Civil Rule 30.5(b). For the reasons set forth below, Defendant respectfully requests that Plaintiff's motion be denied in its entirety and that a protective order be issued blocking the taking of Hon. Rice's deposition.

As an initial matter, it is requested that the Court permit the Defendant to exceed the three-page limit.

<u>Procedural Posture:</u>

The incidents which gave rise to this action took place in August, 2000 and this action commenced with the filing of a Complaint on February 18, 2003 (DE 1). A First Amended Complaint was filed on September 3, 2005 (DE 42). After motion practice and appellate review, this case was remanded back to the District Court in or about August 2010. Thereafter, Plaintiff moved by Order to Show Cause for leave to amend his complaint a second time. The matter was briefed and a hearing held before District Court Judge Spatt on October 15, 2010 at which time Plaintiff's motion was granted in part and denied in part.

Allegations in the Second Amended Complaint:

  On October 22, 2010 Plaintiff filed a Second Amended Complaint which contains three causes of action; the first two challenging the constitutionality of New York State Penal Laws §§ 265.00 through 265.02 as they relate to the prohibition against possession of nunchaku. The third cause of action is levied against DA Rice in her individual and official capacities, for the alleged unlawful disclosure of certain truthful (at the time they were made) facts about the Plaintiff in the context of an Appellate Brief filed by the County Attorney's Office as attorneys for DA Rice.

Discovery Held:

  Plaintiff's First Request for Admissions was duly responded to. To date Plaintiff has not interposed any objection(s) to those responses and has thus waived his right to do so. By virtue of the responses to his Request for Admissions and the Verification, Plaintiff was put on notice that the District Attorney lacked personal knowledge to respond to his requests. Specifically, the verification of Tammy Smiley, Bureau Chief of the District Attorney's Office Appeals Bureau states in pertinent part that she is "the most appropriate person to respond to [the Requests for Admissions]." (See Exhibit A, attached hereto).

Request to Take Deposition of District Attorney Rice:

  Thereafter, this office was served with a notice to take Hon. Rice's deposition on a date unilaterally selected by Plaintiff without any communication or consultation as to the availability of the witness or her attorney.

  According to Plaintiff the predominant purpose of the deposition is to ascertain the District Attorney's knowledge about items mailed to her attention. (See Maloney May 25, 2011 e-mail). This presupposes that the witness personally received and/or reviewed the mail in question. The basis for Plaintiff's assumption is that he mailed documents and letters to the District Attorney. Defendant's response to Maloney's Request for Admissions as well as notifying him of a possible 30.5(a) witness each demonstrates that the District Attorney does not have personal knowledge of the issue.

  Communications between the parties pertaining to the deposition notice are attached hereto as Exhibit B. By e-mail communication on May 25, 2011, Plaintiff was informed that the undersigned was unavailable on June 10, the noticed date, that we were contemplating designating a witness pursuant to Local Civil Rule 30.5 and that I would be in further communication with him during the week of June 14. His response, received that same day, expressed appreciation for the advance notice and indicated that if the date was not "OK for you . . . that's fine."

  Notwithstanding Maloney's agreement to communicate again "around" June 14 to resolve these issues, he proceeded to serve a second, or amended, deposition notice to take the testimony of Hon. Rice on June 14.[1] In communications between the parties (see Exhibit B) Maloney was alerted

---

[1] The Second Deposition Notice, dated May 29, 2011, inaccurately lists June 14, 2011 as a date made at my request, and Plaintiff's inclusion of that language in said Notice as well as in his Motion to Compel is a misrepresentation of the parties' communications. Indeed, as the entirety of the e-mails demonstrates, it was agreed that the parties would

that I was out of the office until June 14 and, upon my return, would coordinate a deposition which included the possibility of proffering a witness with knowledge of the relevant issues (i.e. a Local Civil Rule 30.5 witness) as opposed to Hon. Rice.

In his June 17 e-mail Plaintiff snidely suggested that this office "will delay the deposition of Ms. Rice indefinitely until a motion is made to compel." Dismissing Plaintiff's sarcastic notion and his obnoxious tone, I informed him specifically that that is not the situation at hand, that I was culling the appropriate details for the affidavit specified by Local Civil Rule 30.5(a), and that his suggested June 29 deposition date had been relayed to the District Attorney's Office.

Within hours of that message, Plaintiff had the temerity to file the within motion to compel alleging that this office did not act in good faith to produce Hon. Rice for deposition.

Attached hereto as Exhibit C is an affidavit of Hon. Kathleen Rice wherein she states that she lacks knowledge of the facts of this matter. Hon. Rice designates one of her Assistants, Peter Mancuso, to testify in her stead because ADA Mancuso possesses knowledge of Plaintiff's allegations relating to the allegedly unlawful disclosure of certain information about Plaintiff in an Appellate Brief.

Defendant proffers ADA Mancuso to testify in this matter on June 29, 2011, a date suggested by the Plaintiff and amenable to the ADA. It is Defendant's contention that by agreeing to furnish this witness on a date certain, Plaintiff's motion to compel is moot.

However, to the extent Plaintiff intends his motion to force the testimony of no witness other than the District Attorney herself, Defendant hereby cross-moves for a protective order preventing same.

Cross-Motion for Protective Order:
    "As a general proposition, high ranking government officials are not subject to depositions." Marisol A. v. Giuliani, 1998 U.S. Dist. LEXIS 3719, at *7 (S.D.N.Y. 1998). This position has been refined in subsequent cases. "Depositions of high-ranking government officials are generally not permitted except upon proof that (1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source and (2) the deposition would not significantly interfere with the ability of the official to perform his governmental duties." Murray v. County of Suffolk, 212 F.R.D. 108, 109 (E.D.N.Y. 2002). Essentially, "[h]igh-ranking government officials . . . enjoy a special immunity from being deposed absent a showing that their testimony is necessary and not unduly burdensome." Williams v. McCauseland, 1994 U.S. Dist. LEXIS 1723, at *9 (S.D.N.Y. 1994). "The limited immunity provided to high ranking government officials ensures that they have the necessary time to dedicate to their governmental duties and protects the mental process of executive and administrative officers in order to promote open channels of communication within government." Lederman v. Giuliani, 2002 U.S. Dist. LEXIS 19857, at *5-6 (S.D.N.Y. 2002).

The first prong of the standard test, to wit, that the relevant information cannot be obtained by any other source, is strictly imposed. See Marisol A., 1998 U.S. Dist. LEXIS 3719, at *7-8.

---

confer June 14 or later about the deposition notice.

Moreover, before permitting the involuntary deposition of a high ranking government official, courts require the party seeking the deposition to "demonstrate that the official's testimony will 'likely lead to the discovery of admissible evidence and is essential to that party's case.'" Id. (internal citations omitted).

Thus, in the case at bar, Plaintiff must establish that the testimony of District Attorney Rice will lead to the discovery of admissible evidence. Additionally, Plaintiff must establish that this information cannot be obtained from any other source, which his is not able to do. See Murray, 212 F.R.D. 108, 109.

In this case Plaintiff has been informed that the named defendant does not have personal knowledge, let alone "unique personal knowledge," of the information he seeks. Defendant has designated a person who does have knowledge of the issues alleged in Plaintiff's Third Cause of Action and said individual is prepared to testify on June 29, 2011.

In light of the foregoing, Defendant submits that Plaintiff's insistence upon Hon. Rice's deposition is vexatious, intended to embarrass her and is no more than a "fishing expedition."

Accordingly, Defendant respectfully requests a protective order preventing the taking of her deposition in this matter.

Conclusion:
For all of the reasons set forth hereinabove, it is respectfully requested that this Court issue an order denying Plaintiff's Motion to Compel in its entirety, issue an order preventing the taking of District Attorney Kathleen Rice's deposition in this matter, and granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

Liora M. Ben-Sorek
Deputy County Attorney

cc:     James Maloney, Esq. (Via ECF)

4

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

JAMES M. MALONEY,                                   CV-03-0786 (ADS) (ARL)

                          Plaintiff,                VERIFICATION

        - against -

KATHLEEN M. RICE, individually and
in her official capacity as District Attorney
of the County of Nassau,

                          Defendant.
------------------------------------------------------X

STATE OF NEW YORK)
                                    ss.:
COUNTY OF NASSAU )

        Tammy J. Smiley, being duly sworn, deposes and says:

        1. I am an Assistant District Attorney in the office of the District Attorney for the
County of Nassau and am currently the Bureau Chief of Appeals in that office.  Because
the requested Admissions concern documents received in the Appeals Bureau, I am the
most appropriate person to respond to same.

        2. I have read the above Defendant's Responses to Plaintiff's First Request for
Admissions and state that the responses to Requests for Admissions 3 through 13 therein
are true and accurate based upon my knowledge and belief.


                                                    _____
                                                    Tammy J. Smiley


Sworn to before me this
3rd day of May, 2011

_____
Notary Public


        MARIE L MURPHY
NOTARY PUBLIC STATE OF NEW YORK
        NASSAU COUNTY
       LIC. #01MU4939165
COMM. EXP. _08/01/14_

# EXHIBIT B

## Ben-Sorek, Liora M

| | |
|---|---|
| **From:** | Ben-Sorek, Liora M |
| **Sent:** | Wednesday, May 25, 2011 6:29 PM |
| **To:** | 'James Maloney' |
| **Subject:** | Maloney v. Rice |

Dear Mr. Maloney:

Reference is made to your deposition notice for Ms. Rice.  I am not available on the noticed date of June 10.  Upon my return to the office the following week, I will contact you to reschedule.  This letter also serves to alert you that we may invoke Local Civil Rule 30.5(a).  I am attempting to ascertain the information necessary in that regard and will have more information for you during the week of June 14.

Very truly yours,

Liora Ben-Sorek

*Liora M. Ben-Sorek*
Deputy Bureau Chief
General Litigation Bureau
Nassau County Attorney's Office
One West Street
Mineola, New York
Phone (516) 571-3014
Fax (516) 571-3058

*All material contained in this e-mail, including attachments, is privileged and intended solely for the person to whom the e-mail has been addressed.*  This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

**Ben-Sorek, Liora M**

| | |
|---|---|
| **From:** | James M. Maloney [jmm257@nyu.edu] |
| **Sent:** | Wednesday, May 25, 2011 9:20 PM |
| **To:** | Ben-Sorek, Liora M |
| **Subject:** | Re: Maloney v. Rice |

Dear Liora:

Acknowledged, and thanks for not waiting until the last minute. When picking the date I had thought that the Friday after Shavuot might be OK for you, but if not that's fine.

I'm not sure that Local Rule 30.5(a) contemplates the situation present here, where the government official is being sued individually and a substantial part of the deposition would be focused on when she received (and how, if it all, she acted upon) the notices and/or correspondences with enclosures that I sent to her personal attention, at least one of which was even sent in an envelope marked "PERSONAL AND CONFIDENTIAL" (see Exhibit 5 to the Second Amended Complaint).

But those are just my preliminary thoughts in response to your having alerted me to the possibility. We can engage in further discussion as the situation develops.

I assume that by "the week of June 14" you mean the week of June 13 (Monday dates defining weeks in the modern business and legal world), and in any event I look forward to being in touch with you again around then.

Jim

James M. Maloney
P.O. Box 551
Port Washington, NY 11050
(516) 767-1395
maritimelaw@nyu.edu

> ----- Original Message -----
> **From:** Ben-Sorek, Liora M
> **To:** James Maloney
> **Sent:** Wednesday, May 25, 2011 5:29 PM
> **Subject:** Maloney v. Rice
>
> Dear Mr. Maloney:
>
>      Reference is made to your deposition notice for Ms. Rice. I am not available on the noticed date of June 10. Upon my return to the office the following week, I will contact you to reschedule. This letter also serves to alert you that we may invoke Local Civil Rule 30.5(a). I am attempting to ascertain the information necessary in that regard and will have more information for you during the week of June 14.
>
> Very truly yours,
>
> Liora Ben-Sorek
>
> *Liora M. Ben-Sorek*
> Deputy Bureau Chief

General Litigation Bureau
Nassau County Attorney's Office
One West Street
Mineola, New York
Phone (516) 571-3014
Fax (516) 571-3058

*All material contained in this e-mail, including attachments, is privileged and intended solely for the person to whom the e-mail has been addressed.* This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

**Ben-Sorek, Liora M**

| | |
|---|---|
| **From:** | James M. Maloney [jmm257@nyu.edu] |
| **Sent:** | Sunday, May 29, 2011 11:42 AM |
| **To:** | Ben-Sorek, Liora M |
| **Cc:** | Dorothy Nese |
| **Subject:** | Maloney v. Rice |
| **Attachments:** | dep-notice-2-rice.pdf |

Dear Counsel:

Attached is a second Notice of Deposition following the recent request for an adjournment of the originally noticed date, with further notices therein, including notice related to Local Civil Rule 30.5. This second Notice is also enroute by regular mail.

Very truly yours,

James M. Maloney
P.O. Box 551
Port Washington, NY 11050
(516) 767-1395
maritimelaw@nyu.edu

## Ben-Sorek, Liora M

| | |
|---|---|
| **From:** | Ben-Sorek, Liora M |
| **Sent:** | Tuesday, June 07, 2011 3:18 AM |
| **To:** | 'James Maloney' |
| **Cc:** | Lerose, Douglas; Rapp, Kathryn V |
| **Subject:** | Maloney v. Rice |
| **Importance:** | High |

**Tracking:**

| Recipient | Read |
|---|---|
| 'James Maloney' | |
| Lerose, Douglas | Read: 6/7/2011 1:10 PM |
| Rapp, Kathryn V | |

Dear Mr. Maloney:

   In furtherance of our recent communication, this is to inform you that I will be out of the office until June 14 and at that time will communicate with you regarding the deposition notice that you served. It is my understanding that a second, or amended, notice was served listing June 14 as the date of testimony. Since that will be my first day back in the office, I will need time to coordinate a deposition as we discussed. Also, as set forth in my previous message, we may invoke Local Civil Rule 30.5. It is my understanding that your second or amended notice addresses this issue.

   I am copying Douglas Lerose, a Deputy Bureau Chief in my unit, and Kathryn Rapp, my assistant, on this message so that we are all clear on the status of the matter.

   Wishing you and yours a Happy Shavuot.

Very truly yours,

Liora Ben-Sorek

*Liora M. Ben-Sorek*
Deputy Bureau Chief
General Litigation Bureau
Nassau County Attorney's Office
One West Street
Mineola, New York
Phone (516) 571-3014
Fax (516) 571-3058

*All material contained in this e-mail, including attachments, is privileged and intended solely for the person to whom the e-mail has been addressed.* This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

## Ben-Sorek, Liora M

| | |
|---|---|
| **From:** | Ben-Sorek, Liora M |
| **Sent:** | Tuesday, June 14, 2011 9:16 AM |
| **To:** | 'James M. Maloney' |
| **Subject:** | RE: Maloney v. Rice |

Good Morning, Mr. Maloney.

Today is my first day back in the office and it was my understanding that no deposition would go forward today and that I would be in contact with you this week regarding same. I will be in communication with you later today.

*Liora M. Ben-Sorek*
Deputy Bureau Chief
General Litigation Bureau
Nassau County Attorney's Office
One West Street
Mineola, New York
Phone (516) 571-3014
Fax (516) 571-3058

*All material contained in this e-mail, including attachments, is privileged and intended solely for the person to whom the e-mail has been addressed.* This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

**From:** James M. Maloney [mailto:jmm257@nyu.edu]
**Sent:** Tuesday, June 14, 2011 10:07 AM
**To:** Ben-Sorek, Liora M
**Subject:** Maloney v. Rice

Good morning. This will confiorm that it is my understanding that no deposition of Defendant will go forward today. Please let me know your proposal(s).

Thanks,

James M. Maloney
P.O. Box 551
Port Washington, NY 11050
(516) 767-1395
maritimelaw@nyu.edu

6/20/2011

## Ben-Sorek, Liora M

| | |
|---|---|
| **From:** | James M. Maloney [jmm257@nyu.edu] |
| **Sent:** | Thursday, June 16, 2011 11:04 PM |
| **To:** | Ben-Sorek, Liora M |
| **Cc:** | Jim Maloney |
| **Subject:** | Re: Maloney v. Rice |
| **Importance:** | High |

I responded to your email of Tuesday (below) that same day (Tuesday), stating that I looked forward to hearing from you that day (Tuesday). It is now well past the close of busniess Thursday, two full days later, and I have not heard from you by email, phone, letter, or carrier pigeon. My essential understanding at this point is that you will delay the deposition of Ms. Rice indefinitely until a motion is made to compel. Is that about right? (If not, how is 10 am Wednesday, June 29?)

James M. Maloney
P.O. Box 551
Port Washington, NY 11050
(516) 767-1395
maritimelaw@nyu.edu

----- Original Message -----
**From:** Ben-Sorek, Liora M
**To:** James M. Maloney
**Sent:** Tuesday, June 14, 2011 8:15 AM
**Subject:** RE: Maloney v. Rice

Good Morning, Mr. Maloney.

Today is my first day back in the office and it was my understanding that no deposition would go forward today and that I would be in contact with you this week regarding same. **I will be in communication with you later today.**

*Liora M. Ben-Sorek*
Deputy Bureau Chief
General Litigation Bureau
Nassau County Attorney's Office
One West Street
Mineola, New York
Phone (516) 571-3014
Fax (516) 571-3058

*All material contained in this e-mail, including attachments, is privileged and intended solely for the person to whom the e-mail has been addressed.* This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

**From:** James M. Maloney [mailto:jmm257@nyu.edu]
**Sent:** Tuesday, June 14, 2011 10:07 AM
**To:** Ben-Sorek, Liora M
**Subject:** Maloney v. Rice

Good morning.  This will conform that it is my understanding that no deposition of Defendant will go forward today.  Please let me know your proposal(s).

Thanks,

James M. Maloney
P.O. Box 551
Port Washington, NY 11050
(516) 767-1395
maritimelaw@nyu.edu

## Ben-Sorek, Liora M

| | |
|---|---|
| **From:** | Ben-Sorek, Liora M |
| **Sent:** | Friday, June 17, 2011 4:47 PM |
| **To:** | 'James M. Maloney' |
| **Subject:** | RE: Maloney v. Rice |

Dear Mr. Maloney:

In furtherance of our e-mail communications regarding your deposition notice to District Attorney Rice, I am in the process of culling together the information necessary for an affidavit, pursuant to Fed. R. Civ. P. 30.5, setting forth the identity of a person designated to provide testimony in this matter.  Thus the response to your inquiry as to whether we are "delay[ing] the deposition of Ms. Rice indefinitely until a motion is made to compel," is no.

I have conveyed your suggested date of June 29 and am awaiting a response as to whether that date is acceptable.  You will, of course, be receiving the 30.5 affidavit in a more than reasonable time prior to the actual deposition date.

*Liora M. Ben-Sorek*
Deputy Bureau Chief
General Litigation Bureau
Nassau County Attorney's Office
One West Street
Mineola, New York
Phone (516) 571-3014
Fax (516) 571-3058

*All material contained in this e-mail, including attachments, is privileged and intended solely for the person to whom the e-mail has been addressed.*  This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

**From:** James M. Maloney [mailto:jmm257@nyu.edu]
**Sent:** Thursday, June 16, 2011 11:04 PM
**To:** Ben-Sorek, Liora M
**Cc:** Jim Maloney
**Subject:** Re: Maloney v. Rice
**Importance:** High

I responded to your email of Tuesday (below) that same day (Tuesday), stating that I looked forward to hearing from you that day (Tuesday).  It is now well past the close of busniess Thursday, two full days later, and I have not heard from you by email, phone, letter, or carrier pigeon.  My essential understanding at this point is that you will delay the deposition of Ms. Rice indefinitely until a motion is made to compel.  Is that about right?  (If not, how is 10 am Wednesday, June 29?)

James M. Maloney
P.O. Box 551
Port Washington, NY 11050
(516) 767-1395
maritimelaw@nyu.edu

----- Original Message -----
**From:** Ben-Sorek, Liora M
**To:** James M. Maloney
**Sent:** Tuesday, June 14, 2011 8:15 AM
**Subject:** RE: Maloney v. Rice

Good Morning, Mr. Maloney.

Today is my first day back in the office and it was my understanding that no deposition would go forward today and that I would be in contact with you this week regarding same. **I will be in communication with you later today.**

*Liora M. Ben-Sorek*
Deputy Bureau Chief
General Litigation Bureau
Nassau County Attorney's Office
One West Street
Mineola, New York
Phone (516) 571-3014
Fax (516) 571-3058

*All material contained in this e-mail, including attachments, is privileged and intended solely for the person to whom the e-mail has been addressed.* This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

**From:** James M. Maloney [mailto:jmm257@nyu.edu]
**Sent:** Tuesday, June 14, 2011 10:07 AM
**To:** Ben-Sorek, Liora M
**Subject:** Maloney v. Rice

Good morning. This will conform that it is my understanding that no deposition of Defendant will go forward today. Please let me know your proposal(s).

Thanks,

James M. Maloney
P.O. Box 551
Port Washington, NY 11050
(516) 767-1395
maritimelaw@nyu.edu

6/22/2011

**Ben-Sorek, Liora M**

| | |
|---|---|
| **From:** | James M. Maloney [jmm257@nyu.edu] |
| **Sent:** | Friday, June 17, 2011 5:51 PM |
| **To:** | Ben-Sorek, Liora M |
| **Cc:** | Victor M. Serby |
| **Subject:** | Re: Maloney v. Rice |

No, the 30.5 affidavit is already too late, since the rule requires that it be served before the noticed date. I apprised you of this repeatedly.

James M. Maloney
P.O. Box 551
Port Washington, NY 11050
(516) 767-1395
maritimelaw@nyu.edu

> ----- Original Message -----
> **From:** Ben-Sorek, Liora M
> **To:** James M. Maloney
> **Sent:** Friday, June 17, 2011 3:47 PM
> **Subject:** RE: Maloney v. Rice
>
> Dear Mr. Maloney:
>
> In furtherance of our e-mail communications regarding your deposition notice to District Attorney Rice, I am in the process of culling together the information necessary for an affidavit, pursuant to Fed. R. Civ. P. 30.5, setting forth the identity of a person designated to provide testimony in this matter. Thus the response to your inquiry as to whether we are "delay[ing] the deposition of Ms. Rice indefinitely until a motion is made to compel," is no.
>
> I have conveyed your suggested date of June 29 and am awaiting a response as to whether that date is acceptable. You will, of course, be receiving the 30.5 affidavit in a more than reasonable time prior to the actual deposition date.
>
>
> *Liora M. Ben-Sorek*
> Deputy Bureau Chief
> General Litigation Bureau
> Nassau County Attorney's Office
> One West Street
> Mineola, New York
> Phone (516) 571-3014
> Fax (516) 571-3058
>
> *All material contained in this e-mail, including attachments, is privileged and intended solely for the person to whom the e-mail has been addressed.* This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you

have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

**From:** James M. Maloney [mailto:jmm257@nyu.edu]
**Sent:** Thursday, June 16, 2011 11:04 PM
**To:** Ben-Sorek, Liora M
**Cc:** Jim Maloney
**Subject:** Re: Maloney v. Rice
**Importance:** High

I responded to your email of Tuesday (below) that same day (Tuesday), stating that I looked forward to hearing from you that day (Tuesday). It is now well past the close of busniess Thursday, two full days later, and I have not heard from you by email, phone, letter, or carrier pigeon. My essential understanding at this point is that you will delay the deposition of Ms. Rice indefinitely until a motion is made to compel. Is that about right? (If not, how is 10 am Wednesday, June 29?)

James M. Maloney
P.O. Box 551
Port Washington, NY 11050
(516) 767-1395
maritimelaw@nyu.edu

----- Original Message -----
**From:** Ben-Sorek, Liora M
**To:** James M. Maloney
**Sent:** Tuesday, June 14, 2011 8:15 AM
**Subject:** RE: Maloney v. Rice

Good Morning, Mr. Maloney.

Today is my first day back in the office and it was my understanding that no deposition would go forward today and that I would be in contact with you this week regarding same. **I will be in communication with you later today.**

*Liora M. Ben-Sorek*
Deputy Bureau Chief
General Litigation Bureau
Nassau County Attorney's Office
One West Street
Mineola, New York
Phone (516) 571-3014
Fax (516) 571-3058

*All material contained in this e-mail, including attachments, is privileged and intended solely for the person to whom the e-mail has been addressed.* This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

**From:** James M. Maloney [mailto:jmm257@nyu.edu]
**Sent:** Tuesday, June 14, 2011 10:07 AM
**To:** Ben-Sorek, Liora M

**Subject:** Maloney v. Rice

Good morning.  This will conform that it is my understanding that no deposition of Defendant will go forward today.  Please let me know your proposal(s).

Thanks,

James M. Maloney
P.O. Box 551
Port Washington, NY 11050
(516) 767-1395
maritimelaw@nyu.edu

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JAMES M. MALONEY,                                    CV-02-0786 (ADS) (AKT)

                                  Plaintiff,          AFFIDAVIT

            - against -

KATHLEEN M. RICE, individually and
in her official capacity as District Attorney
of the County of Nassau,

                                  Defendant.
------------------------------------------------------X

State of New York)
                 )   ss.:
County of Nassau )

          Kathleen M. Rice, being duly sworn, deposes and says:

          1.  I am the District Attorney for the County of Nassau, State of New York.

          2.  I am the defendant in the above-captioned action in which James Maloney,

              acting *pro se*, is challenging section 265.01 of the New York State Penal Law

              which, among other things, prohibits the possession of nunchaku.

          3.  It is my understanding that Maloney was permitted by the Court to add new

              claims against me in my individual and official capacities concerning an

              allegedly unlawful public disclosure of certain information about him that was

              contained in an appellate brief filed on my behalf in this action.

          4.  Plaintiff Maloney has unilaterally noticed a deposition in the above-captioned

              matter without prior consultation with my counsel, the Nassau County

              Attorney's Office, as to my availability.

5. More importantly, however, I have no personal knowledge of the facts and circumstances of Maloney's claims.

6. Assistant District Attorney Peter Mancuso has some knowledge about the issues raised in Maloney's complaint, as amended; in particular, ADA Mancuso received Maloney's unfounded allegation of illegal conduct by appellate counsel at the Nassau County Attorney's Office.

7. My responsibilities as the District Attorney are vast and I do not personally handle case files. Matters are delegated to the various bureaus within my office. Plaintiff Maloney's criminal and civil proceedings were no different.

8. There are 173 Assistants in my office among eighteen different bureaus.

9. I have been apprised that the federal Local Civil Rules of procedure contain a provision wherein a governmental official whose deposition is noticed or subpoenaed about a matter of which she lacks knowledge may identify an individual within the governmental entity who has knowledge of the subject matter involved in the pending action. In light of that provision, ADA Mancuso is designated as a person knowledgeable about the language in the appellate brief that Maloney finds objectionable.

Hon. Kathleen M. Rice

Sworn to before me this
21st day of June, 2011

Notary Public

Margaret M Leniston
Notary Public, State of New York
No. 01LE6002121
Commission Expires 2-2-2014