<div style="float:left">ADMITTED TO PRACTICE IN:
NEW YORK; NEW JERSEY;
UNITED STATES SUPREME COURT;
U.S. COURTS OF APPEALS FOR THE
SECOND AND THIRD CIRCUITS;
U.S. DISTRICT COURTS FOR THE
DISTRICT OF CONNECTICUT;
DISTRICT OF NEW JERSEY;
NORTHERN DISTRICT OF ILLINOIS;
EASTERN, NORTHERN & SOUTHERN
DISTRICTS OF NEW YORK; U.S.
COURT OF INTERNATIONAL TRADE;
U.S. COURT OF FEDERAL CLAIMS.</div>

# JAMES M. MALONEY
### ATTORNEY AT LAW
### PROCTOR IN ADMIRALTY



P.O. BOX 551
33 BAYVIEW AVENUE
PORT WASHINGTON, NY 11050

TEL: (516) 767-1395
FAX: (516) 767-1326

E-MAIL ADDRESS:
**maritimelaw@nyu.edu**

August 12, 2011

Honorable Arlene R. Lindsay
United States District Court, E.D.N.Y.
814 Federal Plaza
Central Islip, New York 11722-4451                Re:   *Maloney v. Rice*
                                                  Docket No. CV- 03-786

<u>Via ECF with courtesy copy by regular mail</u>

Dear Judge Lindsay:

     I write once again pursuant to Your Honor's Individual Rule 2(A) and Local Civil Rule 37.3 to seek an Order compelling the sole Defendant, Nassau County District Attorney Rice, to appear personally for a deposition. This letter follows the prior letter motion to compel and cross-motion for a protective order (DE ## 120, 121) that were withdrawn without prejudice upon agreement between counsel (see DE # 122) to take the deposition of an Assistant District Attorney, Mr. Joseph Mancuso, in hopes of eliciting some of the information sought. Mr. Mancuso was deposed on June 29, 2011, and the transcript recently became available.

     Unfortunately, Mr. Mancuso, while cooperative and candid, was wholly unable to answer the most basic of questions about such matters as the actions taken or not taken by the Defendant with regard to my November 2007 demand on Ms. Rice that the complained-of brief that is now the subject of the Third Cause of Action be withdrawn,[1] with regard to my

---

[1] The brief, filed with the Second Circuit on Rice's behalf in the instant case, made a disclosure specifically prohibited under § 422(12) of the New York Social Services Law, and deprived Plaintiff of due process, with permanent consequences. See Second Amended Complaint (DE # 116) at ¶¶ 54-88; see also Declaration of James M. Maloney executed September 15, 2010 (DE # 102) and exhibits thereto. A true copy of the November 2007 demand, which is the same as Exhibit 4 to the Second Amended Complaint and Exhibit 6 to the Mancuso Deposition, is annexed hereto as Exhibit 1. A true copy of the transcript of the Mancuso Deposition is annexed hereto as Exhibit 2.

two follow-up letters of August and September 2008, both sent to Ms. Rice in letters marked "personal and confidential,"[2] and even with regard to whether the Defendant ever read those letters.  For example, in the exchange at pages 25-32, although Mr. Mancuso states that it is "[his] understanding" that Ms. Rice never reviewed the "personal and confidential" letters that were marked as Exhibits 3 and 4, he goes on to indicate that he bases th understanding on information to the effect that such letters "would not have been shown" to Defendant Rice (see page 29, lines 24-25), information that appears to have originated with one Cheryl Rice (not the Defendant, Kathleen Rice) and to have been conveyed to Mr. Mancuso through Tammy Smiley during a conversation between Ms. Smiley and Mr. Mancuso that occurred on or about June 24, 2011.  (Thus, the proffered witness's double-hearsay-based "understanding" did not even originate with the Defendant herself.)

As to who determines which incoming correspondence Ms. Rice sees, Mr. Mancuso opined (reasonably enough): "It would be logical to ask that question of people who operate at the executive level at my office."  See page 32, lines 11-13.

It is respectfully submitted that the Defendant's personal knowledge with regard to whether and when she reviewed the documents sent to her in connection with the complained-of brief that is now the subject of the Third Cause of Action (and if she did not, how and under what circumstances those documents were able to be ignored) is not only relevant, but is an essential area of inquiry in the discovery process in this case.  The Third Cause of Action lies against the Defendant individually, see Second Amended Complaint (DE # 116) at ¶ 2, and cannot be prosecuted fairly or effectively absent an opportunity to elicit such information.  Moreover, Defendant's blanket statement, "I have no personal knowledge of the facts and circumstances of Maloney's claims[,]" Exhibit 3 to letter cross-motion for a protective order (DE # 121) at ¶ 5 (true copy annexed hereto as Exhibit 5), cannot reasonably be relied upon as a basis for foreclosing a proper inquiry into the specifics as part of the discovery process.  The Defendant asserts no privilege, and "[p]arties may obtain discovery regarding any nonprivi-leged matter that is relevant to any party's claim . . ."  F.R.C.P. 26(b)(1).

In Defendant's letter cross-motion for a protective order (DE # 121 at page 3), she cites several unreported Southern District cases and one reported Eastern District case for various propositions intended to support the notion that Defendant, under the circumstances present here, may not be deposed.  In *Murray v. County of Suffolk*, 212 F.R.D. 108 (E.D.N.Y. 2002), the court wrote: "Depositions of high-ranking government officials are generally not permitted except upon proof that '(1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source and (2) the deposition would not

---

[2] These were Exhibits 5 and 6, respectively, to the Second Amended Complaint (DE ## 116-5 and 116-6), and Exhibits 4 and 3, respectively, to the Mancuso Deposition, and are annexed hereto for the Court's convenience as numbered and marked at the Mancuso Deposition.

significantly interfere with the ability of the official to perform his governmental duties.'" *Id.* (citing and quoting *Marisol A. v. Giuliani*, No. 95 Civ. 10533 (RJW), 1998 WL 132810 *2 (S.D.N.Y. May 23, 1998)).[3] But in *Murray*, the plaintiff sought to depose a high-ranking official not because of any claim that that individual had relevant personal knowledge, but, rather, simply because that individual was "the ultimate individual in c[harg]e of departmental policy." *Id.* Here, in sharp contrast, Ms. Rice's personal knowledge as to her own treatment of my notice and letters addressed directly to her is the nucleus of the information being sought, and that information goes to the heart of the Third Cause of Action, which, as noted, has been brought against the Defendant not only in her official capacity but individually as well, see Second Amended Complaint (DE # 116) at ¶ 2.

As to the second prong as articulated in *Murray*, i.e., whether a deposition would "significantly interfere" with the ability of the District Attorney to perform her governmental duties, it should be noted that, at an in-person meeting between myself and Ms. Ben-Sorek on August 10, 2011, I gave assurances both that I would accommodate Ms. Rice's schedule and that I expected that it would take no more than two to three hours at most. (Indeed, it may be considerably shorter.) As with Mr. Mancuso's deposition, I would hold the deposition at 114 Old Country Road in Mineola, literally across the street from the District Attorney's offices. It is inconceivable that such a short commitment of time, arranged to accommodate her schedule, could "significantly interfere" with the ability of the District Attorney to perform her governmental duties.

Notwithstanding the discussion had at the above-described meeting (satisfying the requirement of Local Rule 37.3(a)), Ms. Ben-Sorek and I have reached an impasse on the issue of whether the Defendant may be deposed in this case, making this renewed letter motion necessary. Accordingly, it is respectfully requested that the Court compel the production of Defendant Rice personally for a deposition, or, in the alternative under Your Honor's Individual Rule 2(A)(1), treat this letter as a request for a pre-motion conference for a formal motion to compel, and for the anticipated formal cross-motion by the Defendant for a protective order.

                Respectfully,

                James M. Maloney

cc (via ECF only): all counsel of record

---

[3] In *Marisol A.*, the court noted that "case law in the Second Circuit is scant on the issue of deposing high ranking government officials," *id.* at *2. Obviously, little has changed in that regard, or Defendant's counsel here would have been able to cite better authority than the few unreported decisions plus *Murray*. It is submitted that this relatively new and undeveloped "immunity" raises serious fairness and procedural due process concerns. Further, it begs the question: who is "high-ranking" enough to qualify?