**EDWARD P. MANGANO**
County Executive



**JOHN CIAMPOLI**
County Attorney

LIORA M. BEN-SOREK
Deputy Bureau Chief

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**
One West Street
Mineola, New York 11501-4820
PHONE: 516-571-3056
FAX: 516-571-3058
WRITER'S DIRECT LINE: 516-571-3014

August 17, 2011

**Via ECF and First Class Mail**

Hon. Arlene R. Lindsay
United States District Court
Eastern District of New York
P.O. Box 9014
Central Islip, New York 11722

> Re:   Maloney v. Rice
>       <u>CV-04-0786 (ADS) (ARL)</u>

Dear Judge Lindsay:

This Office represents District Attorney Kathleen M. Rice in the above-referenced action. This letter is submitted in opposition to Plaintiff Pro Se, James Maloney's motion to compel the deposition of District Attorney Rice as well as the District Attorney's cross-motion for a protective order, pursuant to Fed. R. Civ. P. 26(c), to bar same. Permission to exceed the three-page limit on responses to letter motions is hereby requested.

**Plaintiff's June 2011 Motion to Compel DA Rice's Deposition**

A prior application for the same relief was filed by Maloney in June 2011 (DE 120) and was followed by the DA's opposition and cross-motion for a protective order (DE 121). One of the exhibits accompanying Defendant's opposition was Ms. Rice's affidavit, made pursuant to Local Civil Rule 30.5, which set forth that she had no personal knowledge of the facts and circumstances of the matter. (A copy of that affidavit is annexed hereto as Exhibit B). Ms. Rice designated Assistant District Attorney Peter Mancuso as a person with knowledge.

By letter dated June 29 (DE 122), the parties jointly notified the Court that Plaintiff had agreed to take the deposition of the proffered 30.5 witness and that he was withdrawing his motion to compel without prejudice to renew. On that same date the Court issued an Electronic Notification deeming the motion (DE 120) withdrawn.

## Motion to Compel Renewed

Plaintiff took the deposition of ADA Mancuso on June 29, 2011 and we were recently provided with a transcript of same. Plaintiff insists that he needs the testimony of the District Attorney herself which has led to his renewed application (DE123).

For the reasons set forth in Defendant's opposition and cross-motion for a protective order dated June 22, 2011 (DE 121) (a copy of which (without attached exhibits) is annexed hereto as Exhibit A), as well as the grounds set forth herein, Defendant vigorously objects to Plaintiff's application and respectfully urges this Court to deny same and/or issue a protective order prohibiting same.

## Defendant's Opposition to Motion to Compel

In his second amended complaint, Plaintiff purports to assert a cause of action against District Attorney Rice in her individual capacity for failing to have redacted a portion of an Appellate Brief which was filed on her behalf in this action. The crux of Plaintiff's claim is that the District Attorney must have been personally aware of his "demands"[1] for retraction because his communications were addressed to her and one of Plaintiff's letters bore the stamp "confidential."

Maloney's arguments predominantly rest on the mistaken assumption that when he sent mail to a high-ranking governmental official, that the addressee personally opened all her mail. Adopting Maloney's reasoning, the Court would be required to expect that every high-ranking governmental official *personally* opens, reads and responds to every letter addressed to him.

In the case before this Court, Ms. Rice has attested to not having "personal knowledge of the facts and circumstances of Maloney's claims." (*Affidavit of Kathleen M. Rice*, Exhibit B). The proffered 30.5 witness testified that the issue raised by Maloney's August 4, 2008 and September 29, 2008 letters – to wit, alleged criminal conduct by Deputy County Attorney Karen Hutson – was directed to him for appropriate action. Such direction, however, did not come from the District Attorney. (The aforementioned letters are annexed hereto as Exhibits C and D, respectively). Mr. Mancuso could not provide an answer as to what the mail review and distribution policy consists of in the District Attorney's Office. It is that response or, rather, the lack of a response, which apparently has resulted in Plaintiff's renewed motion to compel, but which, if it has any import, is not of such significance that it requires a deposition of the District Attorney herself.

---

[1] Defendant contends that of the three supposed "demands" to retract the subject Appellate Brief, only one (Exhibit E annexed hereto) actually requested that relief and that "demand" was apparently denied by the Second Circuit (*Maloney v. Cuomo*, 554 F.3d 56, 60 (2d Cir. 2009)). The other two documents which Plaintiff claims requested a retraction by District Attorney (Exhibits C and D annexed hereto) are devoid of any such request.

2

In opposing Maloney's motion to compel, Defendant contends that (a) Ms. Rice's affidavit suffices to demonstrate a lack of personal knowledge of the issues; (b) that the August 4 and September 29, 2008 letters refer to possible criminal conduct but specifically do not request that the District Attorney retract an Appellate Brief filed on her behalf by DCA Hutson; (c) that, consequently, in August 2008 the Public Corruption Bureau of the District Attorney's Office was assigned to investigate Maloney's allegations; (d) that a November 2007 "Notice of Entry and Demand for Retraction of Appellee's Brief" did not require any action by the District Attorney and was addressed and denied by the Second Circuit.

As stated above, the District Attorney has submitted an affidavit which indicates that she has no personal knowledge of plaintiff's claims and, instead, proffered a witness – ADA Mancuso – an individual with knowledge of Plaintiff's claims, to sit for a deposition.

The August 4, 2008 letter from Plaintiff (Exhibit C) suggested to the District Attorney what he, Plaintiff, would do if he learned that someone acting on his behalf was releasing confidential information in contravention of the law. Other than alluding to possible criminal conduct on the part of her attorney, the August 4, 2008 letter makes no mention of any request or demand of the District Attorney for retraction of the subject Appellate Brief.

As a direct response to the allegations set forth in the August 4, 2008 letter, an investigation was initiated. (See *Mancuso Deposition* 12:6-13 (Exhibit B to Plaintiff's Motion to Compel) (DE 123-2)). Mancuso also testified that he received the directive to conduct the investigation from his supervisor, not from the District Attorney. (*Id.* 16:25 to 17:5).

In his September 29, 2008 letter (Exhibit D) Plaintiff made no request for retraction of the Appellate Brief. Rather, the letter was a further "attempt[] to bring to your attention . . . [that the actions of DCA Karen Hutson] would appear to constitute commission of one or more Class A misdemeanors . . . ." By the time the September 29, 2008 letter (Exhibit D) was received, however, Mancuso's investigation was complete. (*Mancuso Depo.* 37:16 to 38:11).

Because Plaintiff's August 2008 and September 2008 letters do not ask for any relief but, instead, attempt to alert the District Attorney to potential criminal activity, and because the allegations of criminality were indeed investigated as a result of the first of those letters, there is no need to conduct any inquiry of the District Attorney herself as to whether or not she ever received or even saw those letters.

Moreover, as set forth in Plaintiff's motion, ADA Mancuso's testimony contains several references to conversations he had with others in his office and his belief that the District Attorney did not have knowledge of Plaintiff's communications nor would he be surprised if mail marked "personal and confidential" was not reviewed by her. This testimony is entirely consistent with Ms. Rice's Affidavit wherein she states that "I do not personally handle case files. Matters are delegated to the various bureaus within my office. Plaintiff Maloney's criminal and civil proceedings were no different." (*Rice Affidavit*, ¶ 7).

Similar to the August and September 2008 letters, the first of Plaintiff's three "demands" for retraction, a document entitled "Notice of Entry and Demand for Retraction," (Exhibit E), fails to

3

provide any grounds for a deposition of DA Rice. That document bears a caption from the Second Circuit appellate action and indicates that a copy of the document was mailed to the attention of District Attorney Rice, DCA Hutson who represented Rice during those Appellate proceedings, and an Assistant Solicitor General. Aside from that, the document alleges the release of confidential information within Hutson's Brief in violation of various New York State laws. While the document requests a retraction by the District Attorney, (a) she was represented by counsel at that time and, (b) the basis for the request was criminal conduct. Furthermore, the copy of Notice of Entry and Request for Retraction which is annexed to Plaintiff's motion contains a cover page referencing it as part of Plaintiff's motion to strike Hutson's brief. By decision on January 28, 2009 the Second Circuit denied that motion. (See *Maloney v. Cuomo, 554* F.3d 56, 60).

In light of the foregoing, Defendant submits that there are no grounds upon which to compel the deposition of District Attorney Rice.

## District Attorney's Cross-Motion for a Protective Order

To avoid unnecessary repetition here, Defendant incorporates by reference its cross-motion for a protective order which was contained in her June 22, 2011 letter (DE 121) with the following supplement.

Plaintiff has no evidentiary or other support for his supposition. While counsel recognizes that the purpose of discovery is to locate admissible evidence, a party must first have a good faith basis for his theory and not be permitted to engage in a fishing expedition. Defendant contends that no good faith basis exists for the deposition of District Attorney Rice in this case.

Plaintiff herein has failed to demonstrate any reason why the prosecution of his civil lawsuit requires a deposition of the District Attorney. As set forth above, ADA Mancuso's testimony has resolved the issue of what response was taken to Plaintiff's August 4 and September 29, 2008 letters.

Plaintiff's explanation that Ms. Rice's deposition would not take longer than "two to three hours at most" (DE 123) and that "[i]t is inconceivable that such a short commitment of time . . . could 'significantly interfere' with the ability of the District Attorney to perform her governmental duties" (*id.*) is wholly misplaced. Plaintiff has not taken into consideration the scope of the District Attorney's duties in making his conclusory assessment that a couple of hours out of someone's schedule cannot be too difficult.

Furthermore, even if this Court accepts Plaintiff's contention that ADA Mancuso did not have personal knowledge as to how mail is reviewed in his office or whether the DA saw or reviewed Plaintiff's communications, DA Rice has already given a sworn affidavit that she has no personal knowledge. Additionally, Plaintiff's motion acknowledges that there are individuals besides ADA Mancuso and the District Attorney who would know whether or not the she received Plaintiff's mail.

Finally, in footnote 3 Plaintiff notes that little authority exists in the Second Circuit on the issue of depositions of high-ranking officials and criticizes opposing counsel for finding only cases not contained in the Federal Reporter series. Notwithstanding, and in addition to the cases

4

previously cited by the Defendant, in *Gil v. County of Suffolk*, 2007 WL 2071701 (E.D.N.Y. July 13, 2007), plaintiff sought to take the deposition of Suffolk County District Attorney Spota. Incidentally, the District Court had dismissed the action against Spota four days prior to this Court's decision on defendants' motion for a protective order to, inter alia, preclude the deposition of Mr. Spota and, consequently, this Court's opinion was more advisory in nature.

After setting forth the high threshold which a party seeking to take the deposition of a high-ranking governmental official needs to overcome, the Court noted that Mr. Spota had submitted an affidavit that he lacked knowledge of the facts and circumstances of that matter and cautioned the plaintiff to be mindful of same in light of the controlling case law. 2007 WL 2071701 at *1.

Defendant submits that Plaintiff's arguments have failed to meet the threshold and that a protective order is justified under these circumstances.

**Conclusion**

In light of the foregoing, District Attorney Rice respectfully requests an order denying Plaintiff's motion to compel her deposition and a protective order prohibiting Plaintiff from seeking or taking her deposition in this action, as well as such other and further relief as this Court deems just and proper.

Respectfully submitted,

Liora M. Ben-Sorek
Deputy County Attorney

Exhibits A through E attached

cc:     James M. Maloney, Esq. (Via ECF)

# EXHIBIT A

**EDWARD P. MANGANO**
County Executive



**JOHN CIAMPOLI**
County Attorney

LIORA M. BEN-SOREK
Deputy Bureau Chief

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**
**One West Street**
**Mineola, New York 11501-4820**
**PHONE: 516-571-3056**
**FAX: 516-571-3058**
WRITER'S DIRECT LINE: 516-571-3014

June 22, 2011

Hon. Arlene R. Lindsay
United States District Court
Eastern District of New York
P.O. Box 9014
Central Islip, New York 11722

    Re:  James Maloney v. District Attorney Kathleen M. Rice
       <u>CV-03-0786 (ADS) (ARL)</u>

Dear Judge Lindsay:

   This office represents Nassau County District Attorney Kathleen Rice, the defendant in the above-referenced action. This letter, with the attached exhibits, serves as Defendant's opposition to Plaintiff's motion to compel Hon. Rice's deposition (DE 120), as well as her cross-motion for a protective order pursuant to Fed. R. Civ. P. 26(c) and Local Civil Rule 30.5(b). For the reasons set forth below, Defendant respectfully requests that Plaintiff's motion be denied in its entirety and that a protective order be issued blocking the taking of Hon. Rice's deposition.

   As an initial matter, it is requested that the Court permit the Defendant to exceed the three-page limit.

<u>Procedural Posture:</u>
   The incidents which gave rise to this action took place in August, 2000 and this action commenced with the filing of a Complaint on February 18, 2003 (DE 1). A First Amended Complaint was filed on September 3, 2005 (DE 42). After motion practice and appellate review, this case was remanded back to the District Court in or about August 2010. Thereafter, Plaintiff moved by Order to Show Cause for leave to amend his complaint a second time. The matter was briefed and a hearing held before District Court Judge Spatt on October 15, 2010 at which time Plaintiff's motion was granted in part and denied in part.

Allegations in the Second Amended Complaint:
    On October 22, 2010 Plaintiff filed a Second Amended Complaint which contains three causes of action; the first two challenging the constitutionality of New York State Penal Laws §§ 265.00 through 265.02 as they relate to the prohibition against possession of nunchaku. The third cause of action is levied against DA Rice in her individual and official capacities, for the alleged unlawful disclosure of certain truthful (at the time they were made) facts about the Plaintiff in the context of an Appellate Brief filed by the County Attorney's Office as attorneys for DA Rice.

Discovery Held:
    Plaintiff's First Request for Admissions was duly responded to. To date Plaintiff has not interposed any objection(s) to those responses and has thus waived his right to do so. By virtue of the responses to his Request for Admissions and the Verification, Plaintiff was put on notice that the District Attorney lacked personal knowledge to respond to his requests. Specifically, the verification of Tammy Smiley, Bureau Chief of the District Attorney's Office Appeals Bureau states in pertinent part that she is "the most appropriate person to respond to [the Requests for Admissions]." (See Exhibit A, attached hereto).

Request to Take Deposition of District Attorney Rice:
    Thereafter, this office was served with a notice to take Hon. Rice's deposition on a date unilaterally selected by Plaintiff without any communication or consultation as to the availability of the witness or her attorney.

    According to Plaintiff the predominant purpose of the deposition is to ascertain the District Attorney's knowledge about items mailed to her attention. (See Maloney May 25, 2011 e-mail). This presupposes that the witness personally received and/or reviewed the mail in question. The basis for Plaintiff's assumption is that he mailed documents and letters to the District Attorney. Defendant's response to Maloney's Request for Admissions as well as notifying him of a possible 30.5(a) witness each demonstrates that the District Attorney does not have personal knowledge of the issue.

    Communications between the parties pertaining to the deposition notice are attached hereto as Exhibit B. By e-mail communication on May 25, 2011, Plaintiff was informed that the undersigned was unavailable on June 10, the noticed date, that we were contemplating designating a witness pursuant to Local Civil Rule 30.5 and that I would be in further communication with him during the week of June 14. His response, received that same day, expressed appreciation for the advance notice and indicated that if the date was not "OK for you . . . that's fine."

    Notwithstanding Maloney's agreement to communicate again "around" June 14 to resolve these issues, he proceeded to serve a second, or amended, deposition notice to take the testimony of Hon. Rice on June 14.[1] In communications between the parties (see Exhibit B) Maloney was alerted

---

[1] The Second Deposition Notice, dated May 29, 2011, inaccurately lists June 14, 2011 as a date made at my request, and Plaintiff's inclusion of that language in said Notice as well as in his Motion to Compel is a misrepresentation of the parties' communications. Indeed, as the entirety of the e-mails demonstrates, it was agreed that the parties would

that I was out of the office until June 14 and, upon my return, would coordinate a deposition which included the possibility of proffering a witness with knowledge of the relevant issues (i.e. a Local Civil Rule 30.5 witness) as opposed to Hon. Rice.

In his June 17 e-mail Plaintiff snidely suggested that this office "will delay the deposition of Ms. Rice indefinitely until a motion is made to compel." Dismissing Plaintiff's sarcastic notion and his obnoxious tone, I informed him specifically that that is not the situation at hand, that I was culling the appropriate details for the affidavit specified by Local Civil Rule 30.5(a), and that his suggested June 29 deposition date had been relayed to the District Attorney's Office.

Within hours of that message, Plaintiff had the temerity to file the within motion to compel alleging that this office did not act in good faith to produce Hon. Rice for deposition.

Attached hereto as Exhibit C is an affidavit of Hon. Kathleen Rice wherein she states that she lacks knowledge of the facts of this matter. Hon. Rice designates one of her Assistants, Peter Mancuso, to testify in her stead because ADA Mancuso possesses knowledge of Plaintiff's allegations relating to the allegedly unlawful disclosure of certain information about Plaintiff in an Appellate Brief.

Defendant proffers ADA Mancuso to testify in this matter on June 29, 2011, a date suggested by the Plaintiff and amenable to the ADA. It is Defendant's contention that by agreeing to furnish this witness on a date certain, Plaintiff's motion to compel is moot.

However, to the extent Plaintiff intends his motion to force the testimony of no witness other than the District Attorney herself, Defendant hereby cross-moves for a protective order preventing same.

Cross-Motion for Protective Order:

"As a general proposition, high ranking government officials are not subject to depositions." Marisol A. v. Giuliani, 1998 U.S. Dist. LEXIS 3719, at *7 (S.D.N.Y. 1998). This position has been refined in subsequent cases. "Depositions of high-ranking government officials are generally not permitted except upon proof that (1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source and (2) the deposition would not significantly interfere with the ability of the official to perform his governmental duties." Murray v. County of Suffolk, 212 F.R.D. 108, 109 (E.D.N.Y. 2002). Essentially, "[h]igh-ranking government officials . . . enjoy a special immunity from being deposed absent a showing that their testimony is necessary and not unduly burdensome." Williams v. McCauseland, 1994 U.S. Dist. LEXIS 1723, at *9 (S.D.N.Y. 1994). "The limited immunity provided to high ranking government officials ensures that they have the necessary time to dedicate to their governmental duties and protects the mental process of executive and administrative officers in order to promote open channels of communication within government." Lederman v. Giuliani, 2002 U.S. Dist. LEXIS 19857, at *5-6 (S.D.N.Y. 2002).

The first prong of the standard test, to wit, that the relevant information cannot be obtained by any other source, is strictly imposed. See Marisol A., 1998 U.S. Dist. LEXIS 3719, at *7-8.

confer June 14 or later about the deposition notice.

3

Moreover, before permitting the involuntary deposition of a high ranking government official, courts require the party seeking the deposition to "demonstrate that the official's testimony will 'likely lead to the discovery of admissible evidence and is essential to that party's case.'" Id. (internal citations omitted).

Thus, in the case at bar, Plaintiff must establish that the testimony of District Attorney Rice will lead to the discovery of admissible evidence. Additionally, Plaintiff must establish that this information cannot be obtained from any other source, which his is not able to do. See Murray, 212 F.R.D. 108, 109.

In this case Plaintiff has been informed that the named defendant does not have personal knowledge, let alone "unique personal knowledge," of the information he seeks. Defendant has designated a person who does have knowledge of the issues alleged in Plaintiff's Third Cause of Action and said individual is prepared to testify on June 29, 2011.

In light of the foregoing, Defendant submits that Plaintiff's insistence upon Hon. Rice's deposition is vexatious, intended to embarrass her and is no more than a "fishing expedition."

Accordingly, Defendant respectfully requests a protective order preventing the taking of her deposition in this matter.

Conclusion:
For all of the reasons set forth hereinabove, it is respectfully requested that this Court issue an order denying Plaintiff's Motion to Compel in its entirety, issue an order preventing the taking of District Attorney Kathleen Rice's deposition in this matter, and granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

Liora M. Ben-Sorek
Deputy County Attorney

cc:     James Maloney, Esq. (Via ECF)

4

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JAMES M. MALONEY,                                    CV-02-0786 (ADS) (AKT)

                   Plaintiff,        AFFIDAVIT

      - against -

KATHLEEN M. RICE, individually and
in her official capacity as District Attorney
of the County of Nassau,

                 Defendant.
-----------------------------------------------------------X

State of New York )
            ) ss.:
County of Nassau )

      Kathleen M. Rice, being duly sworn, deposes and says:

1. I am the District Attorney for the County of Nassau, State of New York.

2. I am the defendant in the above-captioned action in which James Maloney,
   acting *pro se*, is challenging section 265.01 of the New York State Penal Law
   which, among other things, prohibits the possession of nunchaku.

3. It is my understanding that Maloney was permitted by the Court to add new
   claims against me in my individual and official capacities concerning an
   allegedly unlawful public disclosure of certain information about him that was
   contained in an appellate brief filed on my behalf in this action.

4. Plaintiff Maloney has unilaterally noticed a deposition in the above-captioned
   matter without prior consultation with my counsel, the Nassau County
   Attorney's Office, as to my availability.

5. More importantly, however, I have no personal knowledge of the facts and circumstances of Maloney's claims.

6. Assistant District Attorney Peter Mancuso has some knowledge about the issues raised in Maloney's complaint, as amended; in particular, ADA Mancuso received Maloney's unfounded allegation of illegal conduct by appellate counsel at the Nassau County Attorney's Office.

7. My responsibilities as the District Attorney are vast and I do not personally handle case files. Matters are delegated to the various bureaus within my office. Plaintiff Maloney's criminal and civil proceedings were no different.

8. There are 173 Assistants in my office among eighteen different bureaus.

9. I have been apprised that the federal Local Civil Rules of procedure contain a provision wherein a governmental official whose deposition is noticed or subpoenaed about a matter of which she lacks knowledge may identify an individual within the governmental entity who has knowledge of the subject matter involved in the pending action. In light of that provision, ADA Mancuso is designated as a person knowledgeable about the language in the appellate brief that Maloney finds objectionable.

Hon. Kathleen M. Rice

Sworn to before me this
21st day of June, 2011

Notary Public

Margaret M Leniston
Notary Public, State of New York
No. 01LE6002121
Commission Expires 2-2-2014

# EXHIBIT C

# JAMES M. MALONEY
## ATTORNEY AT LAW
### PROCTOR IN ADMIRALTY

ADMITTED TO PRACTICE IN:
NEW YORK; NEW JERSEY;
U.S. SUPREME COURT;
U.S. COURTS OF APPEALS FOR THE
SECOND AND THIRD CIRCUITS;
U.S. DISTRICT COURTS FOR THE
DISTRICT OF CONNECTICUT;
NORTHERN DISTRICT OF ILLINOIS;
DISTRICT OF NEW JERSEY;
EASTERN, NORTHERN & SOUTHERN
DISTRICTS OF NEW YORK;
COURT OF INTERNATIONAL TRADE;
COURT OF FEDERAL CLAIMS.

TEL: (516) 767-1395
FAX: (516) 767-1326

E-MAIL ADDRESS:
maritimelaw@nyu.edu



P.O. Box 551
33 BAYVIEW AVENUE
PORT WASHINGTON, NY 11050

August 4, 2008

**CONFIDENTIAL**

The Honorable Kathleen M. Rice
Nassau County District Attorney
262 Old Country Road
Mineola, NY 11501

Dear District Attorney Rice:

The enclosures are being sent in an envelope marked "personal and confidential" to ensure that they receive your personal attention.

Were I in your position, I would certainly wish to be informed if an attorney acting on my behalf were, in the course of that representation, to disclose confidential information in violation of § 422 of the New York Social Services Law, which provides at subdivision 12:

> Any person who willfully permits and any person who encourages
> the release of any data and information contained in the central
> register to persons or agencies not permitted by this title shall be
> guilty of a class A misdemeanor.

Similarly, if I were the DA I would also wish to be informed if an attorney acting on my behalf were, in so acting, to write a letter to a court stating *as fact* a false allegation of a criminal act that was never proven, was unconditionally dismissed five years ago, and was in no way germane to the matter before the court in the context of which the statement was made.

As indicated by the enclosures, such is the case, and there is no indication that such behavior, which began in October 2007 and has continued at least through July 2008, is likely to stop unless and until I widely publicize it, which is something I remain hesitant to do for the sake of both your reputation and mine.

Respectfully,

James M. Maloney



PLAINTIFF'S
EXHIBIT
# 4 6/29/11
FOR ID

# EXHIBIT D

JAMES M. MALONEY

ATTORNEY AT LAW

PROCTOR IN ADMIRALTY

ADMITTED TO PRACTICE IN:
NEW YORK; NEW JERSEY;
U.S. SUPREME COURT;
U.S. COURTS OF APPEALS FOR THE
SECOND AND THIRD CIRCUITS;
U.S. DISTRICT COURTS FOR THE
DISTRICT OF CONNECTICUT;
NORTHERN DISTRICT OF ILLINOIS;
DISTRICT OF NEW JERSEY;
EASTERN, NORTHERN & SOUTHERN
DISTRICTS OF NEW YORK;
COURT OF INTERNATIONAL TRADE;
COURT OF FEDERAL CLAIMS.

TEL: (516) 767-1395
FAX: (516) 767-1326

E-MAIL ADDRESS:
maritimelaw@nyu.edu

P.O. Box 551
33 BAYVIEW AVENUE
PORT WASHINGTON, NY 11050

September 29, 2008


PLAINTIFF'S
EXHIBIT
#3 6694
FOR ID

The Honorable Kathleen M. Rice
Nassau County District Attorney
262 Old Country Road
Mineola, NY 11501

Re:     Appellee'...        'oney v. Cuomo et al.
        Docket No. 6      ' (Second Circuit)
        Disclosure violati...   'SL § 422(12), etc.

Dear District Attorney Rice:

Further to my letter to you dated August 4, 2008 (true copy attached), enclosed is a redacted but otherwise true copy of a September 22, 2008, decision of the New York State Office of Children and Family Service's Bureau of Special Hearings. The names of my children, the identifying number of the report, and the recitation of the contents of the initial report (many parts of which, as reflected in the Nassau County Department of Social Services case worker's notes upon which the decision was based, were subsequently admitted to have been inaccurate by the very person who made the initial report) have all been redacted. The decision holds that my having been listed on the New York State Central Register of Child Abuse and Maltreatment (hereinafter, the "Register"), as was the case for nearly eight years, was all along unsupported by a fair preponderance of the evidence. Please read the enclosed decision.

As I previously attempted to bring to your attention via the enclosures to my August 4, 2008, letter (including my Notice of Entry and Demand for Retraction of Appellee's Brief that was first served on you by Certified Mail in November 2007), the unauthorized and unjustified public disclosure--by a public official--of my having been listed on the Register (which disclosure was made on your behalf by Karen Hutson, Esq. at page 6 of the Brief) would appear to constitute commission of one or more Class A misdemeanors under the provisions of subdivision 12 of § 422 of the Social Services Law and/or of subdivision 1 of § 195.00 of the Penal Code.

This will be my last request for your assistance in this matter. I have received no response to my August 4, 2008, letter; if this letter is equally ineffective I shall assume that you have no interest in righting a wrong perpetrated on your behalf, presumably with your knowledge and consent and certainly with your *post hoc* approval.

Respectfully,

James M. Maloney

# EXHIBIT E

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-----------------------------------------------------------------------X
JAMES M. MALONEY,

Plaintiff-Appellant,

- against -

ANDREW CUOMO, in his official capacity as Attorney
General of the State of New York,
ELIOT SPITZER, in his official capacity as Governor of
the State of New York, and
KATHLEEN A. RICE, in her official capacity as District
Attorney of the County of Nassau, and their successors,

Defendants-Appellees.
-----------------------------------------------------------------------X

**07-0581-cv**

**NOTICE OF ENTRY
AND
DEMAND FOR
RETRACTION OF
APPELLEE'S BRIEF**

**PLEASE TAKE NOTICE** that attached hereto is a true copy of an Order entered by

the Clerk of the Court on November 13, 2007, referring Appellant's motion to strike

Appellee's Brief to the Merits Panel.

**PLEASE TAKE FURTHER NOTICE** that formal demand is hereby made of

KATHLEEN A. RICE, individually and in her official capacity as District Attorney of the

County of Nassau, that Appellee's Brief, dated October 24, 2007, be retracted forthwith

because:

(1) Appellee's Brief contains, at page 6 thereof, statutorily confidential matter that is

not germane to this appeal, and as such its continued submission amounts to the commission of

a Class A misdemeanor under the provisions of subdivision 12 of § 422 of the New York

Social Services Law and of subdivision 1 of § 195.00 of the New York Penal Code; and

(2) Continued submission of Appellee's Brief, which will allow said statutorily

confidential matter to be reviewed by the Merits Panel, their staff, and possibly additional

persons, increases the harm suffered by Appellant *Pro Se.*

**PLEASE TAKE FURTHER NOTICE** that this Notice of Entry and Demand for

Retraction of Appellee's Brief is being served directly on KATHLEEN A. RICE, individually

and in her official capacity as District Attorney of the County of Nassau, in addition to counsel

for all parties, because Appellant is an attorney at law subject to the ethical codes applicable to

the profession, and accordingly may not *threaten* criminal prosecution in order to advance his

position in a civil matter, but *may* report a criminal act and/or demand that it be remedied.

**PLEASE TAKE FURTHER NOTICE** that the within is intended to serve as notice,

report and complaint to the District Attorney of the County of Nassau of the commission of a

Class A misdemeanor by one or more public servants under the provisions of subdivision 12

of § 422 of the Social Services Law and of subdivision 1 of § 195.00 of the Penal Code.

Dated:    November 19, 2007
           Port Washington, New York

JAMES M. MALONEY
Appellant *Pro Se*
33 Bayview Avenue
Port Washington, NY 11050
maritimelaw@nyu.edu
www.nunchakulaw.com

TO:    The Honorable Kathleen M. Rice
        Nassau County District Attorney
        262 Old Country Road
        Mineola, NY 11501        By Certified Mail No. 7004 2510 0000 5910 8970

        C. Cecelia Chang, Esq.
        Assistant Solicitor General
        120 Broadway
        New York, NY 10271     By Certified Mail No. 7004 2510 0000 5910 8987

        Karen Hutson, Esq.
        Deputy County Attorney
        1 West Street
        Mineola, NY 11501        By Certified Mail No. 7004 2510 0000 5910 8994

-2-

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse at Foley Square     40 Centre Street, New York, NY 10007     Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Caption [use short title]

Docket Number(s): 07-0581-cv

Motion for: strike appellee's brief

James M. Maloney,

Plaintiff-Appellant

-against-

Andrew Cuomo et al.,

Defendants-Respondents.

Set forth below precise, complete statement of relief sought:

Strike brief as violative of Local Rule

28(1) and of NY Social Services Law; refer

to Committee on Admissions and Grievances.

MOVING PARTY: James M. Maloney                    OPPOSING PARTY: Kathleen A. Rice
☑ Plaintiff        ☐ Defendant                                         Nassau County District Attorney
☑ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: James M. Maloney, Esq.            OPPOSING ATTORNEY [Name]: Karen Hutson, Esq.
[name of attorney, with firm, address, phone number and e-mail]    [name of attorney, with firm, address, phone number and e-mail]

Law Office of James M. Maloney                     Deputy County Attorney, Nassau County

33 Bayview Avenue, Port Washington, NY 11050       1 West Street, Mineola, NY 11501

(516) 767-1395   maritimelaw@nyu.edu              (516) 571-2461   khutson@nassaucountyny.gov

Court-Judge/Agency appealed from: Eastern District of New York - Hon. Arthur D. Spatt.

Please check appropriate boxes:                    FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND
                                                    INJUNCTIONS PENDING APPEAL:
Has consent of opposing counsel:                   Has request for relief been made below?   ☐ Yes   ☐ No
    A. been sought?          ☐ Yes   ☑ No
    B. been obtained?        ☐ Yes   ☐ No          Has this relief been previously sought
                                                    in this Court?                            ☐ Yes   ☐ No
Is oral argument requested?    ☐ Yes   ☑ No
(requests for oral argument will not necessarily be granted)   Requested return date and explanation of emergency:

Has argument date of appeal been set?   ☐ Yes   ☑ No
If yes, enter date

Signature of Moving Attorney: _____ Date: 10/26/07   Has service been effected?   ☑ Yes   ☐ No
                                                    [Attach proof of service]

ORDER    Motion is referred to the merits panel.

IT IS HEREBY ORDERED THAT the motion is GRANTED DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

Date: _____                                By: _____
                                                    Joy Fallek, Administrative Attorney

Form T-1080 (Revised 10/31/02).