UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAMES M. MALONEY,

                Plaintiff,

    -against-

**ORDER**
CV 03-786 (ADS)(ARL)

KATHLEEN M. RICE, individually and in her
official capacity as District Attorney of the
County of Nassau,

                Defendant.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

    Before the court is the plaintiff's motion to compel the defendant District Attorney Kathleen Rice ("Rice") to appear for a deposition and the defendant's opposition to the motion and cross-motion for a protective order. In June, the plaintiff submitted a similar application to the court. In response, Rice submitted an affidavit indicating that she had no personal knowledge of the underlying facts of the case. Before the court could rule on the prior application, the plaintiff withdrew his motion agreeing to first take the deposition of Assistant District Attorney, Peter Mancuso. Unsatisfied with Mr. Mancuso's answers, the plaintiff now renews his application. For the reasons set forth below, the plaintiff's motion is denied and the defendant's motion is granted.

    The plaintiff, James M. Maloney ("Maloney"), brought this action in February 2003, against Elliot Spitzer and Denis Dillon, seeking a declaration that provisions of the New York State Penal Law prohibiting the in-home possession of "nunchaku" were unconstitutional. In January 2007, Judge Spatt granted the defendants' motion to dismiss and for judgment on the pleadings. The Second Circuit affirmed the court's dismissal of the complaint, but the Supreme

Court remanded the case for further consideration in light of the *McDonald v. Chicago* decision.[1] In September 2010, Maloney sought leave to amend his complaint for the second time. After an order to show cause hearing, that request was granted, in part, and Maloney filed a Second Amended Complaint naming Rice, who was now the only remaining defendant.

The third cause of action of the Second Amended Complaint is based on statements that were set forth in the brief submitted to the Second Circuit by the County Attorney's Office on behalf of Rice. Maloney allegedly asked Rice to retract certain statements in the brief and her failure to do so is the basis of the claim. Maloney now seeks to depose Rice regarding whether she reviewed the letters and a legal document that he claims he mailed to her attention demanding a retraction of those statements. Maloney argues that the deposition is justified because the mail was marked "confidential" (so she must have been aware of it) and Mancuso could not answer questions about the mail review and distribution policy at the District Attorney's Office. The court disagrees that th deposition is justified.

"Depositions of high level government officials are permitted upon a showing that: (1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source and (2) the deposition would not significantly interfere with the ability of the official to perform his governmental duties." *Marisol A. v. Giuliani,* No. 95 Civ. 10533 (RJW), 1998 U.S. Dist. LEXIS 3719 *6 (S.D.N.Y. Mar. 23, 1998); see also *Lederman v. Giuliani,* 98 Civ. 2024 (LNM), 2002 U.S. Dist. LEXIS 19857 * 5 (S.D.N.Y. Oct. 17, 2002). The first prong of this standard "requires that the deposition be necessary to obtain relevant information not available from other sources." *Marisol A.*, 1998 U.S. Dist. LEXIS at *7. Moreover, depositions of high

---

[1] During the appellate process, Governor Patterson was substituted for Governor Spitzer and Kathleen Rice was substituted for Dennis Dillon.

ranking government officials should only be permitted if that official "has unique personal knowledge that cannot be obtained elsewhere." *Id.* at *8; *see also L.D. Leasing Corp. v. Crimaldi,* 91 Civ. 2430 (EHN), 1992 U.S. Dist. LEXIS 18683 * 2 (E.D.N.Y. Dec. 1, 1992) (plaintiff must show that the official had "particularized first-hand knowledge that cannot be obtained from any other source"). Maloney has not shown that Rice has unique or particularized knowledge of the relevant facts, and thus, his motion is denied and the defendant's motion is granted. *See, e.g., Eldaghar v. City of New York Dep't of Citywide Admin. Serv.,* 2004 U.S. Dist. LEXIS 3503 at *5 (S.D.N.Y. March 5, 2004).

Dated: Central Islip, New York
      August 19, 2011

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge