EDWARD P. MANGANO
County Executive



JOHN CIAMPOLI
County Attorney

LIORA M. BEN-SOREK
Deputy Bureau Chief

COUNTY OF NASSAU
OFFICE OF THE COUNTY ATTORNEY
One West Street
Mineola, New York 11501-4820
PHONE: 516-571-3056
FAX: 516-571-3058
WRITER'S DIRECT LINE: 516-571-3014

October 15, 2013

**Via ECF and First Class Mail**

Hon. Arlene R. Lindsay
United States District Court
Eastern District of New York
P.O. Box 9014
Central Islip, New York 11722

      Re:    Maloney v. Rice
               CV-03-0786 (PKC) (ARL)

Dear Judge Lindsay:

      This office represents District Attorney Kathleen M. Rice in the above-referenced action. This letter is sent pursuant to the Court's October 2, 2013 Order (DE 127) directing the parties to inform the Court by this date about the status of discovery.

      Defendant Rice requests an opportunity to conduct additional discovery. Discovery was stalled on a particular point which, according to Plaintiff's October 3, 2013 submission, appears to now be resolved. (See DE 128). Defendant intends to file a dispositive motion in connection with this action and would discovery to assess, inter alia, Plaintiff's claims of damage.[1] In the event the Court permits additional time for discovery, it is estimated that Defendant can serve her demands by November 1, 2013.

      Plaintiff Second Amended Complaint contains three causes of action: (1) that New York State Penal Law § 265.00 through § 265.02, as it refers to chuka sticks, infringes on Plaintiff's

---

[1] The damages mentioned in Plaintiff's Second Amended Complaint are speculative.

Second and Fourteenth Amendment rights; (2) that New York State Penal Law § 265.00 through § 265.02, as it refers to chuka sticks, infringes on Plaintiff's unenumerated Constitutional rights; and (3) that District Attorney Rice is responsible for the allegedly unlawful disclosure of Plaintiff's status on the New York State Central Register of Child Abusers in the context of an appellate brief filed in one of Plaintiff's other lawsuits – which information was accurate at the time of the brief's filing.[2]

With regard to his third cause of action, DA Rice's liability is grounded in two letters addressed to her from Plaintiff. Plaintiff claims that the letters contain specific requests that DA Rice withdraw the appellate brief filed on her behalf.

Defendant contests Plaintiff's explanation of the letters; they do not specifically request the withdrawal of the appellate brief but, rather, state that the Deputy County Attorney responsible for the preparation and filing of an appellate brief in relation to another of Plaintiff's cases engaged in possible criminal conduct by mentioning Plaintiff's status on the Central Register at that time. The letters were assigned to the Public Corruption Bureau. Following an investigation, no criminality or wrongdoing was found to exist.

In response to Plaintiff's demand to take the deposition of DA Rice on the issue of the letters' contents, the District Attorney submitted an affidavit, pursuant to former Local Civil Rule 30.5, setting forth that she had no personal knowledge of the issues but identified an individual who possessed knowledge. Plaintiff was provided with the identity of the prosecutor within the Public Corruption Bureau who conducted the investigation into Plaintiff's allegations of illegality and/or impropriety.

Plaintiff, however, was not satisfied by the DA's statement that she had no personal knowledge of the matter, and insisted on deposing the District Attorney about mail distribution procedures within her office. Following the denial of Plaintiff's subsequent motion to compel the District Attorney's deposition (DE 125), Plaintiff requested depositions of others within her office that possessed such information. A copy of some of that correspondence is annexed to Plaintiff's response to the Order to Show Cause as Exhibit 3 (DE 126-3).

For some reason Plaintiff chose not to include an e-mail correspondence dated March 6, 2012 from the undersigned noting Defendant's objection to depositions on the issue of mail distribution on the basis that such discovery was irrelevant and not likely to lead to admissible evidence. See Exhibit A attached hereto. That correspondence requested a written response from Plaintiff. The files maintained in this office do not contain any response from Plaintiff on this issue until his October 3, 2013 letter withdrawing his request for those depositions (DE 128).

If Plaintiff intends to proceed with his third cause of action, Defendant would seek documentary proof to support his speculative claim of possible economic and emotional damages. In addition to document demands, a deposition of Plaintiff would also be sought. Depending upon the

---

[2] Plaintiff cannot dispute that the issue of his being listed on the State Central Register was a matter of public record, since Plaintiff himself brought an action bearing docket number CV-03-4178 against New York State employees in which Plaintiff challenged that listing. At no time was Plaintiff's action, the documents submitted in support, or any portion thereof, deemed confidential and ordered to be filed under seal.

responses to discovery demands, a deposition of non-party Port Washington School District officials may be required.

Thank you for your time and attention.

Respectfully submitted,

Liora M. Ben-Sorek<br>
Deputy County Attorney

Exhibit A attached

cc:   James M. Maloney, Esq. (Via ECF)

**EXHIBIT A**

# Ben-Sorek, Liora M

**From:** Ben-Sorek, Liora M
**Sent:** Tuesday, March 06, 2012 10:35 AM
**To:** Jim Maloney (nunchakulaw@gmail.com)
**Subject:** Maloney v. Rice

Dear Mr. Maloney:

    Reference is made to the above action. Because ADA Mancuso was unable to testify about mail receipt, review, and distribution procedures in the District Attorney's Office, you have been requesting the identity and availability of a witness to submit to a deposition on that issue. This all pertains to the Third Cause of Action in your Second Amended Complaint.

    Initially I indicated that I would try and locate a person with that knowledge. After further consideration of the matter, however, and further review of ADA Mancuso's deposition transcript, I believe that the issue of mail distribution is irrelevant to the issues in this litigation and is not likely to lead to admissible evidence. We ask, therefore, that you withdraw your request for production of a witness on those issues. Should you refuse, we are prepared to move for a protective order.

    We await your written response.

Very truly yours,

Liora Ben-Sorek

*Liora M. Ben-Sorek*
Deputy Bureau Chief
General Litigation Bureau
Nassau County Attorney's Office
One West Street
Mineola, New York
Phone (516) 571-3014
Fax (516) 571-3058

*All material contained in this e-mail, including attachments, is privileged and intended solely for the person to whom the e-mail has been addressed.* This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.