**JAMES M. MALONEY**
ATTORNEY AT LAW
PROCTOR IN ADMIRALTY



P.O. BOX 551
33 BAYVIEW AVENUE
PORT WASHINGTON, NY 11050

ADMITTED TO PRACTICE IN:
NEW YORK; NEW JERSEY;
UNITED STATES SUPREME COURT;
U.S. COURTS OF APPEALS FOR THE
SECOND AND THIRD CIRCUITS;
U.S. DISTRICT COURTS FOR THE
DISTRICT OF CONNECTICUT,
NORTHERN DISTRICT OF FLORIDA,
NORTHERN DISTRICT OF ILLINOIS,
DISTRICT OF NEW JERSEY, AND
NORTHERN, SOUTHERN & EASTERN
DISTRICTS OF NEW YORK; U.S.
COURT OF INTERNATIONAL TRADE;
U.S. COURT OF FEDERAL CLAIMS.

TEL: (516) 767-1395
FAX: (516) 767-1326

E-MAIL ADDRESS:
**maritimelaw@nyu.edu**

October 15, 2013

The Honorable Pamela K. Chen
The Honorable Arlene R. Lindsay
United States District Court, E.D.N.Y
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Maloney v. Rice*, CV-03-0786
**FILED VIA ECF**

Your Honors:

  I am writing in prompt response to Ms. Ben-Sorek's letter this date (Document 129) in connection with Judge Lindsay's Order (Document 127), and also in advance of the October 24 conference before Judge Chen.

  On the fifth full paragraph of page 2 of her letter (Document 129), counsel begins, "For some reason Plaintiff chose not to include an e-mail correspondence dated March 6, 2012" that she now claims to have sent. But a look at her exhibit in support thereof (Document 129, page 5 of 5) shows that the e-mail had a designated recipient of **nunchakulaw@gmail.com**. However, my correct e-mail address, i.e., the one on file with this court for ECF purposes for many years and also the one that was on my letterhead in the lengthy and detailed correspondence that I sent to Ms. Ben-Sorek on February 27, 2012, by certified mail (recently filed herein as Document 126-3), and which she received just before her putative "e-mail correspondence dated March 6, 2012," is **maritimelaw@nyu.edu**. After referencing an "above action" that is nowhere cited, the newly presented e-mail goes on to provide what in hindsight counsel would apparently portray as crucial notice to me of her "further consideration" of the offers she had previously made, etc.

  More substantively, Ms. Ben-Sorek, having won the ruling that the sole Defendant in this case may not be deposed, now seeks to depose the Plaintiff and to engage in never-before-sought document discovery on the issue of damages even while the issue of Defendant's liability is ripe for Rule 56 review, as are the constitutional issues. It is respectfully suggested that granting such additional discovery now would be patently unfair, and that, instead, the October 24 conference before Judge Chen ought to be, at least in part, a pre-motion conference to discuss cross-motions for partial summary judgment on dispositive issues.

                         Respectfully,

                         _____/s_____
                         James M. Maloney