JAMES M. MALONEY (JM-5297)
Plaintiff *Pro Se*
33 Bayview Avenue
Port Washington, New York 11050
Telephone: (516) 767-1395

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JAMES M. MALONEY,                                    **Rule 56.1 Statement**

        Plaintiff,                              Case No. 03-CV-786
                                    (PKC) (ARL)

        - against -

KATHLEEN M. RICE,

        Defendant.

-----------------------------------------------------------------------X

JAMES M. MALONEY, in support of his post-remand Rule 56 motions for summary judgment in whole or part as to the First and Third Causes of Action, respectively, hereby submits this statement of undisputed material facts, with supporting and corroborating documents referenced herein.[1]

FACTS RELATING TO FIRST CAUSE OF ACTION (SECOND AMENDMENT CLAIM)

1. **Plaintiff has been charged with violation of New York Penal Law section 265.01, a class A misdemeanor, for possession of nunchaku or "chuka sticks," with such criminal charge (now disposed) having been based solely on his in-home possession of nunchaku and not supported by any allegations that Plaintiff had used the nunchaku in the commission of a crime, that he had carried the nunchaku in public or that he had engaged in any other prohibited conduct in connection with said nunchaku.** SUPPORT: Recitation of facts in opinion of this Court not disturbed on appeal, *Maloney v. Cuomo*, 470 F. Supp. 2d 205, 208-209 (E.D.N.Y. 2007).

---

[1] All references to "Document [number]" are to documents previously filed herein as identified numerically on the electronic docket sheet.

-1-

2. **The nunchaku is a weapon typically possessed by law-abiding citizens for lawful purposes.** SUPPORT: Document 116-1 (1974 Memorandum to the Governor from New York's Division of Criminal Justice Services) (Exhibit 1 to Second Amended Verified Complaint) (identical document also elsewhere in record in numerous filings, *e.g.*, Document 42 at 16-17 (Exhibit 1 to Amended Verified Complaint) (noting, just before the New York ban was enacted, the "current interest and participation in [martial arts involving use of nunchaku] by many members of the public"); see also Document 24 at 49-50 (Exhibit 12 to declaration in support of prior summary judgment motion made by Plaintiff herein (noting that the nunchaku is used by over 200 police forces in the United States) (subject to online corroboration at http://www.orcuttopn.com); *see also* publicly available evidence of popular use of nunchaku worldwide (*e.g.*, the World Nunchaku Association, established in 1996, *see* http://www.nunchaku.org); *see also* numerous cases in which courts have recognized, subsequent to the 1974 New York ban, that the nunchaku has socially acceptable uses (cited and discussed in accompanying memorandum of law at 5-6); *see also Maloney v. Cuomo*, 470 F. Supp. 2d at 213 (noting that "the martial arts generally, and perhaps use of nunchaku in particular, have a rich history and are culturally significant to many people in many parts of the world").

3. **The nunchaku has historically had a reasonable relationship to a citizens' militia, namely, the people of Okinawa in the early 17th Century, who used the weapon, among others fashioned from common implements, in an attempt to resist occupation by the Japanese.** SUPPORT: Document 24 at 27 (Exhibit 5 to declaration in support of prior summary judgment motion made by Plaintiff herein (article by Stephen P. Halbrook, "Oriental Philosophy, Martial Arts and Class Struggle," 2 Social Praxis 135 (1974)) (noting that the invading Japanese Satsuma clan "banned all weapons but its own and brutally suppressed the population" and that a "people's revolutionary movement organized clandestinely, and its activities centered around the development of karate for peasant self-defense against the imperial dictatorship"); *see also* George H. Kerr, *Okinawa: The History of An Island People* (1958), at 156-159 (describing Satsuma attack on Okinawa in 1609) (true copy annexed as Exhibit 1 to Declaration of James M. Maloney submitted herewith) (previously cited in Petition for Certiorari at page 6).

FACTS RELATING TO SECOND CAUSE OF ACTION (UNENUMERATED RIGHTS)

(No motion is made with respect to this claim at this time, as per discussion on the record at conference held October 24, 2013.)

FACTS RELATING TO THIRD CAUSE OF ACTION (HARMFUL DISCLOSURE)

4. **On or about October 25, 2007, Defendant KATHLEEN M. RICE, at the time already a party to this action, which was then before the United States Court of Appeals for the Second Circuit, filed, caused to be filed, or permitted a brief to be filed on her behalf before that Court, publicly disclosing that "Plaintiff was listed on the New York State**

**Child Abuse and Maltreatment Register [Central Register].**" SUPPORT: Document 102-1 at pdf page 11 of 30 (page 6 of said brief submitted as Exhibit 1 to Rule 15 motion).

5. **On or about November 19, 2007, Plaintiff sent Defendant KATHLEEN M. RICE a document entitled "Notice of Entry and Demand for Retraction of Appellee's Brief," among other things formally demanding "that Appellee's Brief, dated October 24, 2007, be retracted forthwith because . . . Appellee's Brief contains, at page 6 thereof, statutorily confidential matter that is not germane to this appeal, and as such its continued submission amounts to the commission of a Class A misdemeanor under the provisions of subdivision 12 of § 422 of the New York Social Services Law and of subdivision 1 of § 195.00 of the New York Penal Code" and giving "notice, report and complaint to the District Attorney of the County of Nassau of the commission of a Class A misdemeanor by one or more public servants under the provisions of subdivision 12 of § 422 of the Social Services Law and of subdivision 1 of § 195.00 of the Penal Code."** SUPPORT: Document 116-4 (Exhibit 4 to Second Amended Verified Complaint) (additional copy showing proof of delivery annexed as Exhibit 2 to Declaration of James M. Maloney submitted herewith).

6. **On or about November 20, 2007, Defendant KATHLEEN M. RICE received the document entitled "Notice of Entry and Demand for Retraction of Appellee's Brief."** SUPPORT: Exhibit 2 to Declaration of James M. Maloney submitted herewith (*see especially* final two pages).

7. **Thereafter, the complained-of brief was never retracted.** Document 102-1 (copy of brief downloaded from Westlaw® in or about June 2009, *see also* paragraph 9 of Document 102 (declaration introducing that exhibit)).

8. **On or about September 22, 2008, the New York State Office of Children and Family Service's Bureau of Special Hearings rendered a decision ordering that "[t]he request of [Plaintiff] that the record of the report relating to him being maintained in the Central Register be amended to unfounded is granted" and finding that "the allegations of maltreatment against [Plaintiff] contained in the Central Register report have not been established by a fair preponderance of the evidence and as such, the report must be amended from indicated to unfounded and sealed."** SUPPORT: Document 128 (copy of redacted decision attached to letter of October 3, 2013) (identical document also elsewhere in record).

                                                                                                           /s
                                               JAMES M. MALONEY (JM-5297)
Plaintiff *Pro Se*
33 Bayview Avenue
Port Washington, New York 11050