UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAMES M. MALONEY,

                              Plaintiff,

        -against-

KATHLEEN A. RICE,

                              Defendant.
-------------------------------------------------------------------X

**Defendant's Rule 56.1
Counter-Statement**

03-CV-786
(PKC) (ARL)

       Defendant Kathleen A. Rice ("Rice" or "Defendant") by Nassau County Attorney Hon. Carnell T. Foskey, by Liora M. Ben-Sorek, Deputy County Attorney, submits the within Counter-Statement to Plaintiff James M. Maloney's ("Maloney" or "Plaintiff") Statement of Material Facts pursuant to Rule 56.1 of the Civil Rules for the Eastern and Southern Districts of New York. In addition, this document serves as Defendant's Rule 56.1 Statement of Material Facts in support of her motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

## RESPONSE TO PLAINTIFF'S RULE 56.1 STATEMENT

1.     Agree that Plaintiff was charged with a violation of New York Penal Law section 265.01 for possession of nunchaku.

2.     Dispute that nunchaku are typically possessed by law abiding citizens for lawful purposes, and dispute that the materials cited by Plaintiff establish that nunchaku are typically possessed by law abiding citizens for lawful purposes. [Source: Carl Brown, *The Law and Martial Arts* at 148 (1998); *See also* Paul Crompton, *The Complete Martial Arts*, McGraw-Hill Publishing Co. 1989, 64 (noting that nunchaku "cannot be used in any realistically simulated

combat competition as the risks are too great");Bob Laylo, "Carbon man pleads guilty in nunchaku case," *Morning Call* (Allentown, PA), September 26, 2007, at B.6 (noting that perpetrator struck victim "with the nunchaku with such force that the weapon broke into several pieces and broke [the victim's] arm"); "Court denies nunchaku murder appeal," *Milwaukee Journal Sentinel*, June 18, 1999, at 2 (discussing appellate court's affirmance of perpetrators conviction for beating man to death with nunchaku); "The World: Party death charge," *Birmingham Mail*, November 5, 2007, at 10 (individual attacked with nunchaku outside of party dies of injuries in hospital); "Martial Arts Weapon Reportedly Used by Two Rapists," *Boston Globe*, August 1, 1983, at 1 ("The two subjects grabbed the woman around the neck with a 'nunchaku'"); *In re S.P., Jr.*, 465 A.2d 823 (D.C. Ct. Apps. 1983) ("because of the inherent character of the nunchaku as an offensive weapon" the device constitutes a "deadly or dangerous weapon."); *R.V. v. State*, 497 So.2d 912 (1986) (nunchaku, "a potentially lethal device which originated from the martial arts, is a deadly weapon."); *State v. Courtier*, 166 Or.App. 514 (2000), (even if nunchaku was not enumerated as a "dangerous or deadly weapon" by the relevant statute, the device would still qualify as such due to "essential characteristics that make them dangerous or deadly."); *State v. Mitchell*, 371 N.W.2d 432 (1985) (nunchaku constitutes a dangerous weapon regardless of its use or indented use because it "is designed to inflict death or injury" and "is actually capable of inflicting death on a human being.").]

3. Agree that nunchaku were used as a weapon by Okinawans in the early 17th century.

4. Agree, but note that Defendant Rice's brief cited directly to *Maloney v. County of Nassau*, wherein this court explicitly stated that "the New York State Office of Children and Family Services ("OCFS") investigated plaintiff for possible child abuse" and that "[f]ollowing

this investigation, OCFS determined that child abuse was indicated." [Source: Document 102-2 at 11; *Maloney v. County of Nassau*, 623 F.Supp.2d 277, 281 (E.D.N.Y. 2007).]

5.  Do not dispute that Plaintiff sent this document, but dispute that it was of any legal force and effect.

6.  Dispute that Defendant Kathleen M. Rice personally received the document, but do not dispute that the document was delivered by certified or registered mail to the Office of the Nassau County District Attorney.

7.  Do not dispute that "the complained-of brief was never retracted," but note that on or about November 19, 2008, the United States Court of Appeals for the Second Circuit denied a motion by Plaintiff which sought to have the brief stricken. [Source: Document 102-3 at 30]

8.  Do not dispute this fact, but dispute that it is relevant to the instant proceeding.

## DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO RULE 56.1

1.  On August 22, 2003, Plaintiff filed a complaint in the action *Maloney v. County of Nassau* which stated that "Plaintiff was investigated by the State of New York Office of Children and Family Services for alleged maltreatment of his two infant sons on the basis of the events hereinbefore described" and that "said investigation was deemed 'Indicated,' which creates a permanent record…indicating that Plaintiff has been investigated for possible child abuse." [Source: Verified Complaint in Docket No. CV-03-4178 (Exhibit A to Declaration in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendant's Motion for Summary Judgment)]

2.  On December 12, 2003, Plaintiff filed a first amended complaint in the same action which stated that "Plaintiff was investigated by the State of New York Office of Children and Family Services for alleged maltreatment of his two infant sons on the basis of the events

hereinbefore described," and that "said investigation was deemed 'Indicated'…creat[ing] a permanent record…indicating that Plaintiff has been investigated for possible child abuse." [Source: First Amended Complaint in Docket No. CV-03-4178 (Exhibit B to Declaration in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendant's Motion for Summary Judgment)]

3. On September 25, 2007, this court issued a written decision in *Maloney v. County of Nassau*, CV-03-4178, which stated that "the New York State Office of Children and Family Services ("OCFS") investigated plaintiff for possible child abuse" and that "[f]ollowing this investigation, OCFS determined that child abuse was 'indicated.'" That decision is reported as *Maloney v. County of Nassau*, 623 F.Supp.2d 277 (E.D.N.Y. 2007).

4. Plaintiff has not filed a motion asking this court to redact or withdraw its decision in *Maloney v. County of Nassau*, nor has he filed a motion to have the records from that case sealed or redacted. [Source: Docket Sheet for Docket No. CV-03-4178]

5. On October 26, 2007, Plaintiff filed a motion in the United States Court of Appeals for the Second Circuit asking that court to "Strike [Defendant Kathleen M. Rice's] brief as violative of Local Rule 28(1) and of NY Social Services Law." That motion was denied on November 19, 2008. [Source: Document 102-3 at 1 and 30]

Dated: Mineola, New York
       January 27, 2014

                                            CARNELL T. FOSKEY
                                            Nassau County Attorney

                    By:          /S/
                                            Liora M. Ben-Sorek
                                            Deputy County Attorney
                                            One West Street
                                            Mineola, New York 11501
                                            (516) 571-3014
                                            Attorneys for Defendant Rice

To:   James M. Maloney
      33 Bayview Avenue
      Port Washington, New York 11050
      (516) 767-1395
      Plaintiff *Pro Se*