UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAMES M. MALONEY,

       Plaintiff,

  -against-

KATHLEEN A. RICE,

       Defendant.
------------------------------------------------------------------X

Case No. 03-CV-786
(PKC) (ARL)

# MEMORANDUM OF LAW IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

CARNELL T. FOSKEY
Nassau County Attorney
One West Street
Mineola, New York 11501
(516) 571-3014
*Attorney for Defendant Kathleen Rice*

*Of Counsel*:  David A. Tauster,
      Deputy County Attorney

      Liora M. Ben-Sorek
      Deputy County Attorney

## PRELIMINARY STATEMENT

This memorandum of law is submitted in further opposition to Plaintiff James M. Maloney's ("Maloney") motion for summary judgment on his First and Third Causes of Action and in further support of Defendant Kathleen A. Rice's ("Rice") motion for summary judgment on all of Maloney's causes of action.

## ARGUMENT

### POINT I

### NUNCHAKU ARE BOTH DANGEROUS AND UNUSUAL AND THEREFORE MAY BE PROHIBITED BY THE STATE OF NEW YORK

As a threshold matter, Maloney makes no effort to distinguish the extensive case law and legislative history cited by Rice in her primary Memorandum of Law and related submissions. Instead, Maloney devotes the entirety of his response to Rice's submission to a self-serving comparison between handguns and nunchaku. Such a comparison is patently unnecessary to a determination of this case, and does not change the fact that nunchaku are, plainly, dangerous and unusual weapons which may be banned by the State of New York.

Maloney attempts to distill the entirety of Rice's arguments in favor of summary judgment on the First Cause of Action into four bullet points, which he then uses as a basis to compare handguns to nunchaku to demonstrate that, presumably, if nunchaku are dangerous and unusual than so are handguns. This completely ignores the fact that the Supreme Court has already held, conclusively, that while handguns are (indisputably) dangerous, they are *not* unusual, and in fact constitute the "quintessential self-defense weapon." *District of Columbia v. Heller*, 554 U.S. 570, 629 (2008). Indeed, as the Court continues, "[w]hatever the reason, handguns are the most popular weapon chosen by Americans for self-defense in the home, and a complete prohibition of their use is invalid." *Id*. Conversely, while Maloney speaks at great

length with respect to his own desire to use nunchaku for self-defense purposes, he has failed to demonstrate that his view is widespread even among martial artists, let alone among the average American.

To the extent that Maloney is arguing that, in the abstract, a loaded handgun may be more dangerous than nunchaku, it is difficult to discern the relevance of that point. As addressed in Rice's primary Memorandum of Law at page 7, there is nothing in the Supreme Court's Second Amendment jurisprudence which suggests that the "destructive capacity" of a weapon governs the question of whether its possession may be prohibited. No matter how much more or less dangerous nunchaku may be than handguns, the fact remains that the former is both dangerous *and* unusual, and therefore may be prohibited without running afoul of the Second Amendment.

Ultimately, the bulk of Maloney's claim is governed by his own personal experience, which hardly serves as a solid basis for a holding that New York State may not prohibit the possession of a dangerous and unusual weapon. The protections afforded by the Second Amendment are not granted on an individual basis based on each person's proficiency with a particular weapon. Were this Court to adopt Maloney's rationale, it is arguable that the states would be precluded from prohibiting *any* weapons so long as one individual were willing to step forward and declare a particular device to be his or her preferred means of self-defense. The Second Amendment does not protect the possession of dangerous and unusual weapons, and as Maloney has failed to demonstrate that nunchaku are neither dangerous nor unusual, Rice is entitled to summary judgment on the First Cause of Action.

## POINT II

### THIS COURT MAY GRANT SUMMARY JUDGMENT ON THE SECOND CAUSE OF ACTION AS PLAINTIFF WAS PROVIDED WITH NOTICE AND AN OPPORTUNITY TO BE HEARD IN OPPOSITION TO THE MOTION

Maloney makes no effort to address Rice's motion for summary judgment with respect to his Second Cause of Action. Maloney notes, instead, that at the pre-motion conference he was, essentially, told not to brief the issue as the second cause of action was no longer viable. The undersigned was not present at that conference, and the Deputy County Attorney who was present has no recollection of that exchange. To the extent that this Court has determined that the Second Cause of Action has not been reinstated by the Supreme Court's remand, Rice would not oppose an order to that effect. However, in light of the fact that Maloney clearly views this cause of action as surviving, it is respectfully submitted that the within motion constitutes the most effective way to dispose of the Second Cause of Action which, as discussed extensively in Rice's primary Memorandum of Law at 10-13, is totally unsustainable.

Maloney is wholly incorrect that it would be "somewhat unfair to Maloney" and a "waste of judicial economy" to grant summary judgment on the Second Cause of Action. The Second Circuit has held that "a court need not give notice of its intention to enter summary judgment against a non-moving party…when a summary judgment motion has in fact been made, because the parties are then on notice that ultimate issues are before the court." *First Fin. Ins. Co. v Allstate Interior Demolition Corp.*, 193 F.3d 109, 115 (2d Cir. 1999). In the instant proceeding, Maloney was placed on notice that Defendant sought summary judgment on this cause of action, and as such had a full and fair opportunity to argue against Rice's motion.

Beyond the fact that it could hardly be deemed "unfair" for this Court to grant summary judgment on the Second Cause of Action, it can hardly be said that granting Rice summary

judgment on the Second Cause of Action would constitute a "waste of judicial economy." Indeed, given Maloney's insistence that the Second Cause of Action remains viable, granting Rice summary judgment (as a part of a grant of summary judgment on all causes of action) will effectively dispose of this matter and leave no unresolved issues before the District Court. Conversely, a denial of the motion or a declination to consider the issue will almost certainly lead to further motion practice down the line on a subsidiary cause of action unsupported by any proposition of law. Rather than leaving a dangling issue to be seized upon at a later date, this Court should grant Rice summary judgment on the Second Cause of Action based on the arguments set forth in her primary Memorandum of Law.

## POINT III

**THE THIRD CAUSE OF ACTION FAILS BECAUSE RICE DID NOT VIOLATE PLAINTIFF'S DUE PROCESS RIGHTS AS A RESULT OF THE INFORMATION CONTAINED IN HER ANSWERING BRIEF**

As a the outset, Rice acknowledges that she did not include a statement to the effect that Maloney voluntarily stopped teaching in its Rule 56.1 statement in support of her motion for summary judgment. However, Rice wholly disagrees with Maloney's claim that such a failure precludes granting summary judgment. As a threshold matter, whether or not the fact is "undisputed," it cannot be credibly disputed by Maloney, who in fact alleges in his Second Amended Verified Complaint at ¶ 77 that he "made a considered decision to stop teaching the course because of the unacceptable risk that the disclosed information in the publicly available brief would become known to Maloney's local school district if Maloney continued to teach the course."

Furthermore, there is nothing in Rule 56.1 which mandates denial of the motion based upon Defendant's failure to include an allegation set forth in Maloney's complaint in its Rule

4

56.1 statement. Indeed, Rule 56(e) grants this Court considerable deference in determining how to proceed in the event that "a party fails to properly support an assertion of fact," including granting "an opportunity to properly support or address the fact" or "consider[ing] the fact undisputed for purposes of the motion." Inasmuch as Maloney included this fact in his own complaint (and therefore may not dispute its veracity), and that Rice has substantiated the fact with a citation to the record, this Court should consider the fact that Maloney ceased teaching his course of his own volition to be undisputed for the purposes of the within motion.

Even if this Court is not inclined to view this fact, as alleged by Maloney in his own complaint, as undisputed for the purposes of the within motions, summary judgment for Rice is still appropriate because Maloney has failed to actually demonstrate a violation of his due process rights. As discussed in Rice's primary Memorandum of Law at 13-15, for Maloney to sustain his due process claim he must show "the utterance of a statement 'sufficiently derogatory to injure his or her reputation, *that is capable of being proved false*, and that he or she claims is false." *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (emphasis added). Maloney, of course, cannot meet this showing, inasmuch as the lone statement complained of in his brief was true.

Maloney, fully cognizant of his complete inability to sustain a due process claim, instead argues that "the *sui generis* nature of the situation at hand, in which a public servant charged with enforcing the criminal law has engaged in conduct that itself is *arguably* in violation of a criminal provision in order to advance her position in a civil matter, should mandate a finding that that public servant acted in a manner at odds with fundamental principles of due process." Feb. 27 Mem. of Law at 9-10 (emphasis added). Maloney, of course, does not specify (in either of his memoranda of law) as to what "fundamental principle" he feels was violated by Rice's

5

appellate counsel citing to publicly available information. Moreover, as discussed extensively in Rice's primary memorandum of law, Rice did not violate NY Social Services Law § 422 because she did not "release" information contained in the State Central Register; rather, Rice cited to a publicly available (and now published[1]) decision which contained such information. As such, if Maloney's due process rights were violated by any individual, it would surely be the one who first made this information publicly available and not Rice.

Maloney appears to ground his entitlement to relief on the fact that he demanded that Rice withdraw the complained of brief, and as such is liable because she left the complained of information "in a public document to be widely disseminated in electronic perpetuity." Feb. 27 Mem. of Law at 10. Yet Maloney has made no effort to have any of the other "public documents" which contain the complained of information redacted, including the papers in this action which are set to be uploaded to PACER and, therefore, publicly available "to be widely disseminated in electronic perpetuity." There is simply no compelling reason to find that a public servant is liable for a due process violation where her appellate counsel has cited to publicly available, though embarrassing, information about her adversary, and as such Rice is entitled to summary judgment on the Third Cause of Action.

## CONCLUSION

For the reasons set forth in her submissions in connection with the within motions, Defendant Kathleen A. Rice respectfully submits that Maloney's motion for summary judgment on the First and Third Causes of Action should be denied, and that Defendant's cross-motion for

---

[1] Maloney continuously attempts to discredit Rice's argument in this regard by pointing out that the decision at issue was not "published" at the time of the complained of brief. Of course, Rice fully conceded this point in footnote 2 of her primary Memorandum of Law. That said, Maloney cannot credibly dispute that the decision was publicly available through Westlaw and other legal search engines and subsequently published in the Federal Reporter. As such, the information contained therein cannot be viewed as confidential in any meaningful sense of the word, either today (where the decision remains unredacted wherever it is available) or at the time the brief was drafted and submitted.

6

summary judgment on the First, Second, and Third Causes of Action should be granted, together with such other and further relief as this court may deem proper.

Dated: Mineola, New York
       March 20, 2014

                                                  CARNELL T. FOSKEY
                                                  Nassau County Attorney

                                 By:          /S/_____
                                                  David A. Tauster
                                                  Deputy County Attorney
                                                  One West Street
                                                  Mineola, New York 11501
                                                  (516) 571-4073

                                                  Liora M. Ben-Sorek
                                                  Deputy County Attorney
                                                  Attorneys for Defendant Rice

To:    James M. Maloney
        33 Bayview Avenue
        Port Washington, New York 11050
        (516) 767-1395
        Maloney *Pro Se*

7