<table>
<tr><td>ADMITTED TO PRACTICE IN:<br>NEW YORK; NEW JERSEY;<br>UNITED STATES SUPREME COURT;<br>U.S. COURTS OF APPEALS FOR THE<br>SECOND AND THIRD CIRCUITS;<br>U.S. DISTRICT COURTS FOR THE<br>DISTRICT OF CONNECTICUT,<br>NORTHERN DISTRICT OF FLORIDA,<br>NORTHERN DISTRICT OF ILLINOIS,<br>DISTRICT OF NEW JERSEY, AND<br>NORTHERN, SOUTHERN & EASTERN<br>DISTRICTS OF NEW YORK; U.S.<br>COURT OF INTERNATIONAL TRADE;<br>U.S. COURT OF FEDERAL CLAIMS.</td><td align="center">**JAMES M. MALONEY**<br>ATTORNEY AT LAW<br>PROCTOR IN ADMIRALTY<br><br><br>P.O. BOX 551<br>33 BAYVIEW AVENUE<br>PORT WASHINGTON, NY 11050</td><td>TEL: (516) 767-1395<br>FAX: (516) 767-1326<br><br>E-MAIL ADDRESS:<br>**maritimelaw@nyu.edu**</td></tr>
</table>

July 2, 2015

The Honorable Pamela K. Chen
United States District Judge
United States District Court, E.D.N.Y
225 Cadman Plaza East
Brooklyn, NY 11201                             Re: *Maloney v. Singas*, CV-03-0786

**Via ECF**

Dear Judge Chen:

     I am the *pro se* plaintiff in the above-captioned matter, and write jointly with Liora Ben-Sorek, counsel for the defendant. This letter is intended to provide a status report to the Court following the Memorandum and Opinion of May 22, 2015 (Document 146) ("Decision") and to request:

     (1) a reopening of discovery for the limited purpose of conducting "expert" discovery;

     (2) a six-month extension of the date to file a joint pretrial order, from the current date of July 6, 2015, to January 6, 2016; and

     (3) a conference with the Court to discuss Defendant's wish to depose the Plaintiff.[1]

     Following the Decision, plaintiff has identified two individuals who have personal knowledge of the "common use" of nunchaku (in modern times in the United States) for lawful purposes. Plaintiff has contacted these individuals and orally obtained the agreement of both to testify subject to their personal schedules. The witnesses are: (1) Sensei Chris Pellitteri, founder of the North American Nunchaku Association and a long-time teacher of nunchaku techniques in

---

[1] Plaintiff does not believe he has any useful testimony to offer about the "common use" of nunchaku in modern times in the United States for lawful purposes above and beyond that which will be covered by his witnesses, and does not wish to be deposed or to reopen discovery for that purpose.

his dojo (martial-arts studio) in Upland, California; and (2) Sergeant (retired) Kevin Orcutt of Denver, Colorado, inventor of the Orcutt Police Nunchaku ("OPN") and a long-time teacher of nunchaku techniques to police officers in various police forces throughout the United States.

On June 22, counsel for the defendants contacted the plaintiff by email to discuss the case, including the possibility of agreeing to make the requests set forth herein (although a deposition of Plaintiff was not discussed until today). In subsequent telephone discussions, plaintiff disclosed the identity of the two above witnesses and conceded that defendant should have the opportunity to depose them and any others that plaintiff may wish to produce in advance of trial, since the proffered testimony is specialized and in the nature of "expert" testimony. Likewise, plaintiff should be afforded the opportunity to depose any witnesses that defendant intends to produce.

Defendant has agreed to pay for the travel and/or video deposition costs of plaintiff's witnesses and to compensate them for their time at a reasonable rate, and plaintiff agrees to do likewise with any of defendant's witnesses that he wishes to depose. The parties have agreed to the following schedule:

**Deadline for producing expert reports or declarations:[2] September 18, 2015**
**Deadline for submitting joint pretrial order: January 6, 2016**

The parties jointly request that Your Honor "so order" the above proposed schedule.

Respectfully,

James M. Maloney

cc:   Liora M. Ben-Sorek, Esq.
      (via ECF)

---

[2] In that Sensei Pellitteri's and Sergeant Orcutt's testimony is purely factual and relates to their personal knowledge of the use of nunchaku by law-abiding citizens (martial arts students in California, where the nunchaku is otherwise banned, and police officers in as many as 200 police forces throughout the nation, respectively), plaintiff has reservations about providing "expert reports" about the factual/legal conclusion that for Second Amendment purposes nunchaku are in "common use." Neither witness, for example, will be reviewing documents provided by plaintiff and/or rendering an opinion based on information provided by a party. Accordingly, providing declarations that substantially set forth the anticipated trial testimony appears to plaintiff to be a better approach for providing defendant an opportunity to formulate a cross-examination and to retain witnesses to oppose the proffered testimony. Defendant does not at this stage concede this point, but the parties have informally agreed that plaintiff will take the "lead oar" in proffering such declarations well before the September 18, 2015, deadline, following which the parties will confer further, and, if necessary, seek the Court's guidance and/or a ruling.