**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**STEPHEN NUCCIO,**

                                **Plaintiff,**

    vs.                                                  7:13-cv-1556
                                                                 (MAD/TWD)

**NICOLE DUVE, in her official capacity**
**as District Attorney of the County of**
**Saint Lawrence, New York,**

                                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **JAMES M. MALONEY**<br>**ATTORNEY AT LAW**<br>P.O. Box 551<br>33 Bayview Avenue<br>Port Washington, New York 11050<br>Attorney for Plaintiff | **JAMES M. MALONEY, ESQ.** |
| **CAROLYN E. WEISSBACH**<br>P.O. Box 23<br>Houghton, Michigan 49931<br>Attorney for Plaintiff | **CAROLYN E. WEISSBACH, ESQ.** |
| **HANCOCK ESTABROOK, LLP**<br>1500 AXA Tower I<br>100 Madison Street<br>Syracuse, New York 13221-4976<br>Attorneys for Defendant | **ZACHARY M. MATTISON, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff commenced this action on December 17, 2013, alleging that the provisions of

N.Y. Penal Law §§ 265.00-02 that criminalize the possession of chuka sticks (or "nunchaku") are

2:03-cv-01556-MAD-TWD   Document 46   Filed 03/16/15   Page 2 of 12
2:03-cv-01556-MAD-TWD Document 46 Filed 03/16/15 Page 2 of 12 PageID #: 1371

unconstitutional to the extent that they punish possession of nunchaku within one's home. *See* Dkt. No. 1. Presently before the Court is Defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, to stay the proceedings pending the final resolution of a similar lawsuit currently pending in the United States District Court for the Eastern District of New York. *See* Dkt. No. 15. Plaintiff opposes the motions. *See* Dkt. No. 20.

## II. BACKGROUND[1]

### A.  N.Y. Penal Law §§ 265.00-02

N.Y. Penal Law § 265.01 provides in relevant part that "[a] person is guilty of criminal possession of a weapon in the fourth degree when . . . [h]e or she possesses any . . . chuka stick." N.Y. Penal Law § 265.01(1). Criminal possession of a weapon in the fourth degree is classified as a class A misdemeanor. *Id.* § 265.01. N.Y. Penal Law § 265.00 defines "chuka stick" as

> any device designed primarily as a weapon, consisting of two or more lengths of a rigid material joined together by a thong, rope or chain in such a manner as to allow free movement of a portion of the device while held in the hand and capable of being rotated in such a manner as to inflict serious injury upon a person by striking or choking. These devices are also known as nunchakus and centrifugal force sticks.

*Id.* § 265.00(14).[2]

N.Y. Penal Law § 265.02 provides, as relevant here, that "[a] person is guilty of criminal possession of a weapon in the third degree when . . .[s]uch person commits the crime of criminal

---

[1] Defendant's motions require the Court to consider both the factual and procedural backgrounds of the instant case and the factual and procedural background of the case pending in the Eastern District of New York ("the Maloney Action"). The factual background of this action is derived from the allegations in Plaintiff's complaint. *See* Dkt. No. 1. The factual and procedural background of the Maloney Action are derived from the Eastern District of New York docket and the second amended verified complaint in that action. *See* Dkt. Nos. 15-3, 15-4.

[2] The Court notes that N.Y. Penal Law § 265.00 contains two subsections numbered 14. The Court's references are to the first subsection 14, which pertains to chuka sticks.

2

possession of a weapon in the fourth degree as defined in subdivision one, two, three or five of section 265.01, and has been previously convicted of any crime." *Id.* § 265.02(1). Criminal possession of a weapon in the three degree is classified as a class D felony. *Id.* § 265.02.

**B.     The Northern District of New York Action**

On May 8, 2012, New York State police officers arrived at Plaintiff's home in St. Lawrence County, New York, pursuant to a bench warrant on a criminal contempt allegation unrelated to the present action. Dkt. No. 1 at ¶ 7. While inside Plaintiff's home, the officers observed five pairs of nunchaku on a display shelf outside of Plaintiff's bedroom, which the officers seized and secured into evidence. *Id.* at ¶¶ 8-9. On May 10, 2012, Plaintiff was charged with criminal possession of a weapon in the fourth degree in violation of N.Y. Penal Law § 265.01 based on Plaintiff's possession of the nunchaku seized from his home. *Id.* at ¶ 10. On June 25, 2013, a jury found Plaintiff guilty of misdemeanor criminal possession of a weapon in the fourth degree. *Id.* at ¶ 14. As a result of this conviction, Plaintiff qualifies as a person who "has been previously convicted of any crime," and would thus be subject to a charge of criminal possession of a weapon in the third degree pursuant to N.Y. Penal Law § 265.02 if he were to face future criminal weapon possession charges in New York. *See id.* at ¶ 20.

On December 17, 2013, Plaintiff filed the instant action against Defendant in her official capacity as District Attorney of the County of St. Lawrence. *See id.* at ¶¶ 1-3. Plaintiff contends that N.Y. Penal Law §§ 265.00-02 violate the Second Amendment to the United States Constitution to the extent that they criminalize the simple possession of nunchaku within one's home. *Id.* at ¶¶ 45-46. Plaintiff also contends that §§ 265.00-02 violate Plaintiff's "unenumerated federal constitutional rights" as guaranteed by the Ninth Amendment, Fourteenth Amendment Due Process Clause, and the Supreme Court's decision in *Lawrence v. Texas*, 539 U.S. 558

(2003). *Id.* at ¶¶ 47-48. Plaintiff seeks a declaratory judgment that §§ 265.00-02 are unconstitutional and without force and effect, as well as attorney's fees pursuant to 42 U.S.C. § 1988. *Id.* at 11.[3]

## C. The Eastern District of New York Action

On August 24, 2000, James M. Maloney was arrested and charged with criminal possession of a weapon in the fourth degree in violation of N.Y. Penal Law § 265.01 based on the possession of nunchaku within his home in Nassau County, New York. *See* Dkt. No. 15-4 at ¶¶ 8-10. The charge against Maloney was dismissed on January 28, 2003. *Id.* at ¶ 11. On February 18, 2003, Maloney filed a complaint in the Eastern District of New York against the New York State Attorney General and Governor and Nassau County District Attorney in their official capacities, seeking a declaration that N.Y. Penal Law §§ 265.00-02 are unconstitutional insofar as they punish possession of nunchaku in one's home. *See id.* at ¶ 6. Maloney filed an amended verified complaint on September 3, 2005. *Id.* On January 17, 2007, the district court granted the defendants' motion to dismiss Maloney's complaint. *See Maloney v. Cuomo*, 470 F. Supp. 2d 205 (E.D.N.Y. 2007), *vacated*, 390 F. App'x 29 (2d Cir. 2010). As relevant here, the district court concluded that §§ 265.00-02 do not violate the Second Amendment on the bases that the Second Amendment does not apply to state legislation and the Ninth Amendment does not confer substantive rights. *See id.* at 214.

On appeal, the Second Circuit affirmed the district court's judgment. *See Maloney v. Cuomo*, 554 F.3d 56 (2d Cir. 2009) (per curiam), *vacated sub nom. Maloney v. Rice*, 561 U.S. 1040 (2010). Maloney then petitioned the Supreme Court for writ of certiorari. *See Rice*, 561

---

[3] Citations to page numbers of documents identified by docket entry number are to the page numbers assigned by the Court's electronic filing system.

U.S. 1040. The Supreme Court granted Maloney's petition, vacated the Second Circuit's judgment, and remanded the case to the Second Circuit for further consideration in light of the Supreme Court's decision in *McDonald v. Chicago*, 561 U.S. 742 (2010), that the Second Amendment is applicable to the states by virtue of the Fourteenth Amendment. *Id.* On reconsideration, the Second Circuit vacated the district court's judgment and remanded the case to the district court for further proceedings consistent with *McDonald*. *See Maloney v. Cuomo*, 390 F. App'x 29 (2d Cir. 2010).

Maloney filed a second amended verified complaint against the Nassau County District Attorney on October 22, 2010. *See* Dkt. No. 15-4. Maloney's second amended verified complaint includes causes of action asserting that §§ 265.00-02 violate Maloney's Second Amendment and unenumerated constitutional rights to the extent that they criminalize the simple possession of nunchaku within one's home. *Id.* at ¶¶ 50-53.[4] As to these causes of action, Maloney seeks a declaration that §§ 265.00-02 are unconstitutional and therefore cannot be enforced. *Id.* at 24. Following discovery, Maloney and the defendant each moved for summary judgment on March 20, 2014. *See* Dkt. No. 15-3 at 17-18. The parties' summary judgment motions are currently pending before the district court.

**D.  Defendant's Motion to Dismiss or Stay the Action**

In the present action, on April 29, 2014, Defendant moved to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(3) under the first-filed rule. *See* Dkt. No. 15-5 at 6. Defendant argues that dismissal of Plaintiff's complaint under the first-filed rule is appropriate because it will avoid conflicting decisions and promote judicial efficiency. *See id.* at 9-11. Defendant's

---

[4] The second amended verified complaint also includes a third cause of action against the defendant in her personal capacity that is not relevant to this decision.

5

argument hinges in part on the fact the plaintiff in the Maloney Action is Plaintiff's attorney in the present action. *See id.* at 6, 8, 10-11. Plaintiff opposes dismissal and argues that the first-filed rule is inapplicable because there is no commonality of parties between this action and the Maloney Action. *See* Dkt. No. 21 at 7-9.

In the alternative, Defendant urges the Court to stay this action pending the outcome of the Maloney Action and any subsequent appeals. *See* Dkt. No. 15-5 at 6. Defendant contends that a stay will preserve judicial economy and will not prejudice Plaintiff. *See id.* at 14-17. Plaintiff opposes a stay as prejudicial to his interests and argues that resolution of the Maloney Action cannot fully resolve Plaintiff's claims. *See* Dkt. No. 21 at 12.

### III. DISCUSSION

**A.    Motion to Dismiss**

Pursuant to the first-filed rule, "'[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second.'" *Motion Picture Lab. Technicians Local 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986) (quoting *Fort Howard Paper Co. v. William D. Witter, Inc.*, 787 F.2d 784, 790 (2d Cir. 1986)). "This rule 'embodies considerations of judicial administration and conservation of resources' by avoiding duplicative litigation and honoring the plaintiff's choice of forum." *Employers Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (quoting *First City Nat'l Bank & Trust Co v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989)).

"Proper application of the 'first-filed' rule requires that the first and subsequently filed case(s) have either identical or substantially similar parties and claims." *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012). "[The] court must be

6

careful, when dismissing a second suit between the same parties as duplicative, not to be swayed by a rough resemblance between the two suits without assuring itself that beyond the resemblance already noted, the claims asserted in both suits are also the same." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 134 (2d Cir. 2000). In addition to fostering judicial economy, the rule against duplicative litigation "is also meant to protect parties from 'the vexation of concurrent litigation over the same subject matter.'" *Id.* at 138 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

Plaintiff first contends that Defendant's motion to dismiss pursuant to Fed R. Civ. P. 12(b)(3) should be denied because the Northern District of New York is a proper venue for this action. *See* Dkt. No. 21 at 7-8. This argument is unavailing. The Second Circuit has held that dismissal of a complaint pursuant to the first-filed rule can be appropriate even when venue is proper in the second-filed action. *See Motion Picture*, 804 F.2d at 18-19 (dismissing a complaint filed in the Southern District of New York under the first-filed rule despite the fact that venue was arguably proper in that district).

Plaintiff further argues that the first-filed rule is inapplicable to this action because the rule requires at least some commonality of parties. The Second Circuit does not require that the parties in both suits be identical to invoke the first-filed rule. *See Spotless Enters. Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203, 206 (E.D.N.Y. 2006) ("Importantly, the rule does not require *identical* parties in both cases . . . .'" (citations omitted)); *see also Meeropol v. Nizer*, 505 F.2d 232, 235 (2d Cir. 1974) (discussing the first-filed court's jurisdiction to enjoin prosecution of a second-filed action "embracing the same issue . . . even where the parties in the two actions are not identical"). Nonetheless, application of the first-filed rule "requires 'substantial overlap'" of the parties and claims. *Spotless Enters.*, 415 F. Supp. 2d at 206.

7

Defendant concedes as much, describing the first-filed rule as applying "when a previously filed case presents overlapping issues *and parties*." Dkt. No. 15-5 at 9. Furthermore, while Defendant claims that "[t]he fact that [Plaintiff] is not a party to the Maloney [Action] is of no moment because he is not seeking any relief specific to himself," Defendant identifies no precedent that supports the proposition that a lawsuit can be duplicative of an existing suit despite lacking any commonality of parties with the first-filed suit. Dkt. No. 15-5 at 10; *see also* Dkt. No. 24 at 2 (declining to address whether the first-filed rule requires commonality of parties). In contrast, Plaintiff provided the Court with an analysis of eighteen cases from the Second Circuit and the district courts within this circuit applying the first-filed rule, each of which demonstrated partial or total commonality of parties. *See* Dkt. No. 21 at 9 n. 4; Dkt. No. 21-1. Nor does Defendant provide any support for the argument that Plaintiff's attorney's participation in the first-filed action can be imputed to Plaintiff. Defendant's contention that "[t]he only difference between the Maloney [Action] and this case is that Defendant will be subject to an attorneys' fees claim under 42 U.S.C. § 1988" is disingenuous. This action differs from the Maloney Action in that it involves two parties that are strangers to that action.

In the absence of overlapping parties between the suits, Defendant has not demonstrated that the present action is duplicative of the Maloney Action. The first-filed rule is therefore inapplicable, and Defendant's motion to dismiss the complaint is denied.

**B.    Motion to Stay**

This Court has authority to stay proceedings pending disposition of another case that could affect the outcome. *See generally Goldstein v. Time Warner N.Y. City Cable Group*, 3 F. Supp. 2d 423, 437-38 (S.D.N.Y. 1998). "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy

8

of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[T]he decision whether to issue a stay is [therefore] 'firmly within a district court's discretion.'" *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting *Am. Shipping Line, Inc. v. Massan Shipping Indus., Inc.*, 885 F. Supp. 499, 502 (S.D.N.Y. 1995)). "'How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Louis Vuitton*, 676 F.3d at 97 (quoting *Landis*, 299 U.S. at 254-55); *see also Ofosu v. McElroy*, 98 F.3d 694, 699 (2d Cir.1996) ("A request for a stay is an appeal to equity.").

In deciding whether to stay proceedings, courts in the Second Circuit have examined the following five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Finn v. Barney*, No. 08-CV-2975, 2008 WL 5215699, *2 (S.D.N.Y. Dec. 8, 2008) (quoting *Volmar Distrib. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)); *see also LaSala*, 399 F. Supp. 2d at 427; *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). "In balancing these . . . factors on a case-by-case basis, 'the basic goal is to avoid prejudice.'" *LaSala*, 399 F. Supp. 2d at 427 (quoting *Kappel*, 914 F. Supp. at 1058). The factors "have been applied, *inter alia*, 'to stay a federal action in light of a concurrently pending federal action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law).'" *LaSala*, 339 F. Supp. 2d at 427 (quoting *SST Global Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 455 (S.D.N.Y. 2003)).

9

Upon consideration of these five factors, the Court finds that a stay of this action pending the final resolution of the Maloney Action is warranted. Staying this action will serve the interest of the courts, non-parties, and the public by promoting the efficient use of judicial resources and "minimiz[ing] the possibility of conflicts between different courts." *N.Y. Power Auth. v. United States*, 42 Fed. Cl. 795, 799 (Fed. Cir.1999). The Maloney Action presents identical issues to those presented in this action, specifically whether N.Y. Penal Law §§ 265.00-02 violate the Second Amendment and the "unenumerated federal constitutional rights" protected by the Fourteenth Amendment. Permitting this action to proceed while judicial resources elswhere are already devoted to determining the exact legal questions at issue here would be an inefficient use of judicial time and resources. This is especially true given the fact that the parties in the Maloney Action have been litigating these issues for more than twelve years. Accordingly, the third, fourth, and fifth factors weigh in favor of granting a stay. In addition, the second factor – the private interests of and burden on Defendant – weighs in favor of granting a stay, as the denial of a stay would force Defendant to expend resources on litigating issues that a final resolution of the Maloney Action will necessarily resolve.[5]

Plaintiff asserts that he would be prejudiced by a stay of these proceedings for two reasons: (1) a stay would unnecessarily delay resolution of this action; and (2) Plaintiff cannot obtain the full relief he seeks from a resolution of the Maloney Action. The Court recognizes that

---

[5] Both parties anticipate the Maloney Action to be resolved ultimately by either the Second Circuit or the Supreme Court. If, however, the non-prevailing party chooses not to appeal the disposition of that case, the district court's ruling would nonetheless "offer [this Court] valuable guidance in the present case." *Mount v. PulsePoint, Inc.*, No. 13 Civ 6592, 2014 WL 902965 (S.D.N.Y. Mar. 5, 2014); *see also Goldstein*, 3 F. Supp. 2d at 438 (discussing how the trial court's authority to stay a case "does not require that the issues in such proceedings are necessarily controlling of the action before the court" (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)).

10

Plaintiff has an interest in proceeding expeditiously with his litigation. However, the Court is not convinced that a final resolution of this action would likely come faster than a final resolution of the Maloney Action. The parties in the Maloney Action have completed discovery and are awaiting the district court's ruling on their respective motions for summary judgment. The Court does not see why this action, which is currently in the pre-answer stage, would proceed to final judgment more quickly than an action already in the summary judgment phase. Although Plaintiff argues that the anticipated appeals of the Maloney Action are likely to take years, the same is true as to any appeals in this case. In addition, the passage of time will not prejudice Plaintiff's case because Plaintiff raises purely legal issues that cannot "be compromised by unavailable witnesses, fading memories, or lost documents." *Mount*, 2014 WL 902965 at \*2.

Nor does the Court agree that the outcome of the Maloney Action cannot fully resolve Plaintiff's claims. Pursuant to Plaintiff's conviction for criminal possession of a weapon in the fourth degree, Plaintiff is subject to punishment under N.Y. Penal Law § 265.02 for criminal possession of a weapon in the third degree, a class D felony, for any future weapon possession charges. The plaintiff in the Maloney Action has not been convicted of any crime and therefore does not have standing to challenge § 265.02. *See* Dkt. No. 21 at 4. Thus, Plaintiff argues, "a favorable declaration in the Maloney Litigation – even if affirmed all the way up to and including the Supreme Court of the United States – would still not guarantee [Plaintiff] his sought-after right to possess nunchaku in his home" because Plaintiff would still be subject to punishment under § 265.02. *Id.* This contention is belied by a plain reading of § 265.02, which provides that "[a] person is guilty of criminal possession of a weapon in the third degree when . . .[s]uch person commits the crime of criminal possession of a weapon in the fourth degree as defined in subdivision one, two, three or five of section 265.01, and has been previously convicted of any

11

crime." N.Y. Penal Law § 265.02(1). If N.Y. Penal Law § 265.01(1)'s inclusion of nunchaku is found unconstitutional and thus unenforceable, an individual will not "commit[] the crime of criminal possession of a weapon in the fourth degree" by possessing nunchaku, and § 265.02 would not apply. Therefore, Plaintiff's possession of nunchaku in his home would not subject him to criminal liability, regardless of the fact that he has previously been convicted of a crime.

Accordingly, because the interests of the Court, the parties, non-parties, and the public outweigh any prejudice that would result from a stay of these proceedings, the Court will stay the instant action pending the final resolution of the Maloney Action, including appellate review. After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss is **DENIED**; and the

**ORDERS** that Defendant's motion to stay is **GRANTED**; and the Court further

**ORDERS** proceedings in this Court are **STAYED** pending final resolution of *Maloney v. Rice*, No. 03-cv-00786 (E.D.N.Y.); and the Court further

**ORDERS** that the parties are hereby directed to contact the Court when further developments in *Maloney v. Rice* warrant reactivation of this litigation, and that any party may reopen the action by advising the Court in writing that a final resolution of *Maloney v. Rice* has been obtained; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 16, 2015
      Albany, New York

Mae A. D'Agostino
U.S. District Judge