<table>
<tr><td>ADMITTED TO PRACTICE IN:<br>NEW YORK; NEW JERSEY;<br>UNITED STATES SUPREME COURT;<br>U.S. COURTS OF APPEALS FOR THE<br>SECOND AND THIRD CIRCUITS;<br>U.S. DISTRICT COURTS FOR THE<br>DISTRICT OF CONNECTICUT,<br>NORTHERN DISTRICT OF FLORIDA,<br>NORTHERN DISTRICT OF ILLINOIS,<br>DISTRICT OF NEW JERSEY, AND<br>NORTHERN, SOUTHERN & EASTERN<br>DISTRICTS OF NEW YORK; U.S.<br>COURT OF INTERNATIONAL TRADE;<br>U.S. COURT OF FEDERAL CLAIMS.</td><td>**JAMES M. MALONEY**<br>ATTORNEY AT LAW<br>PROCTOR IN ADMIRALTY<br><br>P.O. BOX 551<br>33 BAYVIEW AVENUE<br>PORT WASHINGTON, NY 11050</td><td>TEL: (516) 767-1395<br>FAX: (516) 767-1326<br><br>E-MAIL ADDRESS:<br>maritimelaw@nyu.edu</td></tr>
</table>

August 4, 2015

The Honorable Pamela K. Chen
United States District Judge
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201                                      Re: *Maloney v. Singas*, CV-03-0786

**Via ECF**

Dear Judge Chen:

      For the reasons stated in my email dated August 2 to the Court's ECF Support office (attached as **Exhibit 1**), which, for the sake of brevity, will not be restated here, it is respectfully requested that an order be issued removing Tatum J. Fox, Esq., of the Nassau County Police Department from the Notice of Electronic filing ("NEF" or "bounce") distribution on this case.

      Ms. Fox has apparently remained on this distribution for some time, but because there was little or no activity in the case at this level for much of that time, and because the domain "pdcn.org" did not catch my attention (I would have assumed it to be a not-for-profit organization rather than a police department), I have not made this request until doing so the other day as indicated in Exhibit 1. That request was ineffective.

      Upon "Googling" the telephone number shown for Ms. Fox on her NY State Attorney database listing (516-573-7210) this past weekend, I noticed two other names that were familiar to me. A true copy of those search results is attached as **Exhibit 2**. The first such familiar name is Israel Santiago. Ten years ago, I was instructed to make contact with Sergeant Israel Santiago, also of the Nassau County Police Department, to arrange for return of some of the huge amount of personal property that had been seized from my home. Attached as **Exhibit 3** is a true copy of a letter documenting same, noting at page 1 that "a myriad of items were seized [including] a high school ring, documents and weapons." On page 2 of that letter, Sergeant Santiago is mentioned as my "go to" person.

      The other familiar name in the Google® search results attached as Exhibit 2 appears as the eighth in the list ("Upcoming Events . . .") and is Lesli Hiller. A true printout of Ms. Hiller's LinkedIn page, which I accessed this past weekend after discovering the 516-573-7210

connection, is attached as **Exhibit 4**. Under "Experience," it indicates that Ms. Hiller has been an attorney at "NCPD" from 2006-present, was before that (2006-2010) a Deputy County Attorney for the County of Nassau, and before that (1999-2005) an Assistant District Attorney in the Nassau County District Attorney's office.

But I also have *personal* knowledge as to Ms. Hiller's employment as an Assistant District Attorney in the Nassau County District Attorney's office. She was one of the Assistant District Attorneys who, in or about 2002, was assigned to prosecute me for, among other things, possession of "chuka sticks" in my home in violation of New York Penal Code section 265.01, the provision of law and application thereof that I have been challenging in this civil constitutional-rights case since 2003.

Given the foregoing, especially in combination with other recent developments in this case, it is my opinion, for what it is worth, that it is improper for a federal court to continue to provide NEFs and corresponding "free looks" (i.e., access to documents filed without payment of PACER fees) to the Nassau County Police Department.

                                                Respectfully,

                                                /s
                                            James M. Maloney

cc:    all counsel via ECF