**THOMAS R. SUOZZI**
County Executive

**LORNA B. GOODMAN**
County Attorney

COUNTY OF NASSAU
OFFICE OF THE COUNTY ATTORNEY
One West Street
Mineola, New York 11501-4820
PHONE: 516-571-3056  FAX: 516-571-3058
Writer's Direct Line: 516-571-3014

July 1, 2005

Hon. Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: James Maloney v. County of Nassau, et al.
     CV-03-4178 (SLT) (MLO)

Dear Judge Townes:

  This office represents the County of Nassau, the Nassau County Police Department, Deputy Police Chief Joan Yale and District Attorney Denis Dillon, several of the defendants in the above-referenced action.

  At Oral Argument on defendants' respective motions, held June 24, 2005, this Court directed the undersigned to ascertain the procedure by which plaintiff can reclaim his personal property and to provide such information, in writing, to the Court by this date.

  Before explaining the procedure, it is necessary to delineate what property is involved. A review of the Property Bureau Invoices completed by Port Washington Police Officers on August 24, 2000, reveals that a myriad of items were seized. Included among them, a high school ring, documents and weapons. It is counsel's understanding that Port Washington Police transferred the weapons to the Nassau County Police Department while retaining the remaining property. Hence, this letter will address two categories of property: personal (held by Port Washington) and weapons (held by Nassau County Police at the behest of the Port Washington Police).

### Personal Property

  Pursuant to this Court's directive last Friday, the undersigned contacted the Port Washington Police Department and spoke with Sergeant Commander and Lieutenant Fuss. At the time of our telephone conversations they did not have copies of the Invoices in front of them and did not have a recollection as to whether their Department still has possession of any of Mr. Maloney's property.

(Copies of the Port Washington Property Invoices were subsequently faxed to the Lieutenant's attention). In the event they do, they instructed me that the procedure for return of such items would be for Mr. Maloney to simply appear at their office and present photo identification to claim his property. Counsel is informed that Lieutenant Fuss is in charge of the Property Bureau in Port Washington and can be reached by calling (516) 883-0500.

## Weapons

At the outset, the issue of plaintiff's seized weapons is twofold; these weapons consist of three unlawfully-possessed handguns and a set of nun-chuck sticks to which plaintiff has relinquished any claim, according to his plea and sentencing minutes. Remaining are four .22 caliber rifles, one shotgun (collectively referred to as the "long guns") and one cross-bow. These latter items are the subject of plaintiff's claim of withheld weapons.

The long guns and cross-bow were invoiced by Port Washington Police Officers but are being held by the Nassau County Police Property Bureau at their request. Counsel has communicated with Detective Sergeant Santiago of the Nassau County Police Department Legal Bureau who has agreed to contact the Port Washington Police Department and seek a release in order that the long guns and cross-bow be made available for Mr. Maloney to claim them. Thus, Mr. Maloney must make arrangements with Sergeant Santiago (who can be contacted at (516) 573-7210) to meet a representative of the Nassau County Police Department. Upon showing proof of identity the long guns and cross-bow will be returned to Mr. Maloney.

## Request for Court Endorsement

The transcript from Mr. Maloney's plea and sentencing does not explicitly state that all personal property, except the illegal handguns, nun-chucks and contraband, be returned. Thus, defendants are relying upon plaintiff's representation of the criminal disposition and a vague letter from Assistant District Attorney Camille Russell, dated October 1, 2003, wherein the ADA instructed the Port Washington Police Department to release all invoiced property to Mr. Maloney (with the exception of the aforementioned handguns, nun-chuck sticks and contraband (i.e.drugs)). In the absence of a clear directive, then, and in light of plaintiff's representations to this Court, it is respectfully requested that Your Honor issue an order to release the long guns and cross-bow within two weeks' time.

It is hoped that the above provides this Honorable Court with the requested outline of the method by which plaintiff may recover his seized property.

Very truly yours,

Liora M. Ben-Sorek (LMB 1971)
Deputy County Attorney

cc:   Victor Serby, Esq.
      Stanley Fischer, Esq.
      Lori Pack, Esq.