<table>
<tr><td>ADMITTED TO PRACTICE IN:<br>NEW YORK; NEW JERSEY;<br>UNITED STATES SUPREME COURT;<br>U.S. COURTS OF APPEALS FOR THE<br>SECOND AND THIRD CIRCUITS;<br>U.S. DISTRICT COURTS FOR THE<br>DISTRICT OF CONNECTICUT,<br>NORTHERN DISTRICT OF FLORIDA,<br>NORTHERN DISTRICT OF ILLINOIS,<br>DISTRICT OF NEW JERSEY, AND<br>NORTHERN, SOUTHERN & EASTERN<br>DISTRICTS OF NEW YORK; U.S.<br>COURT OF INTERNATIONAL TRADE;<br>U.S. COURT OF FEDERAL CLAIMS.</td><td style="text-align:center">**JAMES M. MALONEY**<br>ATTORNEY AT LAW<br>PROCTOR IN ADMIRALTY<br><br><br>P.O. BOX 551<br>33 BAYVIEW AVENUE<br>PORT WASHINGTON, NY 11050</td><td>TEL: (516) 767-1395<br>FAX: (516) 767-1326<br><br>E-MAIL ADDRESS:<br>maritimelaw@nyu.edu</td></tr>
</table>

August 7, 2015

The Honorable Pamela K. Chen
United States District Judge
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201                                   Re: *Maloney v. Singas*, CV-03-0786

**Via ECF**

Dear Judge Chen:

     I write in brief reply to the response of Defendant (ECF Document 151) to my letter motion (ECF Document 150) to remove Tatum J. Fox, Esq., of the Nassau County Police Department from the Notice of Electronic Filing ("NEF") distribution on this case. Although the motion may be moot, the latest filing (i.e., the response itself) was still distributed to Ms. Fox.[1]

     Defendant further complains that I am "well aware" that Ms. Ben-Sorek is on vacation, but my email to the ECF Clerk was copied to Ms. Ben-Sorek and received by her (I have the electronic return receipt) even before she filed the document (ECF Document 149) that announced her vacation. Further, my copying her on that email to the ECF Clerk renders Mr. Fernandez's assertion that I should simply have "communicated with [his] office" to secure its "voluntary" cooperation baseless: I did so communicate by virtue of the email itself. Moreover, past communications with that same office in this case urgently requesting cooperation, even when sent by Certified Mail to that office and to the underlying party, have gone unheeded. I will not belabor the point by citing the obvious example that resulted in much subsequent litigation following remand.

     Finally, as to my "standing" to make the motion, it is indisputably the law of the case that I have standing to bring this action, and I am not aware of any applicable doctrine that would

---

[1] Further, Attorney Fernandez writes that he has "taken the liberty" of requesting of the ECF clerk that Ms. Fox and Mr. Tauster "be removed from the ECF notification list." But the response from that office to my identical request was that the attorneys themselves must make that request. See ECF Document 151-1.

limit my legal capacity to seek the ancillary relief requested.  As to the legal merits of same, I have been (unsurprisingly) unable to find any cases on point about litigants' rights with regard to NEF distributions, but the general principle that our dual-sovereign system and resultant barrier between the functions of the federal and state sovereigns exists for the very purpose of protecting individual freedoms, including the right to keep and bear arms, is perhaps best expressed in recent times by Justice Kennedy in his concurrence in *United States. v. Lopez*, 514 U.S. 549 (1995).[2]  *See , e.g., id.* at 576 ("Though on the surface the idea may seem counterintuitive, it was the insight of the Framers that freedom was enhanced by the creation of two governments, not one.  'In the compound republic of America, the power surrendered by the people is first divided between two distinct governments, and then the portion allotted to each subdivided among distinct and separate departments.  Hence a double security arises to the rights of the people. The different governments will control each other, at the same time that each will be controlled by itself.'" (quoting The Federalist No. 51, p. 323 (C. Rossiter ed. 1961) (J. Madison))).

It is respectfully submitted that the foregoing principle, in turn, would support the proposition--obviously unforeseeable with specificity to the Framers in the 18th Century--that a 21st-Century federal court should not aid one sovereign by sending a state's political subdivision's law enforcement authorities electronic "free looks" in a constitutional case challenging the very statute enforced against the plaintiff when the plaintiff requests otherwise.

                                                    Respectfully,
                                                      /s
                                                James M. Maloney

cc:    all counsel (and possibly others) via ECF

---

[2] It is worth noting for purposes of observation if not argument that *Lopez* remains the only Supreme Court opinion in the history of the United States that includes the word "nunchaku."  The word (in Anglicized plural, not being subject to such pluralization in Japanese) appears in Justice Thomas's concurrence, 514 U.S. at 600.