<table>
<tr><td>ADMITTED TO PRACTICE IN:<br>NEW YORK; NEW JERSEY;<br>UNITED STATES SUPREME COURT;<br>U.S. COURTS OF APPEALS FOR THE<br>SECOND AND THIRD CIRCUITS;<br>U.S. DISTRICT COURTS FOR THE<br>EASTERN DISTRICT OF TEXAS,<br>DISTRICT OF NEW JERSEY,<br>NORTHERN DISTRICT OF FLORIDA,<br>NORTHERN DISTRICT OF ILLINOIS,<br>DISTRICT OF CONNECTICUT, AND<br>NORTHERN, SOUTHERN & EASTERN<br>DISTRICTS OF NEW YORK; U.S.<br>COURT OF INTERNATIONAL TRADE;<br>U.S. COURT OF FEDERAL CLAIMS.</td><td style="text-align:center;">**JAMES M. MALONEY**<br>ATTORNEY AT LAW<br>PROCTOR IN ADMIRALTY<br><br><br>P.O. BOX 551<br>33 BAYVIEW AVENUE<br>PORT WASHINGTON, NY 11050</td><td>TEL: (516) 767-1395<br>FAX: (516) 767-1326<br><br>E-MAIL ADDRESS:<br>**maritimelaw@nyu.edu**</td></tr>
</table>

August 24, 2015

The Honorable Pamela K. Chen
United States District Judge
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Maloney v. Singas*, CV-03-0786
**Filed via ECF**

Dear Judge Chen:

    I am the *pro se* plaintiff in this matter, and write to answer the question posed to me at the conference of July 23, 2015, i.e., whether I will: (a) agree to be deposed by the Nassau County Attorney's Office; or (b) be foreclosed from giving any testimony at the upcoming trial.

    Having carefully read and analyzed Your Honor's text order of August 3, 2015 (the "Order") (copy attached hereto as Appendix), I have concluded that my proposed motion for an injunction, even if I were permitted to make it (which the Order seems to indicate that I am not), would be denied.  **Accordingly, I hereby choose (a), and will make myself available for a deposition by the Nassau County Attorney's Office.**

    However, I am compelled to note for the record that:

- The irreparable harms that I would risk if I were to assert the privilege against self-incrimination in the deposition would not be the deprivation of my Second Amendment rights, but would derive from the inferences that could be drawn against me, leading to the harms detailed at pages 3-6 of my July 31, 2015, letter to the Court (Document 148).

- At the conference of October 24, 2013, the only possibility of a deposition that was discussed was that of District Attorney Rice (see Document 144-1 at 5).  It is respectfully submitted that I therefore could not reasonably have foreseen any need to move for such injunctive relief at the time I made my motion for summary judgment.

                                                             Respectfully,
                                                             /s
                                                         James M. Maloney

cc: all counsel via ECF