

James Michael Maloney <jmm257@nyu.edu>

## Activity in Case 2:03-cv-00786-PKC-AYS Maloney v. Rice Order on Motion for Extension of Time to File Response/Reply
1 message

ecf_bounces@nyed.uscourts.gov <ecf_bounces@nyed.uscourts.gov>  Mon, Aug 3, 2015 at 5:12 PM
To: nobody@nyed.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Eastern District of New York**

### Notice of Electronic Filing

The following transaction was entered on 8/3/2015 at 6:12 PM EDT and filed on 8/3/2015
**Case Name:**        Maloney v. Rice
**Case Number:**      2:03-cv-00786-PKC-AYS
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**ORDER denying [148] Plaintiff's motion for pre-motion conference and finding as moot [149] Defendant's motion for extension of time:**

**The Court DENIES Plaintiff's motion for a pre-motion conference [148] regarding his proposed motion for a permanent injunction as procedurally improper; indeed, the time to have made this argument would have been on summary judgment, which Plaintiff did not seek. In any event, Plaintiff cannot prevail on a motion for a permanent injunction because he has not established the irreparable injury necessary for the issuance of a permanent injunction.** *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156-57 (2010) (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (plaintiff seeking permanent injunction must establish four factors: "(1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.) Indeed, whether Plaintiff will suffer irreparable injury, i.e., the deprivation of his Second Amendment right to bear arms, from the County's enforcement of the nunchaku ban is the issue to be decided at trial. In reality what Plaintiff is seeking is a grant of immunity for any testimony he might give implicating himself in the illegal possession of nunchaku. That grant, however, must come from the County's prosecutors, not the Court. *Andover Data Servs., a Div. of Players Computer, Inc. v. Statistical Tabulating Corp.*, 876 F.2d 1080, 1084 (2d Cir. 1989) ("a trial court generally has no authority to grant immunity to a witness[;]... the power to grant such immunity lies solely within the discretion of the Executive branch."); *In re Corrugated Container Antitrust Litigation*, 644 F.2d 70, 78 n.13 (2d Cir. 1981) ("courts cannot confer immunity upon a witness on their own initiative"). The Court notes that even if Plaintiff chooses to testify about his experiences with nunchaku, he could selectively invoke his Fifth Amendment privilege as to questions that might expose him to arrest or criminal prosecution, e.g., where the statute of limitations has not yet run, and the Court, as the fact finder, would be permitted, for what it is worth, to infer that Plaintiff possessed nunchaku in violation of the State law ban. *See Bank of America, N.A. v. Fischer*, 927 F. Supp. 2d 15, 27 (E.D.N.Y. 2013) ("a party in a civil proceeding has the right to assert the privilege against self-incrimination" but "[a] court may drawn an adverse inference against a party who asserts his Fifth Amendment privilege in a civil matter, because the invocation of the privilege results in a disadvantage to opposing parties by keeping them from obtaining information they could otherwise get.") (case citations omitted).**

**Having denied the Plaintiff's motion, the Court denies, as moot, the Defendant's request for an extension of time to respond to Plaintiff's motion.**

**Ordered by Judge Pamela K. Chen on 8/3/2015. (Chiang, May)**

**2:03-cv-00786-PKC-AYS Notice has been electronically mailed to:**

Dorothy O. Nese         dorothy.nese@ag.ny.gov

Liora M. Ben-Sorek      lben-sorek@nassaucountyny.gov, ncao@nassaucountyny.gov

James M. Maloney        maritimelaw@nyu.edu

Tatum J. Fox            tfox@pdcn.org

David Adam Tauster      dtauster@kdvlaw.com