<table>
<tr><td>ADMITTED TO PRACTICE IN:<br>NEW YORK; NEW JERSEY;<br>UNITED STATES SUPREME COURT;<br>U.S. COURTS OF APPEALS FOR THE<br>SECOND AND THIRD CIRCUITS;<br>U.S. DISTRICT COURTS FOR THE<br>EASTERN DISTRICT OF TEXAS,<br>DISTRICT OF NEW JERSEY,<br>NORTHERN DISTRICT OF FLORIDA,<br>NORTHERN DISTRICT OF ILLINOIS,<br>DISTRICT OF CONNECTICUT, AND<br>NORTHERN, SOUTHERN & EASTERN<br>DISTRICTS OF NEW YORK; U.S.<br>COURT OF INTERNATIONAL TRADE;<br>U.S. COURT OF FEDERAL CLAIMS.</td><td align="center">**JAMES M. MALONEY**<br>ATTORNEY AT LAW<br>PROCTOR IN ADMIRALTY<br><br>P.O. BOX 551<br>33 BAYVIEW AVENUE<br>PORT WASHINGTON, NY 11050</td><td>TEL: (516) 767-1395<br>FAX: (516) 767-1326<br><br>E-MAIL ADDRESS:<br>**maritimelaw@nyu.edu**</td></tr>
</table>

August 24, 2015

The Honorable Pamela K. Chen
United States District Judge
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Maloney v. Singas*, CV-03-0786
**Filed via ECF**

Dear Judge Chen:

    I am the *pro se* plaintiff in this matter, and must respectfully bring to the Court's attention the following: As of today, 13 days after the Court entered the text order (copy attached as Appendix hereto) finding as moot my letter motion (ECF Document 150) to remove Tatum J. Fox, Esq., of the Nassau County Police Department from the Notice of Electronic Filing ("NEF") distribution (also known as "bounces") on this case, **such NEF distribution continues**.

    In my reply (ECF Document 152) I pointed out: (a) that such distribution was continuing even after the County made its request to the ECF Support Clerk (which was the basis for the Court's finding my motion moot); and (b) that the response from the ECF Support Clerk to my identical request was that the attorneys themselves must make that request, *see id.* at footnote 1 (citing ECF Document 150-1 (exhibit to my letter motion showing the response to my request)).

    Given the above, I am today filing this explanatory letter, together with all the papers required on a motion for reconsideration. I am mindful of the requirements imposed by Local Civil Rule 6.3, and am thus "between a sword and a wall."[1] I consider this matter of continuing NEF distribution with corresponding "free looks" (i.e., PACER fee exemption) by a federal court to police personnel in the current context to be both serious and significant.

                                                                               Respectfully,

                                                                               /s/
                                                                          James M. Maloney

---

[1] This metaphor, used more widely in Spanish than in English, is roughly the equivalent of "between a rock and a hard place," and is believed to derive from the Biblical passage found in the Book of Numbers at Chapter 22, verses 23-24. Here, the metaphor seems particularly appropriate, because the "sword" that is jabbing repeatedly is the NEF distribution sought to be stopped, while the "wall" is Rule 6.3's 14-day limitation that would, if I were to disregard it, render a late request for reconsideration procedurally improper.