UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JAMES M. MALONEY,

                Plaintiff,

        - against -                        **MEMORANDUM & ORDER**
                                                          03-CV-786 (PKC) (AYS)

MADELINE SINGAS, in her official capacity
as Acting District Attorney of Nassau County,

                Defendant.
-------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

        By letters dated April 4, 2016 and April 8, 2016,[1] (Dkts. 162, 163), Plaintiff requests an opportunity to file "an additional summary judgment motion" in light of the United States Supreme Court's recent decision in *Caetano v. Massachusetts*, No. 14-10078, 577 U.S. __ (2016). The Court construes Plaintiff's request as a motion for reconsideration of the Court's May 22, 2015 summary judgment order (Dkt. 146 ("May 22 Order")) based on an "intervening change of controlling law." *See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (setting forth three grounds for reconsideration). The Court has reviewed Plaintiff's letter as well as the *Caetano* decision and finds no basis for reconsideration of its May 22 Order.

        *Caetano* involved a challenge to a Massachusetts law prohibiting the private possession of stun guns. In a two-page *per curiam* opinion, the United States Supreme Court ("Supreme Court") rejected the three bases on which the Supreme Judicial Court of Massachusetts found that the Second Amendment did not extend to stun guns: (1) stun guns "were not in common use at the time of the Second Amendment's enactment"; (2) stun guns are "dangerous per se at

---

[1] These letters appear to the Court to be identical.

common law and unusual" because they are "a thoroughly modern invention"; and (3) there was "nothing in the record to suggest that [stun guns] are readily adaptable to use in the military." *Caetano*, slip op. at 1-2.  The Supreme Court rejected the first and second reasons -- which it found to be the same reason -- as "inconsistent with *Heller*'s clear statement that the Second Amendment 'extends . . . to . . . arms . . . that were not in existence at the time of the founding.'" *Id.* at 1 (citing *District of Columbia v. Heller*, 554 U.S. 570, 582 (2008)).  The Court found that the third reason was similarly inconsistent with *Heller*, which "rejected the proposition 'that only those weapons useful in warfare are protected.'"  *Id.* at 2 (citing *Heller*, 554 U.S. at 624-25).

This Court, however, based no part of its May 22 Order on the any of the grounds rejected by the Supreme Court in *Caetano*.  Rather, this Court found that, in this case, there remain disputed issues of fact to be resolved at trial about whether nunchaku are "commonly used for lawful purposes."  *See Heller*, 554 U.S. at 625 (Second Amendment "does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes"); May 22 Order at 11-16 (collecting cases interpreting this standard).  The *Caetano* opinion offers no further guidance on how the "commonly used for lawful purposes" standard is to be interpreted or how a plaintiff may meet that standard as an evidentiary matter -- the two key issues in the instant case.  Accordingly, the Court DENIES Plaintiff's request for reconsideration.  This case is proceeding to trial, and the parties shall file their joint pretrial order by June 20, 2016, as previously directed by the Court.  (*See* 1/19/16 Scheduling Order.)

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  April 15, 2016
       Brooklyn, New York