ADMITTED TO PRACTICE IN:
NEW YORK; NEW JERSEY;
UNITED STATES SUPREME COURT;
U.S. COURTS OF APPEALS FOR THE
SECOND AND THIRD CIRCUITS;
U.S. DISTRICT COURTS FOR THE
EASTERN DISTRICT OF TEXAS,
DISTRICT OF NEW JERSEY,
NORTHERN DISTRICT OF FLORIDA,
NORTHERN DISTRICT OF ILLINOIS,
DISTRICT OF CONNECTICUT, AND
NORTHERN, SOUTHERN & EASTERN
DISTRICTS OF NEW YORK; U.S.
COURT OF INTERNATIONAL TRADE;
U.S. COURT OF FEDERAL CLAIMS.

# JAMES M. MALONEY
ATTORNEY AT LAW
PROCTOR IN ADMIRALTY

P.O. BOX 551
33 BAYVIEW AVENUE
PORT WASHINGTON, NY 11050

TEL: (516) 767-1395
FAX: (516) 767-1326

E-MAIL ADDRESS:
maritimelaw@nyu.edu

April 26, 2016

The Honorable Pamela K. Chen
United States District Judge, E.D.N.Y.                                          **Via ECF**

Re:   *Maloney v. Singas*, CV-03-0786
      Motion to extend joint pretrial order deadline pending settlement evaluation

Dear Judge Chen:

I am the *pro se* plaintiff in the above-captioned matter.  Opposing counsel, Liora Ben-Sorek, Esq., has reviewed this letter and agreed that it accurately represents both the facts as stated and the defendant's position.

Two weeks ago today, on April 12, 2016, I made a formal written offer of settlement to the County Attorney's Office.  As to the declaratory judgment action that remains before this Court, such settlement would mean that the action would be discontinued and the *status quo* as to the constitutionality of the challenged statute would remain as it was before the action was commenced.  Importantly, the settlement would also waive my potential appeal from the now-disposed § 1983 due-process claim as against former District Attorney Rice, and indeed my letter of April 12 focused almost entirely on the putative basis for that appeal, which, I believe, derives largely from a ruling made in 2010.  For evaluative purposes, my letter was accompanied by a transcript that I recently obtained of the relevant proceeding.  However, it did not demand an immediate response and indeed was expressly understood to await Your Honor's decision regarding my request to revisit summary judgment in light of *Caetano*, a decision that has now been rendered.

Ms. Ben-Sorek informed me today that my offer will soon be referred to her supervisor, who is currently out of the office.  Further, following discussions and email exchanges with me today, she has requested that in order to facilitate evaluation I present further details justifying "why [I] feel that the number . . . is appropriate."

      I fully intend to satisfy that request in writing this week.  Given the time needed for evaluation by the County and the distinct possibility that I may, after 13 years of effort without tangible reward or remuneration, recoup some value rather than expend further resources in costly litigation, I am respectfully requesting of the Court at this time that the deadline for the joint pretrial order be extended 60 days, from June 20, 2016, to August 19, 2016, to allow, among other things, more time for evaluation and discussion of settlement.  The County Attorney's Office takes the position that it neither opposes nor joins this request.

                                                                                            Respectfully,

                                                                                                /s          

                                                                            James M. Maloney