UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JAMES M. MALONEY,

                  Plaintiff,

        - against -

MADELINE SINGAS, in her official capacity
as Acting District Attorney of Nassau County,

                  Defendant.
-------------------------------------------------------x

<u>NOT FOR PUBLICATION</u>

**<u>MEMORANDUM & ORDER</u>**
03-CV-786 (PKC)

PAMELA K. CHEN, United States District Judge:

       Plaintiff James M. Maloney, an attorney and martial arts practitioner, filed this action in

2003, seeking a declaration that New York's ban on the possession of chuka sticks or nunchakus

is unconstitutional.[1]  Though the Honorable Arthur D. Spatt dismissed Maloney's constitutional

claims in 2007, and was affirmed on appeal in 2010, the United States Supreme Court vacated the

judgment and remanded the case later that year for further consideration in light of its decision in

*McDonald v. City of Chicago*, 561 U.S. 742 (2010).  *See Maloney v. Rice*, 561 U.S. 1040 (2010).

Following remand and the completion of discovery, both Plaintiff and Defendant moved for

summary judgment.  (Dkt. Nos. 131–141.)

       On May 22, 2015, the Court dismissed two of Maloney's three claims, leaving only his

Second Amendment challenge to the statute, as to which the Court denied both parties' summary

---

[1] Under New York law, possession of chukka sticks constitutes a class A misdemeanor. *See* N.Y. Penal Law § 265.01 ("A person is guilty of criminal possession of a weapon in the fourth degree when: (1) He or she possesses any . . . chuka stick . . . ."); *id*. at § 265.00(14) (defining chuka stick "as a weapon, consisting of two or more lengths of a rigid material joined together by a thong, rope or chain in such a manner as to allow free movement of a portion of the device while held in the hand and capable of being rotated in such a manner as to inflict serious injury upon a person by striking or choking").  Chuka Sticks are also known as nunchakus.  The Court shall refer to chukka sticks and nunchakus interchangeably.

judgment motions.  (Dkt. No. 146 at 2.)  In analyzing Maloney's Second Amendment claim, the Court held that the relevant factors were whether "chuka sticks are 'in common use' for 'lawful purposes' and thus eligible for protection under the Second Amendment."  (*Id*. at 17 (citing *District of Columbia v. Heller*, 554 U.S. 570, 624 (2008).)  The Court also held that an "intermediate" level of scrutiny applies to Second Amendment challenges.  (*Id*. at 16.)

A bench trial was held between January 9 and 12, 2017.  At the conclusion of the trial, a post-trial briefing was set for the submission of Proposed Findings of Fact and Conclusions of Law.  The parties filed their submissions between March 2, 2017, and March 14, 2017.  (Dkt. Nos. 184–187.)

A review of the trial record and the parties' post-trial submissions reveals that both parties (1) are  unaware of the Second Circuit's leading case on Second Amendment challenges, *New York State Rifle & Pistol Ass'n, Inc. v. Cuomo* ("*NYSRPA*"), 804 F.3d 242, 254 (2d Cir. 2015), which was decided after the Court's summary judgment ruling, but before trial; (2) mistakenly believe that *Plaintiff*  has the burden of proving that the challenged New York statute regulates conduct protected by the Second Amendment, *i.e.*, proving that nunchakus are "in common use" and "typically possessed by law-abiding citizens for lawful purposes"; and (3) failed to address the appropriate level of constitutional scrutiny, let alone analyze or argue that the challenged statute does or does not survive constitutional scrutiny.  Given what appears to be the parties' current failure to understand the relevant legal standards that apply to Plaintiff's Second Amendment claim, especially regarding which party bears the burden of proof, the Court can only assume that the parties were similarly operating under the same misconceptions at trial.

A.      **Neither Party's Proposed Findings Of Fact And Conclusions Of Law Address Governing Second Circuit Law On Second Amendment Challenges**

In *NYSRPA*, 804 F.3d at 254, the Second Circuit laid out the two-step analysis for determining the constitutionality of firearm restrictions:

> First, we consider whether the restriction burdens conduct protected by the Second Amendment. If the challenged restriction does not implicate conduct within the scope of the Second Amendment, our analysis ends and the legislation stands. Otherwise, we move to the second step of our inquiry, in which we must determine and apply the appropriate level of scrutiny.

*Id.*

With respect to step one, a court determines whether the Second Amendment applies by determining whether the weapon at issue is "(1) 'in common use' and (2) 'typically possessed by law-abiding citizens for lawful purposes.'"[2] *Id.* at 254–55. Significantly, in *NYSRPA*, the Second Circuit explained that:

> *Heller* emphasizes that the "Second Amendment extends, prima facie, to all instruments that constitute bearable arms." *Heller*, 554 U.S. at 582, 128 S.Ct. 2783. In other words, it identifies a presumption in favor of Second Amendment protection, which the *State* bears the *initial* burden of rebutting.

*Id.* at 257 n.73 (emphasis added). Based on this interpretation of *Heller*, the *NYSRPA* panel found that "[b]ecause the State . . . has failed to make any argument that [a non-semiautomatic pump-action rifle] is dangerous, unusual, or otherwise not within the ambit of Second Amendment

---

[2] When this Court denied the parties' summary judgment motions on May 22, 2015, the Second Circuit had not yet decided *NYSRPA*. Thus, the Court's analysis adopted the three-part inquiry framework articulated by the Western District of New York in *New York State Rifle & Pistol Ass'n, Inc. v. Cuomo*, 990 F. Supp. 2d 349, 362–63 (W.D.N.Y. 2013). The Court noted that the threshold question was whether nunchakus are "in common use" *and* whether their "common use [is] a lawful one." *Maloney v. Singas*, 106 F. Supp. 3d 300, 310 (E.D.N.Y. 2015). While the specific language used by this Court to articulate the threshold question is somewhat different from the test articulated by the Second Circuit in *NYSRPA*, the Court finds the difference is not substantive. Nonetheless, going forward, the parties should use the precise legal framework and terminology used by the Second Circuit in *NYSRPA*.

protection, the presumption that the Amendment applies remains unrebutted."[3]  *Id.*  In discussing the State's initial burden of rebutting the presumption in step one, the Second Circuit cited *Ezell v. City of Chicago*, 651 F.3d 684, 702–03 (7th Cir. 2011), which stated, "if the *government* can establish that a challenged firearms law regulates activity falling outside the scope of the Second Amendment . . . then the analysis can stop there . . . ."  *Id.* (emphasis added).[4]

Here, the parties do not dispute that nunchakus constitute a "bearable arm," *Heller*, 554 U.S. at 582.  Thus, in keeping with the Second Circuit's reading of *Heller*, a presumption in favor of Second Amendment protection applies, and the government, *i.e.*, Nassau County, has the burden of producing evidence that nunchakus are *not* "in common use" or *not* "typically possessed by law-abiding citizens for lawful purposes."  *See NYSRPA*, 804 F.3d at 257 n.73; Fed. R. Evid. 301 ("In a civil case, unless a federal statute or these rules provide otherwise, the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption.").

---

[3] The Court interprets the panel's use of the term "dangerous" to be a proxy for not "typically possessed by law-abiding citizens for lawful purposes," *Heller*, 554 U.S. at 624.

[4] The Second Circuit's recognition of a rebuttable presumption that the State bears the initial burden of rebutting is consistent with the approaches of the Third, Sixth, and Seventh Circuits.  *See United States v. Marzzarella*, 614 F.3d 85, 99 (3rd Cir. 2010) ("[A] court presumes the law [violates the Second Amendment], and the government bears the burden of rebutting that presumption." (emphasis added)); *United States v. Greeno*, 679 F.3d 510, 518 (6th Cir. 2012) ("If the Government demonstrates that the challenged statute 'regulates activity falling outside the scope of the Second Amendment right . . . then the analysis can stop there . . . . If the government cannot establish this . . . then there must be a second inquiry into the strength of the government's justification for restricting or regulating the exercise of Second Amendment rights.'" (emphasis added) (quoting *Ezell*)); *Ezell v. City of Chicago*, 651 F.3d 684, 702–03 (7th Cir. 2011).  *See also Tyler v. Hillsdale Cnty. Sheriff's Dept.*, 837 F.3d 678, 686 (6th Cir. 2016) ("[U]nless the conduct at issue is categorically unprotected, the government bears the burden of justifying the constitutionality of the law under a heightened form of scrutiny." (emphasis added)).

**B.     There Is Insufficient Evidence For The Court To Issue A Declaratory Judgment**

      1.    <u>Defendant Has Failed To Meet Its Burden Of Production With Respect To Rebutting The Presumption In Favor Of Second Amendment Protection</u>

The parties' failure to recognize and address *NYSRPA* has resulted in Defendant's failure to meet its burden of production to rebut the presumption that the Second Amendment applies.  In other words, Defendant has defaulted by failing to present evidence that nunchakus are *not* "in common use" or *not* "typically possessed by law-abiding citizens for lawful purposes."  Instead, Defendant has argued that *Plaintiff's* evidence is insufficient to meet *his* burden of establishing that nunchakus are "commonly used."  Under *NYSPRA*, this is not enough.  "Of course, as in all civil cases, the ultimate risk of non-persuasion must remain squarely on the plaintiff in accordance with established principles governing civil trials," *Harris v. O'Hare*, 770 F.3d 224, 234 n.3 (2d Cir. 2014) (citations and internal quotation marks omitted).  Here, however, because of the Second Amendment right at issue, Defendant must meet its initial burden of presenting evidence to rebut the presumption that the Second Amendment covers nunchakus.  *See NYSPRA*, 804 F.3d at 257 n.73; Fed. R. Evid. 301.

Even assuming *arguendo* that the rules of evidence are abandoned and Defendant was allowed to utilize evidence submitted by Plaintiff, Defendant cannot succeed in rebutting the presumption.  The evidence Plaintiff relied on, in his attempt to establish that nunchakus are commonly used for legal purposes, consists of manufacturing and sales data of nunchakus by Asian World of Martial Arts, Inc. ("AWMA")—a small closely held family-operated company—and a martial arts teacher's testimony estimating the number of martial arts studios that teach nunchakus. (*See* Dkt. No. 182, Tr. 355:5 (Testimony of AWMA's representative); Dkt. No. 181, Tr. 282:13–283:2 (Testimony of Chris Pellitteri).)  The manufacturing and sales data introduced by Plaintiff

cannot be used by Defendant to demonstrate that nunchakus are *not* in common use because there is no evidence that AWMA's manufacturing and sales data reliably encompasses the majority of, let alone all of, the nunchakus used or possessed in the United States.  In other words, there is no evidence that other nunchakus manufacturers or sellers do not exist.  Thus, even if the manufacturing and sales statistics Plaintiff submitted could be considered "low," based on some specified standard, at most the Court can conclude that Plaintiff failed to show that they *are* in common use.  Such data, however, does not support the finding that nunchakus are *not* in common use, as there could be other companies that manufacture and sell nunchakus.

2.      Neither Party Has Addressed The Level Of Scrutiny To Be Applied

Neither party has provided the Court with any relevant evidence, nor made any argument, regarding the level of scrutiny that should be applied in determining whether the nunchakus ban, N.Y. Penal Law § 265.01, passes constitutional muster.  *See NYSRPA*, 804 F.3d at 254 (noting that where challenged restriction implicates conduct within Second Amendment's scope, court "must determine and apply the appropriate level of scrutiny").  Given the likelihood that the Court will have to assume that N.Y. Penal Law § 265.01 falls within the scope of the Second Amendment,[5] the parties will be required to address the appropriate level of scrutiny in the supplemental briefing discussed below.

Notwithstanding Defendant's failure to properly defend its case, given the principles of equity, comity, and federalism, the Court declines to grant declaratory judgment in Plaintiff's favor based on the current record and without allowing Defendant an opportunity to supplement the

---

[5] *See NYSRPA*, 804 F.3d at 254 ("In the absence of clearer guidance from the Supreme Court or stronger evidence in the record . . . [we] assume for the sake of argument that these 'commonly used' weapons and magazines are also 'typically possessed by law-abiding citizens for lawful purposes.'").

record.  The Court, therefore, directs the parties to supplement the record with additional briefing and evidence to address the issues and deficiencies identified in this Memorandum & Order.  *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (noting that "district courts have the inherent authority to manage their dockets and courtrooms" and finding that a district court properly rescinded a discharge order to recall a jury); *id.* ("[T]he exercise of an inherent power must be a 'reasonable response to the problems and needs' confronting the court's fair administration of justice."); *see also Halper v. Browning, King & Co.*, 325 F.2d 644, 645 (D.C. Cir. 1963) (per curiam) (holding that the district court should open judgment and receive additional testimony where "the case was tried under misapprehension by the parties as to their respective burdens of proof").

By August 18, 2017, Defendant shall indicate, in writing, whether it intends to offer additional evidence to rebut the presumption in favor of Second Amendment protection.  If Defendant indicates an intention to offer additional evidence, the Court will set a conference to discuss scheduling with respect to the discovery and presentation of any additional evidence.  If the Defendant indicates that it does not so intend, it shall file, by September 22, 2017, a supplemental brief discussing the issues raised in this Memorandum & Order, including, but not limited to: (1) the application of *NYSRPA* to the instant Second Amendment challenge; (2) evidence that rebuts the presumption in favor of Second Amendment protection, *i.e.* evidence that nunchakus are either *not* "in common use" or *not* "typically possessed by law-abiding citizens for lawful purposes"; (3) the level of scrutiny applicable to this case; and (4) whether the nunchakus ban, N.Y. Penal Law § 265.01, survives constitutional muster, including all evidence supporting Defendant's position on this issue.  By October 22, 2017, Plaintiff shall submit a brief in response.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 23, 2017
      Brooklyn, New York