

| LAURA CURRAN | JARED A. KASSCHAU |
|---|---|
| County Executive | County Attorney |

# COUNTY OF NASSAU
## OFFICE OF THE COUNTY ATTORNEY

November 12, 2018

**Via ECF**

Hon. Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Maloney v. Singas
                CV-03-0786 (PKC) (AYS)

Dear Judge Chen:

      This office represents Nassau County District Attorney Madeline Singas, the defendant in the above-referenced action. The within is submitted pursuant to the Court's Memorandum & Order dated October 1, 2018 (DE 210) (the "10/1/18 Order") to answer the question in the affirmative that Defendant has met her burden of proof.

      "In *Heller,* the Supreme Court held that "the Second Amendment protects only those weapons in common use by its citizens for lawful purposes like self-defense." *People v. Buchholz*, 53 Misc. 3d 563, 566, 39 N.Y.S.3d 684, 686 (N.Y.Crim.Ct. 2016) (*quoting New York State Rifle and Pistol Assn., Inc. v. Cuomo,* 804 F.3d 242, 254 (2d Cir.2015)).

      Notwithstanding the clear language of *New York States Rifle & Pistol Ass'n, Inc. v. Cuomo*, 804, F.3d 242, 257 n.73 (2d Cir. 2015) ("NYSRPA") which the Court quoted in its July 23 2017 Order ("in keeping with the Second Circuit's reading of [*District of Columbia v. Heller*, 554 U.S. 570 (2008)], a presumption in favor of Second Amendment protection applies, and the government, *i.e.*, Nassau County has the burden of producing evidence that nunchakus are not 'in common use' or not 'typically possessed by law-abiding citizens for lawful purposes"), the 10/1/18 Order amended the legal analysis to eliminate any need to deal with commonality.

      After exploring the law on Second Amendment, which the Court pointed out is mainly outside of the Second Circuit and much of which is "opaque and contradictory" (*Id*.), the Court interprets that "common use" is no longer part of the equation, notwithstanding its use in *Heller*, *NYSRPA*, and their progeny. The newest standard sets forth that "the only relevant inquiry is whether the weapon at issue is typically possessed for a lawful purpose" (10/1/18 Order, DE 210 at p.2).

      Thus, following a Bench Trial in which both parties relied upon a burden of proof which the Court pointed out was mistaken, and submission of supplemental trial briefs which the Court

generously permitted after correcting the parties as to the appropriate burden of proof in accordance with *NYSRPA*, the Court has now iterated a refined standard of proof and invited the parties to submit letters addressing whether Defendant has met the refined standard "that nunchakus are 'not typically possessed by law-abiding citizens for lawful purposes'" in the prior submissions (10/1/18 Order, DE 210 at p. 5). Notably, the Defendant was not given an opportunity to submit a brief in accordance with the Court's revised standard of proof but, rather, given a limited opportunity to opine whether the evidence previously submitted has met the newly-defined legal standard.

Defendant respectfully contends that the newly-refined standard – that "Defendant must show that the 'typical possession' of nunchakus is for an unlawful purpose" (10/1/18 Order, DE 210 at p. 5) -- places Defendant in an untenable position because there is no question that nunchaku are martial arts weapons. Since in the abstract there is no legal prohibition against practicing martial arts, by the Court's refined legal standard, it may appear (though Defendant does not concede) that nunchaku would be entitled to Second Amendment protection. But that is an over-simplified approach to Second Amendment jurisprudence. Using that same analysis, any object typically possessed for a lawful purpose would be constitutionally protected. Examples may include a spring-gun which would automatically shoot an intruder when a door or window opens, since the legitimate intent is home protection; or possessing mace, defense-spray or a stun gun for self-defense.

Obviously, spring-guns and carrying/using mace or stun guns are not constitutionally-protected activities. Hence, Defendant's contention that the specific use, or intended use, of the item be examined. More particularly, the distinction between nunchaku as a martial arts training device, and nunchaku as a weapon. There is no evidence demonstrating that nunchaku is possessed as a weapon of offense or defense.[1] Rather, other than Plaintiff's self-serving testimony, the only use of nunchaku presented at trial was for purposes agility or fun (twirling). Plaintiff's witness Pelletieri acknowledged that nunchaku is not useful for defensive purposes. Both of those purposes – agility and twirling – can be accomplished with other instruments, even the "toy" nunchaku.

Plaintiff seeks a declaration that simple, in-home possession of nunchaku is protected under the Second Amendment. Are nunchakus typically possessed for the lawful purpose of self-defense/home defense? No. And, Plaintiff's witnesses Pelletieri and Orcutt said as much. Are nunchakus typically possessed for the lawful purpose of martial arts training in one's home? There is no evidence of nunchakus are typically possessed for at-home martial arts training. It is respectfully submitted that the Defendant has proved as much. Should the Court expand the inquiry beyond "in-home possession"? Defendants respectfully submit that that would exceed the relief requested by the Plaintiff.

On the question of the appropriate level of constitutional scrutiny, Defendant respectfully suggests that the Second Circuit analyzed the Legislative history and intent of Penal Law 265.01 as it pertains to nunchaku and determined that a rational basis exists for Penal Law 265.01 *See* 554 F.3d 56 (2d Cir. 2009). Though vacated by the Supreme Court and remanded, the Circuit's analysis should ear precedential value.

---

[1] The testimony of Sgt. Kevin Orcutt as to the use of nunchaku by police officers is irrelevant to the analysis in this case because PL 265.01 does not prohibit possession of nunchaku by law enforcement officers. Also, by definition the term "law-abiding *citizens*" excludes members of law enforcement or the military.

By reason of the foregoing, Defendant submits that she has met the burden of proof in this action.

Respectfully submitted,

*Liora M. Ben-Sorek*
Liora M. Ben-Sorek
Deputy County Attorney

cc:    James M. Maloney, Esq. (Via ECF)